1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

In re University of San Diego
Tuition and Fees COVID-19
Refund Litigation

Case No.:  20-cv-1946-LAB-WVG

12

**ORDER ON MOTION FOR
RECONSIDERATION**

13
14

This document relates to:
All Actions

[ECF No. 156]

15
16
17
18

Pending before the Court is Plaintiffs' Notice of Motion and Ex Parte Motion to

19

Reconsider the Court's May 23 Order Striking the Supplemental Expert Report and

20

Awarding Costs. ("Motion for Reconsideration", ECF No. 156. [1]) Defendant University of

21

San Diego ("Defendant") timely filed its opposition to Plaintiffs' Motion for

22

Reconsideration. (ECF No. 163.) Having reviewed and considered the Parties' moving

23

papers, the Court DENIES Plaintiffs' Motion for Reconsideration.

24

/ / /

25

/ / /

26
27
28

[1] All citations to electronically filed documents in this Order refer to the pagination
assigned by the CM/ECF system.

## I.   PROCEDURAL HISTORY

On April 24, 2023, the Parties jointly contacted Judge Gallo's Chambers to raise a discovery dispute pertaining to Plaintiffs' disclosed expert's, Gareth Macartney, Ph.D. ("Dr. Macartney"), April 20, 2023 expert report. (*See* ECF No. 117, 119, 144.) Defendant contended that Dr. Macartney's April 20, 2023 expert report was improper and untimely served in light of the Court's February 6, 2023 deadline for the exchange of expert reports. (*Id.*) Plaintiffs contended that Dr. Macartney's April 20, 2023 expert report was a supplement to Dr. Macartney's February 6, 2023 initial expert report ("February 6, 2023 report"). (*Id.*) That day, the Court ordered the Parties to lodge directly to Judge Gallo's chambers copies of the expert reports in dispute and documentation to support each party's position, no later than April 26, 2023. (ECF No. 119.) On April 26, 2023, Plaintiffs timely lodged sixteen documents, including Dr. Macartney's February 6, 2023 initial report, Dr. Macartney's February 20, 2023 rebuttal report, Dr. Macartney's April 20, 2023 report. (ECF No. 119.) Defendant timely lodged six documents. (*Id.*)

On April 27, 2023, the Parties deposed Dr. Macartney and Defendant sought permission to lodge directly to Judge Gallo's Chambers a copy of Dr. Macartney's certified expedited deposition transcript as soon as it was made available. (ECF No. 119.) The Court granted this request and on May 2, 2023, Defendant lodged directly to Judge Gallo's Chambers excerpts of Dr. Macartney's certified expedited deposition transcript. (*Id.*)

On May 5, 2023, the Court convened a Video Discovery Conference. (ECF No. 117, 119, 137.) Michael Tompkins and Yvette Golan appeared for Plaintiffs.  (ECF No. 119, 137.) Zachary Foster and Joseph Poehlmann appeared for Defendant. (*Id.*) During the Video Discovery Conference, Defendant requested the Court strike Plaintiffs' expert's third expert report and award sanctions, pursuant to Federal Rule of Civil Procedure 37, for attorney's fees incurred in seeking this relief. (May 5, 2023 Video Discovery Conference Transcript ("Disc. Conf. Tr."), ECF No. 137 at 4:5-12.) The Court then subsequently ordered the Parties to file all documents previously lodged directly to Judge Gallo's chambers, related to this dispute, no later than May 10, 2023. (ECF No. 119.)

On May 10, 2023, the Parties timely filed all documents previously lodged directly to Judge Gallo's chambers related to this dispute. (ECF No. 127, 128, 130, 131, 134, 135.)

On May 23, 2023, the Court issued an order (1) Granting Defendant's Motion to Strike Plaintiffs' Expert Witness's Third Expert Report; (2) Granting Defendant's Request for Sanctions; (3) Setting Deadline for Submission of Costs. ("May 22, 2023 Order", ECF No. 144.) The May 23, 2023 Order found Dr. Macartney's April 20, 2023 expert report impermissibly exceeded the scope of supplementation under Rule 26(e) because it was (1) an entirely new report and (2) relied upon information available at the time of his February 6, 2023 report. (ECF No. 144.) The May 23, 2023 Order also found Dr. Macartney's April 20, 2023 expert report to be unjustified and not harmless. (*Id.*) The May 23, 2023 Order granted Defendant's request for sanctions and ordered Dr. Macartney's April 20, 2023 expert report to be stricken, excluded from the record, and precluded from use at trial for any reason. (*Id.* at 13-15.)

On May 25, 2023, Defendant filed a Notice of Filing Fee Application Pursuant to Order at Docket 144, submitting its billing records for attorney's fees and costs pursuant to the Court's May 23, 2023 Order. (ECF No. 147.)

On May 30, 2023, Plaintiffs filed this instant Motion for Reconsideration. ("Pl.'s Mtn.", ECF No. 156.) On June 2, 2023, Defendant timely filed its Response in Opposition to Plaintiffs' Motion for Reconsideration. ("Opposition", ECF No. 163.)

## II. LEGAL STANDARD

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." *Soares v. Paramo*, Case No.: 3:13-cv-02971-BTM-RBB, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016). Courts permit motions for reconsideration to be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *Schertzer v. Bank of Am., N.A.*, No. 19CV264-JM (MSB), 2021 WL 5860748, at *1 (S.D. Cal. June 30, 2021) (citing to *Victorino v. FCA US LLC*, Case No.: 16-cv-01617-GPC-JLB, 2017 WL 4557193, at *1 (S.D. Cal. Oct. 12, 2017)).

/ / /

Civil Local Rule 7.1(i)(1) also provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts . . . " S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Motions for reconsideration may be brought within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ.L.R. 7.1(i)(2).

A motion for reconsideration is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *see also Hupp v. San Diego Cnty.*, Civil No. 12cv0492 GPC (RBB), 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014) (providing that a court can construe a motion for reconsideration as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b)).

Here, even though Plaintiffs' Motion for Reconsideration was filed within twenty-eight days of the Court's May 23, 2023 Order, the order Plaintiffs challenge is neither a final judgment nor has judgment been entered against Plaintiffs. Plaintiffs' Motion for Reconsideration also does not fall within the purview of Civil Local Rule 7.2. Accordingly, the Court construes Plaintiffs' Motion for Reconsideration to be brought under Federal Rules of Civil Procedure 60(b) ("Rule 60(b)").

Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

"[A] motion for reconsideration is not a chance at a second bite." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369 (Fed. Cir. 2014) (quoting *Senza–Gel Corp. v. Seiffhart*, 803 F.2d 661, 663–64 (Fed. Cir. 1986)). Motions for reconsideration are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *Victorino v. FCA US LLC*, No. 16-CV-01617-GPC-JLB, 2017 WL 4557193, at *2 (S.D. Cal. Oct. 12, 2017) (citing to *School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through-rightly or wrongly." *Hupp v. San Diego Cnty.*, No. 12cv0492, 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014) (citing to *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)) (internal quotation omitted).

## III.   DISCUSSION

### a.   <u>Reconsideration Under Rule 60(b)</u>

Plaintiffs have not satisfied the requirements of Rule 60(b) justifying relief from the Court's May 23, 2023 Order. The May 23, 2023 Order sustained Defendant's objections to Plaintiffs' expert's third report and struck the report from the record and use at trial because (1) the expert report impermissibly exceeded the scope of supplementation under Federal Rule of Civil Procedure 26(e) since it was an entirely new report, (2) relied upon information available by the initial expert report disclosure deadline, and (3) was prejudicial to Defendant. (ECF No. 144.) In addition to their argument that Plaintiffs were precluded from providing the Court with briefing, Plaintiffs now present three main arguments for reconsideration of the May 23, 2023 Order. (*Id.*)

First, Plaintiffs argue reconsideration is appropriate because the Court erroneously determined that Plaintiffs had defined the purported class before it was finalized in March 2023. (Pl.'s Mtn. at 3-7.) Second, Plaintiffs argue the April 20, 2023 report was not a new

report because it is "an eleven paragraph blow-by-blow of Dr. Macartney putting into a calculator the data he identified in his February Reports." (Pl.'s Mtn. at 7:18-21.)  Third, Plaintiffs argue the May 23, 2023 Order is prejudicial because Plaintiffs were not afforded the opportunity to file briefing and Defendant now seeks to capitalize on the Court's erroneous rulings in support of Defendant's Motion to Supplement Briefing in Opposition to Plaintiffs' Motion for Class Certification. (Pl.'s Mtn. at 10:11-20.) The Court addresses each argument in turn.

### b.  Rule 60(b)(2)

Plaintiffs' first and second arguments fail under Rule 60(b)(2). Rule 60(b)(2) allows a court to relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a Rule 60(b)(2) motion the movant must show the evidence (1) existed at the time of the judgment or order, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990); *Sundby v. Marquee Funding Grp., Inc.,* No. 19-CV-00390-GPC-AHG, 2021 WL 5396228, at *2 (S.D. Cal. Nov. 18, 2021) (quoting *Mitchell v. City of Pittsburg*, 2011 WL 3877081, at *3 (N.D. Cal. Sept. 2, 2011).

"Newly discovered evidence" is that which existed at the time of the judgment or order but was not discoverable with reasonable diligence. *Fantasyland Video, Inc. v. County of San Diego,* 505 F.3d 996, 1005 (9th Cir.2007); *see also Navajo Nation v. Confederated Tribes of Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003). "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of [dismissal] or could have been discovered with reasonable diligence." *Dole v. Dehaven*, 210 F.3d 382 (9th Cir. 2000)  (finding that district court did not abuse discretion in denying reconsideration because the evidence plaintiff submitted was based on facts he had knowledge of since the beginning of the litigation and failed to

show both injury and circumstances beyond his control prevented timely action to protect his interests) (citing to *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (referencing 11 Wright & Miller § 2859 (1973) ("Under both rules [59 and 60], if [the evidence] was in the possession of the party before the judgment was rendered it is not newly discovered ...")).

### i.   Plaintiffs' First Argument

Here, the Court does not find Plaintiffs' first argument to raise any new facts or evidence pursuant to Rule 60(b)(2). Plaintiffs put forth evidence that, according to Plaintiffs, demonstrates the class definition was not finalized until late March 2023. (Pl.'s Mtn. at 3-7.) Plaintiffs argue the Court's May 23, 2023 Order erroneously focused on one of three outstanding issues related to class certification at the time of Dr. Macartney's initial report, but the class definition was not finalized until March 28, 2023 because Plaintiffs had yet to decide whether to (1) seek to represent "all students," (2) limit the class to Spring 2020 semester attendees, and (3) limit the class to "on-site" students. (*Id.* at 3.) Plaintiffs argue the change in the class definition between February 2023 and March 2023 was not resolved until additional discovery including interrogatories, supplemental responses to discovery, and depositions of Defendant's employees were finalized. (*Id.* at 4-7.) Specifically, Plaintiffs argued they needed three things before Dr. Macartney's expert report could be completed: (1) additional deposition testimony which occurred after February 20, 2023; (2) Defendant's responses to Interrogatory No. 24 and 26; and (3) Defendant's response to Request for Production No. 71. (Pl.'s Mtn. at 4:10-21.) The Interrogatories and RFPs were not served by Plaintiffs on Defendant until February 11, 2023, five days after the expert report cutoff. *Id.*

These factual contentions center on the argument that this additional discovery was not in Plaintiffs' possession before the February 6, 2023 deadline. This does not rise to the standard of "new evidence" under Rule 60(b)(2). While Plaintiffs' Motion for Reconsideration provides these facts in greater detail, the basis of each fact was previously proffered to the Court when Plaintiffs lodged and then filed their sixteen documents, as

well as during the May 5, 2023 Discovery Conference. *See* "Plaintiffs' Timeline of Relevant Discovery Deadlines and list of produced documents", ECF No. 131, at 2, 7-8; ECF No. 135; May 5, 2023 Disc. Con. Tr. at ECF No. 137. At the May 5, 2023 Discovery Conference, Plaintiffs' counsel argued that Plaintiffs did not have testimony on the proper data sources, or the Pultz deposition with confirmed market comparators, and consequently discovery was not completed nor was the class definition settled before the February 6, 2023 deadline. (May 5, 2023 Disc. Conf. Tr. at 10:15-11:12.) Plaintiffs Motion for Reconsideration quoted its own counsel addressing these very same issues and facts at the May 5, 2023 Discovery Conference. (Pl.'s Mtn. at 3; *see also* May 5, 2023 Disc. Conf. Tr. at 33:16-24.) Plaintiffs' rehashing of their factual arguments previously raised is not proper grounds for reconsideration. *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 899 (9th Cir.2001) (setting forth grounds for relief under Rule 60(b) and explaining that a district court does not abuse its discretion by denying a Rule 60(b) motion where movant merely reargues issues raised previously).

Next, Plaintiffs' first argument fails to demonstrate why the evidence now provided in Plaintiffs' Motion for Reconsideration could not have been obtained with reasonable diligence before the dispute was raised on April 24, 2023, oral arguments were held on May 5, 2023, or the Court's May 23, 2023 Order was issued. As addressed above, the standard under Rule 60(b)(2) requires the party to demonstrate why the evidence could not have been discovered by exercising reasonable diligence before the judgment. Fed. R. Civ. P. 60(b)(2).

As analyzed by the Court above, the facts and "new evidence" Plaintiffs purport to provide the Court all have been previously raised. Further, Plaintiffs failed to demonstrate their diligence in obtaining such "new evidence" before the February 6, 2023 expert report deadline. Absent in Plaintiffs' Motion for Reconsideration is any explanation as to why Plaintiffs could not have obtained the deposition testimony and discovery responses they allegedly needed before the February 6, 2023 expert report deadline. Instead, the Motion for Reconsideration argues Plaintiffs needed additional deposition testimony which did not

occur until February 20, 2023. (Pl.'s Mtn. at 4:10-21, 5-6.) Nor do Plaintiffs explain why they delayed serving Defendant with Interrogatory Nos. 22, 24, 26, 27, 31 and Request for Production No. 71 until February 11, 2023. *Id.* Despite having long known of the Court's February 6, 2023 deadline for expert disclosures, Plaintiffs delayed this discovery until after the February 6, 2023 deadline. Even if the delay were warranted, Plaintiffs provide no explanation or basis to illustrate why conducting such discovery after the February 6, 2023 deadline demonstrated diligence. The Court also notes that despite the alleged importance of such discovery, at no time during the course of this case did Plaintiffs inform or notify the Court of any delays or issues with obtaining such discovery. Nor did Plaintiffs seek from the Court any sort of extension of the February 6, 2023 deadline in order to ensure their expert obtained this information in advance of the expert report deadline.

Moreover, the Court also does not find Plaintiffs' arguments that the outstanding depositions and discovery responses were of such magnitude that production before February 6, 2023 would have changed Plaintiffs' class definition and thus the outcome of the Court's May 23, 2023 Order. The record does not support Plaintiffs' representations that the class definition was reliant upon further discovery in the form of depositions, Defendant's responses to Interrogatory No. 21, 22, 24, 26, 27 and 31 and Defendant's response to Request for Production No. 71. Once again, Plaintiffs raised these same factual contentions at the May 5, 2023 Discovery Conference. (May 5, 2023 Disc. Conf. Tr. at 10:15-24; 10:25-11:3; 11:3-12; 13:4-20; 14:3-5; 15:8-16:20; 42:7-17; 43:18-44:9.) With respect to depositions, Plaintiffs' Motion for Reconsiderations fails to provide any details or even identify the names of deponents whom Plaintiffs represent were "[p]art of the solution" "concerning how to treat students enrolled in an online program who registered for an in-person course, students enrolled in an in-person program who registered only for online courses, students enrolled in programs abroad, and similar program-specific issues." (Pl.'s Mtn. at 4.) Not only did Plaintiffs fail to identify the depositions or deponents, but Plaintiffs also failed to specify the information provided by post February 6, 2023 deponents and how the information led to the finalized class definition.

The record also does not support Plaintiffs' contentions that Plaintiffs required Defendant's responses to Interrogatory No. 22, 24, 26, 27 and 31 and Defendant's response to Request for Production No. 71 to define the purported class. Plaintiffs represent that at the end of March 2023 and upon receipt of Defendant's responses to Plaintiffs' second set of discovery requests, Plaintiffs determined that the proper definition must require registration in an "on-site" course, thus excluding students in study abroad programs and helped identity the specific Fall 2020 students who may be class members. (Pl.'s Mtn. at 5 and 6.) However, it is unclear to the Court how Interrogatories No. 26, 27, and 31 actually impacted this determination based upon Defendant's representations that each of its responses to Interrogatories No. 26, 27, and 31 were objected to with no substantive response provided. (Opposition at 9.) With respect to Interrogatory No. 22, the Court is also skeptical as to whether this substantially impacted the class definition. On one hand, Plaintiffs assert this response helped identify potential Fall 2020 students as class members but the preceding sentence of Plaintiffs' Motion for Reconsideration also states the relatively small number of Fall students prompted their exclusion from the Belaire-West Notice process. (Pl.'s Mtn. at 5.) Further, it appears Defendant already provided the information responsive to Interrogatory No. 22 which was relied upon in Dr. Macartney's February 6, 2023 report. *See* ECF No. 128, Exhibit 4, Exhibit B p. 6, referencing USD_016712. Finally, no explanation is provided to clarify how Defendant's response to Interrogatory No. 24 (services or opportunities covered by university fees) and Request for Production No. 71 (Defendant's Teach Out Policy) affected Plaintiffs' class definition. The record does not support Plaintiffs' arguments that these discovery responses were of such magnitude that the production of Defendant's responses before February 6, 2023 would have changed Plaintiffs' class definition and thus the outcome of the Court's May 23, 2023 Order.

Based upon the foregoing, Plaintiffs' first argument fails to present any new evidence which with reasonable diligence, could not have been discovered before the February 6, 2023 expert report deadline or May 23, 2023 Order, and are of such magnitude

to change the basis of the Court's May 23, 2023 Order. Accordingly, as to this argument reconsideration is not warranted.

### ii.   Plaintiffs' Second Argument

Plaintiffs' second argument also fails to present any new evidence pursuant to Rule 60(b)(2) to modify the Court's analysis that Dr. Macartney's April 20, 2023 report was not a supplement and instead an entirely new report. Plaintiffs' Motion for Reconsideration argues the April 20, 2023 report is "an eleven paragraph blow-by-blow of Dr. Macartney putting into a calculator the data he identified in his February Reports." (Pl.'s Mtn.. at 7:18-21.) Plaintiffs made this very same argument during the May 5, 2023 Discovery Conference. (May 5, 2023 Disc. Conf. Tr. at 38:18-23.) In their Motion for Reconsideration and at the May 5, 2023 Discovery Conference, Plaintiffs argued that the April 20, 2023 report "[was] simply plugging in the math based on the class definition, the confirmation of where this data source comes from, confirmation by witnesses about the market alternatives, what [] schools they compare to." (Pl.'s Mtn. at 7:18-21; May 5, 2023 Disc. Conf. Tr. at 10:5-9.)

Plaintiffs' second argument also seemingly contradicts their first argument that the class definition was required for Dr. Macartney's damages analysis. As Defendant pointedly argues, by Plaintiffs' own logic, the status of the class definition should not have prevented Dr. Macartney from conducting his damages analysis if the April 20, 2023 report simply entails Dr. Macartney "plugging in the math". If the hedonic regression analysis calculations are as formulaic as Plaintiffs contend in its Motion for Reconsideration, a step-by-step process which Dr. Macartney was detailing in his April 20, 2023 report, then Plaintiffs' class definition should have been a mere variable in which Dr. Macartney could plug into his damages formula. Following this logic, Plaintiffs' expert could have conducted this analysis for his February 6, 2023 report with the broadest class available at the time (e.g. the class defined in Plaintiffs' Complaint) and if the class definition subsequently changed and was further narrowed and defined as Plaintiffs have claimed, then at that point Dr. Macartney's damages calculation could be adjusted and narrowed.

20-cv-1946-LAB-WVG

Had Dr. Macartney, in the February 6, 2023 report, chosen to opine on the damages using the broadest class definition and then refined it based on the subsequent and developing class definition sizes, perhaps the Court would have viewed the April 20, 2023 report as a true supplement.

Plaintiffs' arguments that the class was not defined until Plaintiffs submitted their class certification motions on March 28, 2023 is further contradicted by the record. As the Court noted in its May 23, 2023 Order, Dr. Macartney testified he and his team began the damages analysis before that date on March 8 or March 14, 2023. (ECF No. 144 at 9.) Given that Dr. Macartney and his team started the damages analysis before Plaintiffs determined their final class definition, this fact in of itself belies Plaintiffs' representations that Dr. Macartney could not begin working on the model until the class was definitively finalized.

Plaintiffs characterize the April report as describing spreadsheets and contend the Court erroneously interpreted the report as electing one methodology over the other. (Pl.'s Mtn. at 8-9.) The Court takes issue with these characterizations. If the April 20, 2023 report truly were describing spreadsheets, then Plaintiffs representations that this report could not be conducted until the class definition is finalized fails. As the Court's May 23, 2023 Order identified, the underlying IPEDS data and spreadsheets that Dr. Macartney relies upon in his April 20, 2023 report, and Plaintiffs' now lay out in their Motion for Reconsideration, were all available to Dr. Macartney well before the Court's February 6, 2023 deadline. (ECF No. 144 at 9-10, finding that Defendant produced evidence that the documents Bates stamped USD_016712, USD_016718, USD_017225, USD_017226, and USD_028885 were all produced by Defendant on January 16, 2023 and January 30, 2023 – before the February 6, 2023 initial report deadline and well before April 20, 2023.)

Plaintiffs also contend the Court's May 23, 2023 Order was erroneous by interpreting the April 20, 2023 report as a new report because "[] Dr. Macartney's April Report does not select one methodology 'over' the other." (Pl.'s Mtn. at 8:26-9:5.) Plaintiffs argue "Nowhere does he opine that it is preferable to use the hedonic regression

model, and nowhere does he imply that the conjoint analysis is not a valid methodology to calculate damages. Instead, his April Report simply completes the hedonic regression calculations that he identified in his February reports." (Pl.'s Mtn. at 8:26-9:9.) The Court's review of Dr. Macartney's deposition testimony and April 20, 2023 report does not support this contention. The April 20, 2023 report itself states: "I have been asked by Plaintiffs' counsel to implement one of these methods and estimate Class-wide damages." (ECF No. 128, Exhibit 1, at 1.) Dr. Macartney's deposition testimony also undercuts Plaintiffs' representations.

> Q: I understand that you did not conduct a Hedonic regression analysis in your February 6th report; correct? We've already talked about that. You identified that you could but you didn't do it; correct, sir?
>
> A: Yes. I did a full analysis of the record and academic articles to satisfy myself that it would be appropriate in this case, but I did not execute it, no.

(Macartney Dep. Tr. at 122:1-9.)

When asked whether his April 20, 2023 report selected one methodology over the other, Dr. Macartney testified in the affirmative:

> Q: All right. So page 1, it's your introduction, paragraph 1, you state that the two potential methods I described, speaking about your earlier reports, are the Hedonic regression method and the conjoint survey method. I have been asked by plaintiff's counsel to implement one of these methods and estimate class-wide damages. I do so in this supplemental report using the Hedonic regression method. **My question, Dr. Macartney, is, you chose Hedonic regression rather than a conjoint survey; correct?**
>
> A: **Yes.**

(Macartney Dep. Tr. at 126:1-12) (emphasis added.)

Dr. Macartney's subsequent response to Defendant's next question further confirms that one methodology was selected over the other:

> Q: Why?
>
> A: Well, partly it was because when I started looking into the information that was -- I went through the whole process I just described, that was the

20-cv-1946-LAB-WVG

information that was easily and readily available in a timely fashion. That was certainly part of the -- part of the motivation with respect to producing the supplemental report started, as we discussed earlier, halfway through March and then submitted just a month later on April 20th. So -- so that was an aspect of it. And also because partly it's a -- certainly a reliable method to conduct the analysis in this case. And I think it is reliable if I need to go with respect to the conjoint survey method and go through all of the work to go out and actually survey people and the rest of it. **So I chose the Hedonic method for those reasons.**

(Macartney Dep. Tr. at 126:13-127:4) (emphasis added.)

This contention also contradicts Plaintiffs' representations made at the May 5, 2023 Discovery Conference, during which Plaintiffs' counsel stated Defendant's experts, in generating their own reports, did not need to anticipate that Dr. Macartney was going to rely upon one method over the other because "Dr. Macartney said that damages would be based upon a hedonic regression analysis, a conjoint analysis can also be a helpful cross-check, essentially." (May 5, 2023 Disc. Conf. Tr. At 35:10-24.)

Plaintiffs second argument reiterates the same facts and contentions raised at the May 5, 2023 Discovery Conference, contradicts their own representations at the May 5, 2023 Discovery Conference, and fails to augment or provide the Court with new evidence that Dr. Macartney's April 20, 2023 report was in fact a supplement rather than a new report. The record does not demonstrate nor support reconsideration based upon Plaintiffs' second argument.

Neither of Plaintiffs' first nor second arguments warrant reconsideration under Rule 60(b)(2).

### c.  Rule 60(b)(6)

Finally, Rule 60(b)(6)'s catch-all provision is unavailable to Plaintiffs. This rule "has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) quoting *United States v. Alpine Land &*

*Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*, 448 F.2d 729, 730 (9th Cir. 1971) ("60(b) motions are addressed to the sound discretion of the district court.") "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

### i. Plaintiffs' Third Argument

Plaintiffs' third argument, that the Court's May 23, 2023 Order is prejudicial as Plaintiffs were not afforded the opportunity to file briefing and Defendant now seeks to capitalize on the Court's erroneous rulings in support of Defendant's Motion to Supplement Briefing in Opposition to Plaintiffs' Motion for Class Certification, does not satisfy the standard under Rule 60(b)(6).

To begin, Plaintiffs argue reconsideration is appropriate because Plaintiffs were never given an opportunity to submit briefing in opposition to Defendant's motion to strike Plaintiffs' expert's report and award sanctions. (Pl.'s Mtn. at 2.) Plaintiffs argue the Court's utilization of the informal discovery dispute process and failure to allow briefing denied Plaintiffs the opportunity to: (1) provide a record demonstrating Plaintiffs' internal decision-making regarding their class definition, (2) explain how Dr. Macartney's April 20, 2023 report was based upon information not available at the time of his initial report, and (3) provide the Court with relevant facts because Defendant's motion could not be decided by only looking at the expert reports, Dr. Macartney's deposition testimony, document productions, and emails lodged directly to the Court. (*Id.* at 2-3.) Plaintiffs also argue the absence of briefing has prejudiced Plaintiffs, subsequently propelling Defendant's *ex parte* motion to supplement its opposition to class certification based on adequacy of class counsel. (*Id.* at 2.)

To support this position, Plaintiffs only cited to one case twice, *In re EasySaver Rewards Litig*., 8 No. 09-CV-2094-AJB WVG, 2011 WL 3859442, at *1 (S.D. Cal. Sept. 1, 2011). In *In re EasySaver Rewards Litig.* this Court reconsidered its own order in light of its prior decision to only allow five pages of briefing and noted that in *that case* the Court would require full briefing of all future written discovery disputes. Although *In re EasySaver Rewards Litig*. was also a case involving a purported class action, that is where the similarities with this case end. *In re EasySaver Rewards Litig*. is further distinguishable and inapplicable to this case due to the difference in the underlying discovery dispute. The discovery dispute underlying *In re EasySaver Rewards Litig.* pertained to whether plaintiff's Requests for Productions directed to and seeking information from a defendant not named in a particular claim had bearing on Plaintiffs' ability to certify a class against that same defendant. (*Id.* at *2.) In short, the Court's initial analysis and subsequent reconsideration focused on the relevancy of the discovery sought. *Id.* The discovery dispute underlying the Court's May 23, 2023 Order and this motion for reconsideration are entirely dissimilar.

Plaintiffs failed to provide any other support or citation to demonstrate that reconsideration is appropriate due to an absence of briefing. *See* Pl.'s Mtn. at 1-13. Courts have not adopted a blanket rule that an absence of briefing warrants reconsideration and the Court does not find the lack of briefing in this instance to warrant reconsideration. *See In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,* 966 F. Supp. 2d 1031, 1039–40 (C.D. Cal. 2013)(denying reconsideration motion on the basis that parties were afforded ample opportunities to address the issues despite the absence of briefing); *Jian Wu v. Ean Holdings, LLC*, No. 5:13-CV-00188-PSG, 2014 WL 117338, at *4 (N.D. Cal. Jan. 10, 2014) (noting that plaintiff had opportunity to distinguish case cited by defendant for the first time in defendant's reply brief through oral argument despite the absence of the opportunity to brief any opposition on this point); *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371–72 (Fed. Cir. 2017); *In re Parcel Consultants, Inc.*, 58 F. App'x 946, 950–51 (3d Cir. 2003). For instance, in *In re*

*Countrywide*, the court declined to find merit in plaintiffs' arguments that reconsideration was appropriate on the ground that an issue of preemption was somehow unanticipated or unaddressed in formal briefing. *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,* 966 F. Supp. 2d at 1039–40. Despite the absence of briefing on this issue, the Court provided the parties ample opportunities to address this issue as (1) prior to the motion hearing the court instructed the parties to prepare and specifically address whether the legislative history of 12 U.S.C. § 1821(d)(14) and its applicable statutes would affect the court's ruling, (2) the parties thoroughly argued these issues at a hearing, and (3) at no point either prior to, during, or after the hearing did plaintiffs request an opportunity to file supplemental briefing on the issue of preemption, nor did they request a continuance of the hearing to further prepare for oral arguments. *Id.*

Here, the record similarly demonstrates that despite the lack of briefing Plaintiffs had sufficient opportunity to (1) provide a record of Plaintiffs' internal decision-making regarding their class definition, (2) explain how Dr. Macartney's April 20, 2023 report was based upon information not available at the time of his initial report, and (3) provide the Court with relevant facts. In advance of any discovery conference or hearing, the Court allowed the Parties the opportunity to provide Dr. Macartney's three reports as well as "Deposition testimony the parties purport to support their position regarding Mr. Mcartney's [sic] third expert report" and "Document productions or emails the parties purport to support their position regarding Mr. Mcartney's [sic] third expert report". (ECF No. 117, 119, 137, 163-1 at 18.) The Court did not set any limitations as to the number of documents or pages the Parties could submit. See ECF No. 163-1 at 18. Plaintiffs submitted sixteen documents to support their position. (ECF No. 131.) Plaintiffs did not submit Interrogatory Nos. 22, 24, 26, 27, 31; Request for Production No. 71; Rule 30(b)(6) Deposition Notice Topic 3; February 3-6, 2023 Emails; or February 17, 2023 Emails. Instead, Plaintiffs submitted these documents for the first time with Plaintiffs' Motion for Reconsideration. (*See* ECF No, 156-1, Exhibit B-F.) During the May 5, 2023 Discovery Conference, an hour long hearing, the parties were also equally afforded the opportunity to

raise any arguments and relevant facts to the Court's attention and make its record for its position. Plaintiffs' fail to demonstrate why the facts raised by counsel in their Motion for Reconsideration could not have been raised before the Court at the May 5, 2023 Discovery Conference. Although Plaintiffs' argue that the Court failed to provide an opportunity for briefing because the Court ordered the Parties to lodge the expert reports, deposition testimony, document productions, and emails and then subsequently "forbade" them from including any briefing or new document after the May 5, 2023 Discovery Conference (Pl.'s Mtn. at 2:12-18), Plaintiffs also never requested an additional opportunity to submit briefing (*see* ECF No. 267) nor did they request additional time to prepare for the May 5, 2023 Discovery Conference.

Finally, with respect to Plaintiffs' contention they have been prejudiced as Defendant now seeks to capitalize on the Court's erroneous rulings and use the report as "ammunition" for Defendant's challenge to Plaintiffs' counsel's adequacy is speculation at best. The Court's docket demonstrates that as of the date of this Order, Defendant's Supplemental Briefing Regarding Adequacy of Representation (ECF No. 162), Defendant's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 125), and Plaintiffs' Motion for Class Certification (ECF No. 116) are all still pending before the district court. Plaintiffs' Motion to Set Aside this Court's May 23, 2023 Order is also still pending before the district court. (ECF No. 165.) Plaintiffs' third argument fails to demonstrate relief is warranted under Rule 60(b)(6).

## IV.    CONCLUSION

Based upon the foregoing, the Court DENIES Plaintiffs' Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED: June 30, 2023

Hon. William V. Gallo
United States Magistrate Judge

20-cv-1946-LAB-WVG