1
2
3
4
5
6
7
8

### UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

11  HALEY MARTINEZ, et al.,

12                                        Plaintiffs,

13  v.

14  UNIVERSITY OF SAN DIEGO,

15                                        Defendant.

| | |
|---|---|
| Case No.:  3:20-cv-01946-RBM-VET | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' RULE 72 MOTION TO OVERTURN MAGISTRATE JUDGE GALLO'S MAY 23 ORDER STRIKING PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT**

**[Doc. 165]**

**<u>REDACTED</u>**

16
17
18
19
20

21      Before the Court is Matthew Sheridan, Catherine Holden, and Edgar Chavarria's

22  (collectively, the "Plaintiffs")[1] Rule 72 motion to overturn Magistrate Judge Gallo's May

23  23, 2023 Order striking Plaintiffs' supplemental expert report ("Motion").  (Doc. 165.)

24  Defendant University of San Diego ("Defendant") filed an opposition to Plaintiffs' Motion

25  ("Opposition").  (Doc. 178.)  Plaintiffs filed a reply brief ("Reply").  (Doc. 192.)

26
27
───────────────

28

[1] Haley Martinez was terminated as a named plaintiff on April 13, 2023.  (Doc. 113.)

1

In Plaintiffs' Motion, they seek an order overturning the magistrate judge's May 23, 2023 Order striking Plaintiffs' April 21, 2023 supplemental report by their expert Dr. Gareth Macartney ("April 2023 Report") and granting Defendant's request for sanctions. (Doc. 165 at 2; Doc. 165-1 at 5.)[2]  Plaintiffs argue that the magistrate judge made three findings that are clearly erroneous, including that: (1) the April 2023 Report was not a supplement under Federal Rule of Civil Procedure ("Rule") 26(e) because it was an entirely new report; (2) the April 2023 Report was not a supplement under Rule 26(e) because it relied on information available at the time of Dr. Macartney's initial expert report; and (3) disclosure of the April 2023 Report on April 21, 2023 was unjustified and prejudicial to Defendant.  (Doc. 165-1 at 6–16.)

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, Plaintiffs' Motion (Doc. 165) is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

### A. Relevant Procedural History[3]

On August 22, 2022, the magistrate judge issued the operative scheduling order ("Scheduling Order").  (Doc. 57.)  In relevant part, the magistrate judge set a deadline of February 6, 2023 for the parties to exchange initial expert reports.  (*Id.* at 2.)  Supplemental rebuttal expert reports were due on February 20, 2023.  (*Id.*)

On February 6, 2023, Plaintiffs timely served Defendant with an initial expert report by Plaintiffs' disclosed expert, Dr. Macartney ("February 6, 2023 Report" or "Initial Expert Report").  (Doc. 144 at 2.)  On February 20, 2023, Plaintiffs timely served Dr. Macartney's rebuttal expert report ("February 20, 2023 Report" or "Rebuttal Expert Report").  (*Id.*)  On April 21, 2023, Plaintiffs served upon Defendant Dr. Macartney's April 2023 Report.  (*Id.*)

---

[2] The Court cites the CM/ECF pagination unless otherwise noted.

[3] The relevant procedural history is taken from the magistrate judge's May 23, 2023 Order and other documents that Order references from the docket.  (Doc. 144.)

2

On April 24, 2023, the parties jointly contacted the magistrate judge's chambers to raise a discovery dispute pertaining to Dr. Macartney's April 2023 Report. (*Id.*) Defendant contended that Dr. Macartney's April 2023 Report was improper and untimely. (*Id.*) The magistrate judge ordered the parties to lodge directly to the magistrate judge's chambers copies of the expert reports in dispute and documentation to support each party's position by April 26, 2023. (Doc. 119 at 1.) The parties did so on April 26, 2023. (*Id.*)

On April 27, 2023, the parties deposed Dr. Macartney. (Doc. 144 at 3.) On May 2, 2023, Defendant lodged directly to the magistrate judge's chambers excerpts of Dr. Macartney's certified expedited deposition transcript. (*Id.*) On May 5, 2023, the Court convened a video discovery conference. (Doc. 137.) During the conference, Defendant requested the Court strike Dr. Macartney's April 2023 Report and award sanctions pursuant to Rule 37, for attorney's fees incurred in seeking relief. (*Id.* at 4:5–12.)

**B. The Magistrate Judge's May 23, 2023 Order on Motion to Strike and Sanctions**

    **i.   Plaintiffs' April 2023 Report Impermissibly Exceeds the Scope of Supplementation under Rule 26(e)**

The magistrate judge found that Dr. Macartney's April 2023 Report "exceeds the scope of supplementation under Rule 26(e) as it enriches Dr. Macartney's initial report and was based on information available at the time of his initial report." (Doc. 144 at 5.) Specifically, the magistrate judge found that the April 2023 Report "solely focuses on calculations for a hedonic regression analysis related to class damages" while Dr. Macartney's Initial Expert Report identified two methodologies (hedonic regression and conjoint survey) but "did not develop or provide specific calculations for either methodology[ ] in that report, even though [Dr. Macartney] could have." (Doc. 144 at 7.) The magistrate judge pointed out that Dr. Macartney's Rebuttal Expert Report lacked any indication that Dr. Macartney intended to use one methodology over another. (*Id.* at 8.)

The magistrate judge also relied on Dr. Macartney's deposition testimony, where he testified ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ (*Id.*; Doc. 127 (Ex. 7), Videotaped Deposition of Dr. Gareth Macartney ("Macartney Dep.") 93:14–94:12.)   The magistrate judge also explained that Dr. Macartney's ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████ (Doc. 144 at 9; Macartney Dep. 66:5–67:5, 69:12–71:8, 77:15–18.)   The magistrate judge concluded that Dr. Macartney's testimony "clearly demonstrates" that the April 2023 Report "was not created with a purpose to correct or modify" Dr. Macartney's Initial Expert Report but rather to provide an "entirely new opinion concerning the calculations for class damages." (Doc. 144 at 9.)

### ii.   Dr. Macartney's April 2023 Report Relies on Information Available at the Time of His Initial Expert Report

The magistrate judge concluded that Dr. Macartney's April 2023 Report relied upon information available at the time of his Initial Expert Report.   (Doc. 144 at 10.) Specifically, the magistrate judge reasoned that the Bates Stamped Documents relied upon by Dr. Macartney in his April 2023 Report were all either listed in the Initial Expert Report or produced by Defendant on January 16 and January 30, 2023—before the February 6, 2023 initial expert report deadline. (*Id.* (citing Doc. 134 at 19, 24–29, 38).)   The magistrate judge further reasoned that the Integrated Postsecondary Education Data System ("IPEDS") data for the 2019–2020 academic year that Dr. Macartney relied on in both reports was publicly available since December 2021.   (*Id.* (citing "IPEDS Access Database," https://nces.ed.gov/ipeds/use-the-data/download-access-database, last accessed January 17, 2024).)   The magistrate judge also pointed to Dr. Macartney's testimony that

██████████████████████████████████████████████████████████

████████████████████████████ (*Id.* at 11 (citing Macartney Dep. 91:18–25).)

The magistrate judge rejected Plaintiffs' argument that Dr. Macartney's calculations hinged on Stephen Pultz's deposition testimony regarding market comparators. (*Id.* at 11.)

He did so because Dr. Macartney testified that ███████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████ (*Id.* (citing Macartney Dep. 11:18–20, 12:4–11).)

The magistrate judge rejected Plaintiffs' argument that Dr. Macartney could not compute the hedonic regression calculations due to the lack of a defined class. (*Id.*) The magistrate judge reasoned that Plaintiffs had already established the scope of their putative class members as of February 1, 2023 when they filed their Motion for *Belaire-West* Notice of Putative Class Members, if not earlier, as the notice attached to that motion was previously provided to Defendant's counsel. (*Id.* at 12–13.) The magistrate judge rejected Plaintiffs' argument that Dr. Macartney's calculations were held up due to the *Belaire-West* Notice process because Dr. Macartney testified ████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ (*Id.* at 13)

(emphasis added.) Lastly, the magistrate judge reasoned that, even if Plaintiffs were to argue the class was not defined until February 8, 2023 when the Court issued its order approving the *Belaire-West* Notice, proper supplementation should have occurred well before April 20, 2023. (*Id.*) In particular, the February 20, 2023 Report states Dr. Macartney was informed by Plaintiffs' counsel that the defined class would be composed of Spring 2020 semester students. (*Id.*)

### iii.   Plaintiffs' Expert's April 2023 Report is Unjustified and Not Harmless

The magistrate judge rejected Plaintiffs' arguments that their untimely report was justifiable or harmless. (*Id.* at 13–15.) The magistrate judge pointed to the disparity in the amount of time Defendant had to prepare for Dr. Macartney's deposition following the April 2023 Report (four business days) compared to the amount of time Dr. Macartney spent preparing that report (approximately 400 hours). (*Id.* at 14.) The magistrate judge reasoned that, given expert discovery closed on May 10, 2023, Defendant "would only have two and half weeks to review, assess, and direct Defendant's own experts to generate a corresponding supplemental rebuttal report." (*Id.*) The magistrate judge refused to set

an additional rebuttal expert report deadline because it would impose "further unnecessary litigation costs and expense on Defendant, all to accommodate Plaintiffs' non-compliance." (*Id.* at 15.)

Accordingly, the magistrate judge granted Defendant's motion to strike the April 2023 Report and Defendant's request for sanctions. (*Id.*)

## C. The Magistrate Judge's Order on Motion for Reconsideration

The magistrate judge denied Plaintiffs' motion for reconsideration. (Doc. 176.) The magistrate judge found Plaintiffs' argument that the class definition was not finalized until late March 2023 failed to raise any new facts or evidence pursuant to Rule 60(b). (*Id.* at 7–8.) The magistrate judge reasoned that Plaintiffs failed to demonstrate why the evidence they provided could not have been obtained with reasonable diligence in the proceedings leading up to his May 23, 2023 Order and that all their "new evidence" was previously raised to the Court. (*Id.* at 8.) The magistrate judge reasoned that Plaintiffs failed to explain why they could not obtain the deposition testimony and discovery responses they needed prior to the February 6, 2023 expert report deadline. (*Id.* at 8–9.) The magistrate judge noted that Plaintiffs did not inform the Court of any delays or issues in obtaining discovery nor did they seek any extension of the February 6, 2023 expert report deadline. (*Id.* at 9.) The magistrate judge also did not find that the outstanding depositions and discovery responses "were of such magnitude that production before February 6, 2023 would have changed Plaintiffs' class definition." (*Id.* at 9–10.)

The magistrate judge found Plaintiffs' argument that the April 2023 Report was a supplement instead of an entirely new report failed to present any new evidence pursuant to Rule 60(b). (*Id.* at 11.) The magistrate judge noted that this argument seemed to contradict Plaintiffs' argument about the class definition because if the April 2023 Report were merely Dr. Macartney "plugging in the math," then Dr. Macartney could have run the hedonic regression analysis with the broadest class available for his Initial Expert Report and then later adjusted that analysis based on changes to the class definition. (*Id.* at 11–12.) The magistrate judge rejected Plaintiffs' argument that the class was not defined until

6

they submitted their class certification motion on March 28, 2023 as Dr. Macartney testified he began his damages analysis on either March 8 or March 14, 2023.  (*Id.* at 12.) The magistrate judge also found Dr. Macartney's Rebuttal Expert Report and deposition testimony undercut Plaintiffs' representation that the April 2023 Report did not select one methodology over another.  (*Id.* at 12–14 (citing Macartney Dep. 122:1–9, 126:1–127:4.).)

Lastly, the magistrate judge found Plaintiffs' argument that his May 23, 2023 Order was prejudicial failed to satisfy Rule 60(b)(6).  (*Id.* at 15.)  The magistrate judge rejected Plaintiffs' argument that an absence of briefing warrants reconsideration where Plaintiffs were provided a sufficient opportunity to provide relevant facts and to raise any arguments and relevant facts at the May 5, 2023 video discovery conference.  (*Id.* at 15–18.)[4]

## II.   LEGAL STANDARD

While not raised by the parties or the magistrate judge, this Court must *sua sponte* consider whether the May 23, 2023 Order concerns a dispositive or non-dispositive pretrial matter to determine the appropriate standard of review.  Applying Rule 72, 28 U.S.C. § 636(b)(1), and the Ninth Circuit's functional approach to determining whether a matter is dispositive, the Court determines that this matter is dispositive and therefore must be reviewed *de novo*.

### A. Rule 72

Under Rule 72(a), a party may serve and file objections to a magistrate judge's order concerning a pretrial matter not dispositive of a party's claim or defense and timely objections are considered under a "clearly erroneous or [] contrary to law" standard.  *Id.* Conversely, under Rule 72(b), when a magistrate judge considers a "pretrial matter dispositive of a claim or defense," the "magistrate judge must enter a recommended

---

[4] The magistrate judge also dismissed Plaintiffs' contention that Defendant seeks to capitalize on his May 23, 2023 Order to challenge Plaintiffs' counsel's adequacy as speculative at best as those matters were pending before the district court along with the instant Motion.  (*Id.* at 18.)

7

disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### B.  28 U.S.C. § 626(b)(1)

"[A] magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent."  *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022).  "The textual basis for the distinction between dispositive and non-dispositive motions is found in 28 U.S.C. § 636(b)(1)."  *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).  "Section 636(b)(1)(A) states that a magistrate judge may 'hear and determine any pretrial matter pending before the court except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.'"  *Id.*  "In turn, [Section] 636(b)(1)(B) provides that 'a judge may also designate a magistrate judge' to submit 'findings of fact and recommendations for the disposition' of any items expressly excepted from the magistrate's authority by [Section] 636(b)(1)(A)."  *Id.*  "The matters listed in 28 U.S.C. § 636(b)(1)(A) are dispositive while, *in general*, other matters are non-dispositive."  *Id.* (citing Fed. R. Civ. P. 72; 12 Charles Alan Wright et. al., Federal Practice & Procedure § 3068.2 (2d ed. 2015)) (emphasis in original).

"Though the list contained in 28 U.S.C. § 636(b)(1)(A) appears to be exhaustive ... the Supreme Court has identified some judicial functions as dispositive notwithstanding the fact that they do not appear in the list."  *Apple, Inc.*, 34 F.4th at 807 (quoting *Flam*, 788 F.3d at 1046).  To determine whether a motion is dispositive, the Ninth Circuit has "adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a

8

party." *Id.* (citation omitted).  "A decision that effectively denies 'the ultimate relief sought' by a party or disposes of 'any claims or defenses' is dispositive." *Id.* (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)); *see also United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068–69 (9th Cir. 2004) (finding magistrate judge's order authorizing involuntary medication of defendant dispositive of a claim or defense of a party and therefore not able to be fully delegated to a magistrate judge).

## C. Analysis

Under the Ninth Circuit's functional approach, and under the unusual circumstances of this case, the Court determines that the striking of Dr. Macartney's April 2023 Report containing Plaintiffs' only class-wide damages calculation was a pretrial matter dispositive of a claim or defense.  *See Yang v. Brown Univ.*, 149 F.R.D. 440, 442–43 (D.R.I. 1993) (finding magistrate judge's ruling precluding plaintiff's expert's testimony "crosse[d] the line from non-dispositive to dispositive decision-making" and treated that ruling as a recommendation subject to *de novo* review).  Under either an implied contract or unjust enrichment theory, Plaintiffs' claim cannot succeed if they cannot prove damages.  *See Green Valley Landowners Assn. v. City of Vallejo*, 241 Cal. App. 4th 425, 433 (2015) ("The essential elements of a claim of breach of contract, whether express or implied, are the contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and the resulting damages to the plaintiff."); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) ("An individual is required to make restitution if he or she is unjustly enriched *at the expense of another*.") (emphasis added).[5]  And in light of the magistrate judge's May 23, 2023 Order striking Dr. Macartney's April 2023 Report, Defendant argues Plaintiffs' claims must fail due to an inability to prove damages.  (*See* Doc. 151-1 at 20,

---

[5] The parties agree that Plaintiffs would need to prove damages to prove the required benefit to Defendant for unjust enrichment, even if they disagree over whether Plaintiffs need to prove Defendant benefitted financially overall from Defendant's pivot to remote education. (*See* Doc. 151-1 at 18–20; Doc. 183 at 24–27; Doc. 191 at 10.)

9

25; Doc. 174 ("Class Certification and Motion to Strike Declarations Hearing Tr.") 25:4–10, 47:9–51:20; Doc. 179 at 28–30, 33; Doc. 191 at 3, 8–10.)[6] Therefore, the Court reviews Plaintiffs' objections to the magistrate judge's May 23, 2023 Order *de novo*.[7]

Additionally, the Court concludes that the practical effect of the striking of Dr. Macartney's damages calculation would amount to the dismissal of Plaintiffs' implied contract or unjust enrichment claims for an inability to prove damages. Therefore, in assessing harmlessness, the Court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (internal citations omitted) (finding exclusion of attorney's fees invoices "in practical terms" amounted to dismissal of *Brandt* fees and punitive damages claims, which thus required the district court to consider whether noncompliance involved willfulness, fault, or bad faith); *see also Toyrrific, LLC v. Karapetian*, 606 F. App'x 365, 365–66 (9th Cir. 2015) (finding that district court erred in excluding damages evidence under Rule 37(c)(1) because it was fatal to plaintiff's breach of contract claim, requiring the district court to consider whether the noncompliance involved willfulness, fault or bad faith and the availability of lesser sanctions).[8]

---

[6] While Plaintiffs attempt to argue they can still prove damages without Dr. Macartney's damages calculation (*see* Doc. 183 at 18–19; Doc. 193 at 12; Class Certification and Motion to Strike Declarations Hearing Tr. 29:8–32:16), the Court seriously questions whether that is the case. The Court also questions whether Plaintiffs may pursue damages in the form of student wellness and course fees without their expert's calculation of the pro rata portion of those fees that students lost due to the mid-semester shift to remote learning and the change in the nature of the services provided associated with those fees.

[7] While the Court determines that Defendant's motion to strike Dr. Macartney's April 2023 Report raises a dispositive issue concerning proof of damages, the Court renders no opinion in this Order concerning whether Dr. Macartney's April 2023 Report raises a feasible damages model for class certification or an adequate method of calculation of damages on summary judgment.

[8] Subsequently, in *Toyrrific, LLC v. Karapetian*, the Ninth Circuit ruled the district court again erred in considering lesser sanctions without an "explicit discussion of alternative

### III. DISCUSSION

Under Rule 26(a)(2)(B), "if the witness is one retained or specially employed to provide expert testimony in the case," their disclosure "must be accompanied by a written report--prepared and signed by the witness" containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Rule 26(e)(1)(A), "[a] party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

"In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Ibekwe v. White*, Case No. CV 14-6523 DMG (JPRx), 2016 WL 6963051, at *4 (C.D. Cal. Feb. 23, 2016). "[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks and citations omitted). Supplementation does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to

_____

sanctions." 748 F. App'x 106, 107–08 (9th Cir. 2018) (quoting *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001)).

revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke v. Family Care and Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009); *see also Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983–84 (N.D. Cal. 2014) ("Although Rule 26(e) obliges a party to supplement or correct its disclosures upon information later acquired, this does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report ....") (quotation marks omitted).

Rule 37 "gives teeth" to the Rule 26(a) disclosure requirements. *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The sanction is "self-executing" and "automatic." *Yeti*, 259 F.3d at 1106. District courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1). *Id.* "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc.*, 673 F.3d at 1246 (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citation omitted).

Plaintiffs argue that the magistrate judge made three findings that are clearly erroneous, including that: (1) the April 2023 Report was not a supplement under Rule 26(e) because it was an entirely new report; (2) the April 2023 Report was not a supplement under Rule 26(e) because it relied on information available at the time of Dr. Macartney's Initial Expert Report; and (3) disclosure of the April 2023 Report on April 21, 2023 was

unjustified and prejudicial to Defendant.  (Doc. 165-1 at 6–16.)  The Court addresses each of these arguments below.

**A. New Report**

Plaintiffs argue that the magistrate judge's finding that the April 2023 Report was a new report as opposed to a supplemental report under Rule 26(e) was clearly erroneous because the April 2023 Report was "simply a description of Dr. Macartney putting into a calculator the data he identified in his February Reports."  (Doc. 165-1 at 8.)  Defendant responds that the Initial Expert Report only identified two potential methodologies, but it was not until the new April 2023 Report that Dr. Macartney selected one of those methodologies and calculated class-wide damages.  (Doc. 178 at 10–16.)

The Court has reviewed each of Dr. Macartney's three expert reports.  The Court concludes that Dr. Macartney's April 2023 Report is a new report, not a supplemental report under Rule 26(e).  The April 2023 Report states additional, new opinions to Dr. Macartney's February Reports, which go "beyond the scope of proper supplementation." *Plumley*, 836 F. Supp. 2d at 1062.  The report does not merely correct inaccuracies or fill minor gaps in Dr. Macartney's February Reports.  Rather, it pauses a moving target by finally selecting a methodology and supplying the necessary information for any proper critique of that methodology through the calculation of class-wide damages.

The February 6, 2023 Report identifies two potential methodologies for calculating class-wide damages—hedonic regression analysis and conjoint analysis.  (Doc. 182-7 (Ex. 19), "February 6, 2023 Report" ¶¶ 14–15, 55–69.)  However, neither the February 6 Report nor February 20, 2023 Report calculates class-wide damages or gives any indication of which methodology Dr. Macartney planned to use to do so.  (*See id.*; Doc. 182-8 (Ex. 20), "February 20, 2023 Report.")  This is because Plaintiffs' counsel only asked Dr. Macartney ███████████████████████████████████████████████████ ██████████  (*See* Macartney Dep. 93:14–94:12, 95:1–6, 122:1–9.)  The April 2023 Report is the first time that Dr. Macartney, at the instruction of Plaintiffs' counsel, selects and implements a methodology by calculating class-wide damages.  (*See* Doc. 182-6 (Ex.

18), "April 2023 Report" ¶¶ 1, 6–10.) Dr. Macartney selected a hedonic regression analysis instead of a conjoint analysis. (*See* Macartney Dep. 126:1–127:4.)

The April 2023 Report was not, as Plaintiffs describe, "simply a description of Dr. Macartney putting into a calculator the data he identified in his February Reports." (Doc. 165 at 7.) Unlike the February Reports, the April 2023 Report explains how Dr. Macartney calculated class-wide damages through a hedonic regression analysis and the results of his calculations, including results based on adjusted variables representing different pro-rata options for class-wide damages. (*See* April 2023 Report ¶¶ 4–10.) The February 6, 2023 Report only briefly explains the availability of IPEDS data for a hedonic regression analysis and provides an example of institutional characteristics for Defendant. (*See* February 6, 2023 Report ¶¶ 61–62). In contrast, the April 2023 Report provides a detailed description of the methodology Dr. Macartney used in conducting a hedonic regression analysis in reliance in part on IPEDS data. (*See* April 2023 Report ¶¶ 3–7.) The February 6, 2023 Report also mentions various variables that *could* be accounted for in a hedonic regression calculation (*see* February 6, 2023 Report ¶¶ 68), but the April 2023 Report selects and implements these variables as part of the class-wide damages calculation (*see* April 2023 Report ¶¶ 8–10).

Additionally, the fact that Dr. Macartney and his team spent approximately over 400 hours developing the April 2023 Report, over 10 times the amount of time spent to develop the February 6, 2023 Report, further supports that the April 2023 Report is not a proper supplement. (*See* Macartney Dep. 46:1–47:5; 234:7–235:4.)

Plaintiffs' reliance on *Plexxikon Inc. v. Novartis Pharms. Corp.*, Case No. 17-cv-04405-HSG, 2021 WL 2577536 (N.D. Cal. June 23, 2021) and *Wechsler v. Macke Int'l Trade, Inc.*, 221 F.R.D. 619 (C.D. Cal. 2004) are misplaced. In *Wechsler*, the district court did not appear to consider the pertinent question here of whether the expert's report in question was a supplemental or a new report. *See* 221 F.R.D. at 623. And in *Plexxikon*, the expert provided updated calculations in a new report that expanded the time period of

his original calculations, yet the district court still struck the report.  *See* 2021 WL 2577536, at *4–7.  Here, Dr. Macartney did not provide any calculations in his Initial Expert Report.

Plaintiffs' reliance on Rule 26(e)(1) to argue Dr. Macartney was required to supplement his report is also misplaced.  (*See* Doc. 192 at 2–3.)  Rule 26(e)(1) requires that a Rule 26(a) disclosure be supplemented or corrected "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Plaintiffs did not suddenly learn that Dr. Macartney's Initial Expert Report was incomplete or incorrect in some material respect because they only requested that the Initial Expert Report identify potential methodologies for calculating class-wide damages.

## B. Availability at the Time of Initial Disclosure

Plaintiffs argue that the magistrate judge clearly erred in finding Dr. Macartney had the necessary information to complete his damages calculations at the time of his Initial Expert Report because aspects of the class definition, including whether to include Fall 2020 semester and graduate students and to impose an on-site course requirement, were not resolved until late March 2023.  (Doc. 165 at 9–15.)  Defendant responds that Plaintiffs cannot dispute that all of the data Dr. Macartney relied on in his regression analysis was available at the time he authored his February 6, 2023 Report and Plaintiffs did not need a final class definition for Dr. Macartney to run his calculation on the broadest class available at the time.  (Doc. 178 at 17–21.)  Defendant responds that Plaintiffs had resolved their class definition by the time of the initial expert report deadline, but even if they had not and needed more discovery before Dr. Macartney could complete his analysis, they should have requested an extension of the expert disclosure deadlines.  (*Id.* at 21–26.)  Plaintiffs respond that the question is not, in hindsight, what discovery changed their class definition, but whether they were justified on February 6, 2023 in seeking discovery of factual issues relevant to that class definition, including when Fall 2020 semester students accepted their enrollment offers.  (Doc. 192 at 10–11.)

15

While the parties argue about whether Plaintiffs needed more information to finalize their class definition before the initial expert report deadline, this prong merely considers "whether the supplemental information was available at the time set for the initial disclosure." *Martinez*, 336 F.R.D. at 186–87.  It does not appear at this stage that Plaintiffs contest that all of the data Dr. Macartney relied on in his April 2023 Report was available at the time of his Initial Expert Report.  Rather, Plaintiffs argue that they were still refining their class definition in certain respects and seeking discovery relevant to the class definition after Dr. Macartney's Initial Expert Report that warranted delaying a calculation of damages.  The Court finds that all of the information Dr. Macartney relied on in his April 2023 Report was available at the time of his Initial Expert Report.  Accordingly, the Court construes the parties' arguments regarding the class definition to concern whether the late disclosure of the April 2023 Report was substantially justified and addresses those arguments below.

## C. Substantially Justified or Harmless

### i.   Substantially Justified

The Court first considers the parties' arguments above in the context of the substantial justification prong.

#### 1.  Fall 2020 Semester

There is some indication that Plaintiffs planned to proceed without Fall 2020 semester students in their class definition by February 6, 2023.  Plaintiffs' proposed *Belaire-West* Notice filed on February 1, 2023 only included Spring 2020 semester students, and they sent Defendant a draft notice three months prior limited to Spring 2020 semester students.  (*See* Doc. 92-1 at 1; Doc. 163-1 (Ex. 1) at 5–11.)  At the same time, Plaintiffs explain they could not identify the Fall 2020 semester students who accepted Defendant's offer of enrollment before Defendant's announcement that the Fall 2020 semester would be remote until they received a response to Interrogatory No. 22.  (Doc. 192 at 10–11.)  Defendant responds that Plaintiffs could have identified these students

based on data Defendant disclosed in January 2023 concerning what every Fall 2020 student paid, when, and what the payment related to. (Doc. 178 at 22–23.)

Interrogatory No. 22 was served on Defendant on February 11, 2023—12 days after Plaintiffs received Defendant's response to Plaintiffs' July 2022 discovery request. (Doc. 192 at 5.) Defendant did not provide the pertinent information responsive to Interrogatory No. 22, i.e., when Fall 2020 semester students accepted their offers of enrollment, until March 14, 2023. (*Id.* at 11.) Meanwhile, Plaintiffs decided not to include Fall 2020 semester students in the class definition and notified Defendant as much on February 17, 2023 (Doc. 156-8 at 2), three days before Dr. Macartney's Rebuttal Expert Report was due.

It appears to the Court that Plaintiffs had information sufficient to identify the Fall 2020 semester students who made *payments* related to enrollment for the Fall 2020 semester prior to Defendant's announcement that the Fall 2020 semester would be conducted remotely. While Plaintiffs may not have been able to identify all Fall 2020 semester students who *accepted* enrollment prior to Defendant's announcement, the Court questions why Plaintiffs would not include the former category of students, a subset of the latter, in their proposed *Belaire-West* Notice if they intended, at the time, to keep some Fall 2020 semester students in the class. However, on this record, the Court cannot definitively conclude that Plaintiffs had ruled out Fall 2020 semester students as of the initial expert report deadline on February 6, 2023.

## 2. Graduate Students

Plaintiffs have not provided the Court with sufficient information to determine whether they resolved the question of whether to include graduate students in the class definition as of the initial expert report deadline on February 6, 2023. While Plaintiffs contend they had not made this decision until they filed their motion for class certification on March 28, 2023 and even proposed graduate, law school and undergraduate subclasses in the alternative in that motion (Doc. 165 at 14), Dr. Macartney began working on the April 2023 Report prior to that motion on March 14, 2023 (*see* Macartney Dep. 66:5–67:5, 69:12–71:8, 77:15–18). Additionally, Defendant points out that Plaintiffs' Third Amended

17

Complaint included a class of all students who paid tuition or fees to attend USD when classes were online due to COVID-19 and Plaintiffs provided Dr. Macartney with this "working" class definition for his Initial Expert Report.  (*See* Doc. 30, "Third Amended Complaint" ¶ 87; February 6, 2023 Report at 5 n.15.)

### 3.  On-Site Class

The Court is not persuaded by Plaintiffs' argument that the class definition's on-site course requirement could have only been made in March 2023 after the conclusion of depositions and receipt of discovery responses to Interrogatory Nos. 24 and 26 and Request for Production No. 71.  While there is some indication in Dr. Macartney's February 20, 2023 Report that the class definition at that time still included study abroad students (*see* February 2023 Report ¶ 44), Plaintiffs fail to explain how responses to Interrogatory Nos. 24 and 26 or Request for Production No. 71 could have affected their class definition (*see* Doc. 165 at 11–12).  Nor do Plaintiffs point to any specific depositions or testimony and how those depositions aided Plaintiffs in concluding that an on-site requirement was necessary for the class definition.[9]

### 4.  Calculation Based on Working Class Definition

Even if the Court were to accept each of Plaintiffs' arguments concerning the timing of these three aspects of the class definition, the Court is not persuaded that Plaintiffs' approach was substantially justified.  Plaintiffs could have instructed Dr. Macartney to run his hedonic regression analysis on the broadest class available at the time of his initial expert report disclosure deadline on February 6, 2023.  In their Reply, Plaintiffs argue that they could not do so because then they would have submitted an incorrect expert report in violation of Rule 26(g)(1)(A).  (Doc. 192 at 5–6.)  The Court disagrees.  Plaintiffs could

---

[9] Plaintiffs' reliance on *Focal Point Films, LLC v. Sandhu*, Case No. 19-cv-02898-JCS, 2020 WL 5760355 (N.D. Cal. Sept. 28, 2020) is misplaced.  There, the expert's report containing a damages calculation first required discovery and deposition testimony concerning the accuracy and completeness of a general ledger and the report was disclosed in accordance with the district court's deadline for exchanging expert reports.  *Id.* at *2–4.

18

have had Dr. Macartney submit a report with a calculation of damages for the broadest class under consideration while noting that the class definition may narrow and reserving the right to supplement in that situation without running afoul of any Federal Rules. Plaintiffs also argue that providing such a calculation would have put Defendant in an even worse position by their belaboring under an incorrect calculation for two and a half months. (*Id.* at 6.)  Again, the Court disagrees.  Defendant and their experts were forced to waste time responding to two potential, and incomplete, proposed damages models.  Defendant was unable to properly critique the method of calculating class-wide damages and the actual calculations because there were no calculations.   Had Plaintiffs included a calculation of damages for a broader class in Dr. Macartney's Initial Expert Report, the parties also could have benefitted from further debate through rebuttal reports and otherwise regarding what variables belong in such a calculation, which could have aided in narrowing the class definition sooner.

The Court understands the flawed justification for Plaintiffs' approach.  However, even in hindsight, the Court must question why Plaintiffs failed to apprise the Court of their dilemma or ask for an extension of the expert disclosure deadlines to address these issues. The answer simply was not to spring a new report that took an extensive amount of labor to produce compared to Dr. Macartney's Initial Expert Report—even if Plaintiffs informed Defendant of their intent to supplement in March 2023—a week before Dr. Macartney's deposition and two and a half weeks before the close of expert discovery.[10]  The potential need to modify the scope of the class is not an excuse for failing to properly comply with

---

[10] The Court is also not persuaded by Plaintiffs' citation to cases concerning the standard for presenting a feasible damages model for class certification.  (*See* Doc. 192 at 6–8.)  The expert report deadlines in the Scheduling Order in this case went beyond what was required at the class certification stage in requiring a party to identify "any witness it may use at trial to present evidence" and requiring an expert's report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(A)–(B).

disclosure obligations under the Court's Scheduling Order or failing to inform the Court and seeking a reasonable extension to remedy the situation.

### ii.   Harmless

Plaintiffs argue that the magistrate judge clearly erred in determining Defendant was prejudiced because (1) the April 2023 Report contains no new opinions that would require Defendant's additional preparation prior to his deposition, (2) Defendant received the April 2023 Report before Dr. Macartney's deposition, and (3) Defendant received the April 2023 Report before the time Rule 26(a)(3) disclosures are due as required for supplementation. (Doc. 165-1 at 15–16.)[11]  Defendant responds that it incurred substantial fees in analyzing and rebutting the hypothetical methodologies disclosed in Dr. Macartney's timely February 2023 reports.  (Doc. 178 at 26–27.)  Defendant responds that it received the April 2023 Report, which Dr. Macartney's team spent over 400 hours generating, less than a week before his deposition and two months after the expert report disclosure deadlines.  (*Id.* at 27.)  Defendant responds that setting an additional rebuttal expert report deadline would impose further unnecessary litigation costs and expenses on Defendant.  (*Id.* at 27–28.)

While Plaintiffs are correct that they disclosed Dr. Macartney's April 2023 Report prior to his deposition, the Court concludes that Defendant was prejudiced by the late disclosure.  Defendant and their experts wasted resources responding to two potential, incomplete methodologies without calculations of class-wide damages.  Defendant received the April 2023 Report, which took approximately 400 hours to prepare, less than a week before Dr. Macartney's deposition with limited time to fully prepare to question him regarding the new report.  Defendant also had to waste time at Dr. Macartney's deposition asking questions about the timing of his reports due to the late disclosure that could have been spent on the substance of his opinions and calculation.  Plaintiffs' late

---

[11] The Court has already addressed the first and third of these arguments in determining the April 2023 Report is not a proper supplemental report and need not address these arguments again below.

disclosure also put Defendant in the precarious position of finally receiving a full expert report only two and a half weeks before the close of expert discovery, with limited time for their experts to respond and be deposed.  Of course, each of these issues led Defendant to undergo unnecessary litigation costs and expenses.

Moreover, as explained *supra* at II, because the practical effect of striking Dr. Macartney's April 2023 Report is tantamount to the dismissal of Plaintiffs' claims for implied contract or unjust enrichment, the Court must "consider whether the claimed noncompliance involved willfulness, fault, or bad faith and … the availability of lesser sanctions." *R & R Sails, Inc.*, 673 F.3d at 1247; *see also Everett v. Am. Gen. Life Ins. Co.*, 703 F. App'x 481, 483 (9th Cir. 2017) (finding district court abused discretion in imposing Rule 37(c)(1) sanction excluding non-retained expert's affidavit because it effectively amounted to dismissal of plaintiff's claim and the court did not consider whether the noncompliance involved willfulness, fault, or bad faith and the availability of lesser sanctions).  While Plaintiffs are certainly at fault for their flawed approach, the Court cannot conclude that their failure is due to willfulness or bad faith.  In any event, even if the Court were to determine that Plaintiffs operated willfully or in bad faith, given the severity of the sanction at issue and preference in the Federal Rules for disposition of cases on the merits, the Court deems exclusion of the April 2023 Report as unnecessary in light of the availability of lesser sanctions.[12]

---

[12] Plaintiffs are incorrect that the Court must find bad faith before imposing monetary sanctions under Rule 37(c)(1).  Plaintiff's reliance on *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644 (9th Cir. 1997) is misplaced.  There, the district court sought to impose sanctions not under Rule 37(c)(1), but rather under its inherent powers, which require an "an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Id.* at 648 (citation omitted).  Conversely, the Court here imposes sanctions under Rule 37(c)(1).  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) ("We have not required a finding of bad faith on the part of the attorney before imposing sanctions under Rule 37.");  *see also LeFay v. LeFay*, 673 F. App'x 722, 725 (9th Cir. 2016) (finding district court did not abuse its discretion in awarding attorney's fees to Plaintiff under Rule 37(c)(1) for the costs incurred in arguing a motion to modify the

Accordingly, the Court **ORDERS** that discovery be reopened for **sixty (60) days** to cure the untimely disclosure of Dr. Macartney's April 2023 Report. Specifically, discovery is reopened for the limited purpose of (1) re-deposing Dr. Macartney regarding the April 2023 Report, (2) submitting rebuttal expert report(s) to Dr. Macartney's April 2023 Report, and (3) deposing the rebuttal expert(s) regarding their rebuttal report(s). Plaintiffs are **ORDERED** to pay all reasonable costs and expenses, including but not limited to attorney's fees, incurred by Defendant during the limited reopening of discovery and in seeking the Court's intervention related to Dr. Macartney's April 2023 Report and Defendant's motion to strike.[13] The Court **DIRECTS** the parties to contact Magistrate Judge Valerie E. Torres on or before **February 9, 2024** to facilitate timely completion of this limited discovery. The Court **INSTRUCTS** Magistrate Judge Valerie E. Torres to schedule and consider Defendant's submission of billing records for attorney's fees and costs incurred and Plaintiffs' response.

Given the impact this additional discovery will likely have on the matters currently pending before the Court, the pending motions for class certification, cross-motions for summary judgment and related motions may be refiled **thirty (30) days** after the close of discovery.

///

///

---

scheduling order); *Cervantes v. Zimmerman*, Case No. 17-cv-1230-BAS-NLS, 2019 WL 1598219, at *8 (S.D. Cal. Apr. 15, 2019) (explaining that courts "impose cost-shifting sanctions pursuant to Rule 37(c)(1)(A) for costs not yet incurred, but which will be incurred from a limited reopening of discovery to address untimely disclosed information.") (citations omitted).

[13] At a minimum, Defendant previously identified that it seeks $30,042.00 in attorney's fees for its April and May 2023 invoices related to seeking the Court's intervention relating to Dr. Macartney's April 2023 Report and Defendant's motion to strike. (Doc. 147 at 2.) Plaintiffs did not dispute the accuracy of those fees but disputed their availability under Rule 37. (Doc. 164.)

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

The Court **ORDERS** that discovery be reopened for **sixty (60) days** for the limited purpose of (1) re-deposing Dr. Macartney regarding the April 2023 Report, (2) submitting rebuttal expert report(s) to Dr. Macartney's April 2023 Report, and (3) deposing the rebuttal expert(s) regarding their rebuttal report(s).

Plaintiffs are **ORDERED** to pay all reasonable costs and expenses, including but not limited to attorney's fees, incurred by Defendant during the limited reopening of discovery and in seeking the Court's intervention related to Dr. Macartney's April 2023 Report and Defendant's motion to strike.

The Court **DIRECTS** the parties to contact Magistrate Judge Valerie E. Torres on or before **February 9, 2024** to facilitate timely completion of this limited discovery.

The Court **INSTRUCTS** Magistrate Judge Valerie E. Torres to schedule and consider Defendant's submission of billing records for attorney's fees and costs incurred and Plaintiffs' response.

**Thirty (30) days** after the close of discovery, the parties may refile their motion for class certification, cross-motions for summary judgment and related motions.  The parties' motion for class certification, cross-motions for summary judgment and related motions are therefore **DENIED WITHOUT PREJUDICE** and with leave to refile updated motions.  (Doc. Nos. 116, 123, 141, 149, 151, 152, 169, 170, 172, 181, 189.)

**IT IS SO ORDERED.**

DATE:  February 7, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE