# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY MARTINEZ, et al.,<br><br>         Plaintiffs,<br>v.<br>UNIVERSITY OF SAN DIEGO,<br><br>         Defendant. | Case No.: 3:20-cv-01946-RBM-VET<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>**[Doc. 226]** |

  On May 16, 2024, Plaintiffs Edgar Chavarria, Catherine Holden, and Matthew Sheridan's (collectively, the "Plaintiffs") filed a Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion for Preliminary Approval"). (Doc. 220.)

  On September 23, 2024, the Court ordered supplemental briefing "regarding certification of the class defined in the proposed Settlement Agreement." (Doc. 221 at 4.) On October 16, 2024, Plaintiffs filed a Supplemental Memorandum of Law in Further Support of Preliminary Approval ("Supplemental Briefing"). (Doc. 228.)

  In conjunction with their Supplemental Briefing, Plaintiffs filed Notice of Motion to File Under Seal (Doc. 226), the Declaration of Michael A. Tompkins, Esq. in Support of Plaintiffs' Motion to Seal (Doc. 226-1), and a Memorandum of Law in Support of Motion to File Under Seal (Doc. 226-2) (collectively referred to as Plaintiffs' "Motion to Seal").

In their Motion to Seal, Plaintiffs move this Court for an order allowing them to file documents that Defendant University of San Diego ("Defendant") has marked confidential, highly confidential, or attorneys' eyes only under seal because they contain financial and student information. (*See* Doc. 226 at 3; Doc. 226-1 at 5–6; Doc. 226-2 at 3.) Plaintiffs argue that the "good cause" standard for sealing records governs their Motion to Seal because "this matter concerns a discovery dispute presently pending before Judge Gallo[,]" which "is not a dispositive motion." (Doc. 226-2 at 6.) Plaintiffs argue that the Court found "good cause" to file the confidential documents under seal when it granted the parties' protective order. (*Id.* at 6–7 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).) Plaintiffs add that "[o]ther exhibits are logical extensions of Defendant's prior confidential designations, including the deposition transcript excerpts." (*Id.* at 6.)

## I. DISCUSSION

### A. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). "The presumption of access is based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotation omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the

"compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"Preliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the 'compelling reasons' standard applies." *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017) (citing *Kiersey v. eBay, Inc.*, No. 12-cv-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. … [T]he Court concludes that the 'compelling reasons' standard is the appropriate standard.")); *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4, 2018) (same). Similarly, "[b]ecause [a] Motion for Class Certification is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant [a related] Application to Seal." *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCx), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018).

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist to seal the personal information of putative class members. *See Mendell v. Am. Med. Response, Inc.*, No. 19-cv-01227-BAS-KSC, 2021 WL 778624, at *4 (S.D. Cal. Mar. 1, 2021) (finding compelling reasons to seal putative class members' sensitive personal information, including personal identifying information and health information); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG, 2022 WL 6584485, at *2 (N.D. Cal. Sept. 23, 2022) (finding compelling reasons to seal subpoena responses containing personal identifying information of potential class

members, including phone numbers and specific information regarding customers' services). Compelling reasons may also exist to seal Defendant's confidential financial information. *See Kessler v. Bishop*, No. C 08-5554 PJH, 2011 WL 4635117, at *7 (N.D. Cal. Oct. 5, 2011) (permitting the parties to stipulate to redaction of "any confidential financial information about the University").

**B.  Analysis**

Plaintiffs first argue that the "good cause" standard for sealing records governs their Motion to Seal because "this matter concerns a discovery dispute presently pending before Judge Gallo[,]" which "is not a dispositive motion." (Doc. 226-2 at 6.) However, this matter does not concern a non-dispositive discovery dispute presently pending before Judge Gallo, whom is no longer assigned to this case. (*See* Doc. 202.) This matter concerns Plaintiffs' Motion for Preliminary Approval and Plaintiffs' Supplemental Briefing regarding class certification, which trigger the "compelling reasons" standard. *See Thomas*, 2017 WL 4750628, at *4; *Kiersey*, 2013 WL 5609318, at *2; *Hefler*, 2018 WL 4207245, at *7; *Weisberg*, 2018 WL 6252458, at *2.

Plaintiffs then argue that the exhibits they seek to seal were marked as confidential, highly confidential, or attorneys' eye only pursuant to the parties' November 22, 2022 protective order (Doc. 66) and that the other exhibits Plaintiffs seek to seal are "are logical extensions of Defendant's prior confidential designations, including the deposition transcript excerpts." (Doc. 226-2 at 6.) However, under the "compelling reasons" standard, "the presumption of [public] access is not rebutted where … documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz*, 331 F.3d at 1136. In other words, Plaintiffs' reliance on the parties' protective order is insufficient. Additionally, Plaintiffs wrongly state that some of the exhibits lodged with the Court were marked as attorneys' eyes only and that the lodged exhibits include deposition transcript excerpts.

Despite the significant substantive errors permeating Plaintiffs' Motion to Seal, the Court finds "compelling reasons" to grant Plaintiffs' Motion to Seal. First, the Court is not

inclined to publish the personal, financial, and enrollment information pertaining to unrepresented potential class members. *See Mendell*, 2021 WL 778624, at *4; *True Health Chiropractic Inc.*, 2022 WL 6584485, at *2. Second, to the extent the lodged exhibits reveal confidential financial information about Defendant, this information is also subject to protection. *See Kessler*, 2011 WL 4635117, at *7.

## II.     CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Seal is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to file the lodged exhibits (Doc. 227) under seal.

**IT IS SO ORDERED.**

DATE:  October 23, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE