# STATEMENT OF OBJECTIONS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
JAN 0 3 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*In re Univ. of San Diego Tuition & Fee COVID Refund Litigation*, Case No. 3:20-cv-1946-RBM-VET
(United States District Court for the Southern District of California)

Statement of Objections

I am a member of the plaintiff class in the case called *In re Univ. of San Diego Tuition & Fee COVID Refund Litigation*. I am a class member because I was enrolled as a graduate student in the Spring 2020 semester at the University of San Diego ("University").

I object to the settlement in this lawsuit. My reasons for objecting are:

1. The proposed settlement is not fair, reasonable, or adequate in light of the harm suffered by members of the class. The proposed settlement calls for an approximate settlement payment of $93.46 per class member. This amount is clearly insufficient given the costs incurred by the class members. For example, my tuition for the Spring 2020 semester was $13,917.00 which included student fees of $237.00 for in-person student life and student activities. These two student fees alone are more than the proposed estimated settlement payment, and neither of these in-person services were provided by the University. The settlement amount proposed is completely inappropriate and should be rejected by the court.

2. The settlement does not take into account that the harm extends far beyond the Spring 2020 semester as the University continued to force online education despite repeated calls from students to return to in-person education. In fact, three out of four semesters that I attended the University for graduate studies the University continued to charge full tuition despite offering a subpar online education experience. In total, I paid more than $63,606.07 for three semesters of online subpar education despite agreeing contractually with the University for on-campus education when I enrolled. The $93.46 fails to adequately capture that harm.

3. Representations made by the University during enrollment regarding the nature of student life, on campus activities, meet and greets with professionals and alumni, collaborative student projects, etc. would lead reasonable potential students to conclude that the University agreed to provide students in-person services. In fact, recruiting materials and in-person application interviews for graduate studies extensively mentioned the benefits of small in-person classes, student organizations on campus, social meet and greets for job opportunities, and collaborative in-person group projects. In fact, one would argue that the degree that I pursued, an MBA, is all about in-person connections and meet and greets with alumni to secure future employment. None of that occurred due to their online education. Had I known that three out of four of my semesters would have been completed online, I would have chosen another school to attend.

4. Instead of addressing the core claims in the case, the settlement merely allows a quick settlement and no accountability taken by the University. The University continued to charge full tuition and fees as if full services and facilities were provided. The University's practices were immoral, unethical, oppressive, and injurious because it deprived class members of their agreed to educational experience, opportunities, and access to facilities. In addition, the court should be made aware, the University did in fact offer programs with online classes at the time of Spring 2020 for reduced tuition, clearly understanding there was a difference in quality and services for students. Simply put, the class members in this case experienced significantly less than what they were promised, while the tuition continued to be pocketed by the University while they knew the experience was subpar. The proposed $93.46 payment fails to adequately address the University's practices and their unjust enrichment.

5. Based on the outcome of the settlement, I don't believe the attorneys who negotiated this settlement represented class members best interests. As discussed previously, the amount of settlement is obscenely inadequate. For example, the cost of one graduate education unit at the University was over $1,250.00 for the Spring 2020 semester. Meanwhile, the court is being asked to "award attorneys' fees not to exceed $275,000 plus reimbursement of costs and expenses in an amount not to exceed $300,000." This class action appears to simply benefit high-end attorneys based out of New York, Los Angeles, and Washington D.C. and not the class members who were actually harmed by the University.

My personal information is:

Name: Eric Bodman
Address: 3721 Bennington Court, Carlsbad, CA 92010
Phone Number: (406) 839-8634
Email: ebodman@sandiego.edu

Dated: January 2, 2025
Signed: *Eric Bodman*
Printed Name: Eric Bodman

I do not intend to appear in-person at the Final Approval Hearing unless requested by the court and can be reached at the contact information listed above. No Objecting Attorneys assisted or advised in this statement of objection.

