James A. Francis*
Lauren KW Brennan, Esq. *
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vincente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770

Michael A. Tompkins, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
mtompkins@leedsbrownlaw.com

Jason P. Sultzer, Esq.**
Jeremy Francis, Esq.**
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

Yvette Golan, Esq.*
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150

*Admitted Pro Hac Vice*
** *Pro Hac Vice Pending*

Counsel for Plaintiffs and the Putative Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation<br><br>This document relates to:<br><br>All actions | Master File No. 20-CV-1946-RBM-VET<br><br>**DECLARATION OF LAUREN BRENNAN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Lauren Brennan, declare under penalty of perjury pursuant to the laws of the United States of America that the forgoing is true and correct to the best of my knowledge:

1. I am a partner at Francis Mailman Soumilas, P.C. ("FMS"). My firm, along with Leeds Brown Law, P.C., The Sultzer Law Group, P.C., The Golan Firm PLLC, and Shegerian & Associates, Inc., ("Class Counsel") represent the Named Plaintiffs and the Putative Class. I was admitted Pro Hac Vice to serve as Plaintiffs' counsel in this action. *See* Dkt. 83.

2. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Class Settlement. I am one of the attorneys personally responsible for the handling of this case, including participating in oral arguments and discovery conferences before this Court. I am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

3. Plaintiff submits this unopposed motion along with the attached agreed-upon Proposed Order for Final Approval of the Class Action Settlement attached in **Exhibit A** and pursuant to the terms of the Amended Settlement Agreement reflected in **Exhibit B.**

4. This Court granted Plaintiffs' Motion for Preliminary Approval of Class Settlement and Approval of Notice Plan ("Preliminary Approval Order") on November 7, 2024 and November 15, 2024, combined and attached as **Exhibit C.**

5. After the Court issued its Preliminary Approval Order, Plaintiffs by and through Class Counsel and Court-approved settlement administrator Apex Class Action Inc,, ("Apex"), successfully implemented the Notice Plan and process approved by the Court, and the Settlement Class has been notified about the settlement.

6. The reaction to the Settlement Agreement has been favorable with a

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

majority of the Class submitting election forms. No requests for exclusion have been made and only one (1) objection has been received by Apex. *See* **Exhibit D**, Declaration of Claims Administrator, Ryan McNamee.

7.    Plaintiffs present this motion for final approval after a lengthy four-year litigation, intensive discovery, and expending significant time and resources in bringing this action to resolution.

## History of the Action

8.    Plaintiffs Haley Martinez and Matthew Sheridan filed their initial Complaint on October 1, 2020, Plaintiff Catherine Holden filed her initial Complaint on November 5, 2020, and Plaintiff Edgar Chavarria filed his initial Complaint on November 13, 2020. All Named Plaintiffs alleged breach of contract, unjust enrichment and conversion and taking of property based on Defendant University of San Diego ("Defendant" or "USD")'s failure to provide a pro rata refund for tuition and fees when it failed to provide the contracted-for in-person and on-campus educational services for the entirety of the Spring 2020 semester.

9.    On April 8, 2021, the Court granted Named Plaintiffs' Motion to Consolidate (Dkt. 27) and on April 28, 2021, Named Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint", Dkt. 30).

10.    USD filed a motion to Dismiss the Consolidated Complaint on May 19, 2021 on the grounds that, *inter alia,* Plaintiffs failed to allege a contractual obligation and that their claims were non-cognizable claims of educational malpractice (Dkt. 33).

11.    On March 30, 2022, the Court granted USD's motion to dismiss with respect to Plaintiffs' claims for quasi-contract and conversion claims but allowed their contract claim to go forward (Dkt. 45).

12.    The Parties then engaged in full fact and expert discovery since August 2022, including expert discovery that was still ongoing when this matter resolved.

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

USD made extensive productions totaling approximately 36,000 pages. Plaintiffs produced approximately 1,000 pages. The parties litigated several discovery disputes, took 10 depositions, and exchanged an initial round of expert reports – and conducted expert depositions, although Plaintiffs' Expert was deposed but the completion of deposition was still subject to ongoing discovery (*see* Dkt. 213).

13.    In total, the substantial amount of discovery allowed Plaintiffs and their counsel to evaluate the facts, the potential evidence, potential damage calculations, and the risks associated with litigating this matter to trial. Plaintiffs' counsel, including our firm and myself, worked to thoroughly analyze the legal landscape, including conducting research into California contract and restitution laws and the available remedies in order to fully evaluate the risks and benefits to a potential resolution prior to trial. My firm and my co-counsel, especially Leeds Brown Law, P.C., were especially well-equipped to evaluate the risks of these cases given out experience working on other similar cases across the county.

14.    The parties also engaged in an ENE on Aug. 22, 2022 (Dkt. 56) and a Settlement Conference on March 10, 2023 (Dkt. 106), but the matter did not resolve at those junctures.

15.    On March 28, 2023, Plaintiffs filed their initial Motion for Class Certification (Dkt. 108).

16.    Defendant moved for Summary Judgment on May 26, 2023 (Dkt. 151).

17.    Plaintiffs moved for Summary Judgment on June 9, 2023 (Dkt. 172).

18.    All three motions were fully briefed. The Court did not entered any substantive decisions on those motions, but held oral arguments in person on June 12, 2023 (Dkt. 174) and ordered the parties to re-brief them after completing expert discovery (Dkt. 208 and 209).

19.    The Parties had also conducted pre-trial submissions, including identifying trial witnesses and trial exhibits. *See* Dkt. 180 and 177.

5

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

20.     The Parties also submitted a Joint Pre-Trial Order. *See* Dkt. 198.

21.     While preparing to engage in the last round of expert discovery and the next round of motion practice, the Parties continued their negotiations and came to a settlement in principle (*see* Dkt. 213, 217, and 219).

22.     Those negotiations came at arm's length negotiations with my firm, along with Leeds Brown firm, primarily engaged with Defendant's counsel in those negotiations. The discussions were extensive and input was taken from co-counsel and Named Plaintiffs to ultimately arrive at a deal that's being presented to Your Honor here.

23.     The Parties reached a settlement in principle on March 1, 2024 following extensive arm's-length settlement negotiations and entered into a formal agreement executed on May 13, 2024. *See* Ex. B.

24.     Plaintiffs filed their motion for Preliminary Approval on May 16, 2024 (Dkt. 220) and on November 7, 2024 and November 19, 2024, Plaintiffs' motion for Preliminary Approval was granted by this Court.

### Notice and Election Form Process

25.     Plaintiffs and Defendant, in compliance with the Court Order initiated class notice with Court approved settlement administrator. *See* Ex. C.

26.     Plaintiffs retained Apex, to begin on a number of tasks including formatting and revising the Notice and Election Forms, drafting timeline of events, producing available domains for the settlement website, establishing a Qualified Settlement Fund, and obtaining a final class list from Defendant. *See* Ex. D ¶ 3.

27.     Plaintiffs and Defendant have since maintained consistent communication with Apex to ensure notice to Class Members was to be made as efficient as possible.

28.     USD provided Apex with the class data file which includes the names, last known mailing addresses, and personal emails (if available) for each Class

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Member on November 25, 2024. *Id* ¶ 5.

29.     Apex disseminated official class notice to Class Members via e-mail after finalizing the Class List and preliminary award calculations and establishing the settlement website www.USDTuitionFeeSettlement.com on December 16, 2024. *Id* ¶ 3, 6.

30.     Physical mailings commenced on December 23, 2024. *Id* ¶ 7.

31.     The response from Class Members has since been positive and Apex has received over 750 election forms. *Id* ¶ 11-12.

### Class Counsel and Plaintiffs Have Invested Significant Time in the Prosecution of this Action

32.     Throughout the course of investigation, pleadings, motion practice, extensive discovery (including an initial round of expert discovery), settlement conferences with the Court, settlement negotiations, and filing of the Settlement Agreement, FMS's attorneys and our co-counsel have devoted significant time and resources to the investigation, prosecution, and resolution of this case – including through the motions to dismiss, discovery, class certification, expert discovery, summary judgment, and through this proposed resolution. In fact, after the Parties submitted their respective summary judgment motions and Plaintiffs moved for class certification, the Parties completed a significant amount of pre-trial submissions and evaluations of the evidence that would potentially be available at trial. *See* Dkt. 198 (reflecting the joint submission of a joint pre-trial order and proposed jury instructions).

33.     Subject to Court approval, Plaintiffs' counsel seeks to be paid Attorneys' Fees and Costs from the Settlement Fund in the amount of $275,000 in attorney's fees and $276,236.74 in reimbursement for expenses – most of which stems of the cost of the economic expert (*see* Settlement Agreement § 3.3). The requests for fees is significantly less than Class Counsel's lodestar, as detailed in the

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  contemporaneously filed motion requesting an award of attorneys' fees and
2  reimbursement of costs and expenses.

3      34.    Plaintiffs' requests will be in line with similar settlements for similar
4  claims, including others that have settled in California and across the country. *See*
5  *e.g.*, *Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D.
6  Cal) (requesting and obtaining attorney's fees and costs at the time of the fairness
7  hearing and final approval); *Qureshi v. American Univ.*, Case No. 1:20-cv-1141-
8  CRC (D.C. Dist. May 7, 2024) (obtaining approval of the $5.4M settlement along
9  with reasonable attorney's fees and costs at the time of the fairness hearing); *see also*
10 *Staubus v. Univ. of Minnesota*, Court File No. 27-cv-20-8546 (4th Jud. Dist.,
11 Hennepin Cnty., Minn.) (obtaining approval of $3.25m settlement for 54,000
12 students along with attorney's fees and costs); *Kincheloe v. Univ. of Chicago*, Case
13 No. 1:20-cv-031015 (N.D. Ill.) (scheduling a fairness hearing for May 23, 2024 on
14 the proposed $4.95M settlement for more than 18,900 students and to assess the
15 reasonableness of fees and costs); *Booth v. Molloy College*, Index No. 608750/2020
16 (Sup. Ct. Nassau Cty. Oct. 18, 2023)(granting final approval of the class action
17 settlement of $4,500,000 including fees and costs); *Porter v. Emerson College*, Case
18 No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022)(granting final approval of the
19 class action settlement including fees and costs).

20     35.    In total, Plaintiff's counsel has expended over $275,000 and $300,000
21 in unreimbursed expenses that were reasonable and necessary for the prosecution of
22 this case, a significant percentage of which was devoted to expert costs and fees.
23 Plaintiffs' counsel's request for expenses will not include payments to USD's
24 counsel pursuant to this Court's orders.

25     36.    The Parties have separately negotiated, subsequent to agreement on the
26 benefits to the class, sums for attorneys' fees, expenses, and service awards.
27 Moreover, the agreement regarding attorneys' fees and expenses is the product of

28

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  non-collusive adversarial negotiation following an ENE and a Settlement

2  Conference with Judge Gallo and extensive arm'-length negotiation among the

3  Parties, including through counsel for the parties.

4      37.    As a result of this litigation, all Class Members receive substantial

5  benefits from the Settlement, and avoid the risks associated with continued litigation

6  – including a decision on the merits, especially as to damages, or class certification.

7      38.    Class Counsel is aware of the risks associated with these types of

8  COVID-19 tuition and fee refund cases, given our involvement in several prominent

9  cases across the country. *See e.g. Arredondo v. Univ. of La Verne,* Case No. 2:20-

10  cv-7665-MCS-RAO (C.D. Cal. April 14, 2023)(reflecting one of the largest per

11  student recoveries in the country after successfully obtaining final approval on

12  behalf of the class of undergraduate students in the amount of more than $8.8M in

13  conferred benefits)*; Qureshi v. American University*, Case No. 1:20-cv-01141

14  (D.D.C. May 7, 2024)(granting final approval); *Kincheloe v. Univ. of Chicago*, Case

15  No. 1:20-cv-3015 (N.D. Ill. May 23, 2024) (granting final approval); *Porter v.

16  Emerson College*, Case No. 1:20-cv-11897-RWZ (D. Mass. Oct. 29, 2022) (granting

17  final approval of the class action settlement on behalf of all enrolled students at

18  Emerson during the Spring 2020 semester and approval of LBL as Class Counsel,

19  along with other firms); *Staubus v. Regents of the University of Minnesota*, 2022

20  Minn. Dist. LEXIS 7247 * (Minn. 4th Dist. Nov. 9, 2022)(granting class certification

21  and appoint Leeds Brown Law, P.C., along with co-counsel, as Class Counsel);

22  *Booth v. Molloy College*, Index No. 608750/2020  (Sup. Ct. Nassau Cty. Oct. 18,

23  2023) (granting final approval of the class action settlement).  *See also Carstairs v.

24  Rochester Univ.*, No. 6:20-cv-06690-CJS (W.D. N.Y., filed Sept. 10, 2020); *Grant

25  v. Chapman Univ.*, No. 30-2020-01146699-Cu-BC-CXC (Cal. Super. Ct., filed July

26  7, 2020); *Polley v. Northwestern Univ.*, No. 1:20-cv-04798 (HDL) (D. Ill., filed Oct.

27  15, 2021); *Rodrigues v. Boston College*, No. 1:20-cv-11662-RWZ (D. Mass., filed

28

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Dec. 15, 2020); *Schmidhauser v. Tufts Univ.,* No. 1:20-cv-11940-RWZ (D. Mass., filed May 03, 2021); and *Michel v. Yale University,* No. 3:20-cv-01080 (D. Conn., filed July 29, 2020). *See also* **Exhibit E**, Biography of Francis Mailman and Soumilas, P.C. The issues in those cases are similar if not identical to the issues presented in this action. Therefore, we have knowledge of the particular legal issues that were at risk of being adjudicated or ripe for resolution on appeal, including issues of damages, class certification, and liability.

39.    Based on my experience, the Settlement in fair, reasonable, and adequate and treats all Class Members equitably and presents a resolution that resolves the claims of this action without harming future educational services for students at USD.  I ask that the Court approve the Settlement achieved on behalf of the Class resulting from this hard-fought and lengthy litigation.

## Exhibits

40.    A true and accurate copy of the following are attached:

| | |
|---|---|
| **Exhibit A** | Proposed Final Approval Order[1] |
| **Exhibit B** | Settlement Agreement |
| **Exhibit C** | Preliminary Approval Orders |
| **Exhibit D** | Declaration of Ryan McNamee (Claims Administrator) |
| **Exhibit E** | Biography of Francis Mailman Soumilas, P.C. |

**WHEREFORE**, it is respectfully requested that the Court enter the proposed final order and grant: (1) final approval of the proposed settlement; (2) certification of the Settlement Class and confirm the appointment of Class Representative and Class Counsel; (3) authorize the Parties including Settlement Administrator to

---

[1] All Exhibits were agreed upon by the Parties.

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  effectuate the terms of the Agreement, including establishing a Settlement Fund and

2  distributing the funds once received by USD to the appropriate Class Members,

3  individuals and entities; (4) dismissing this action with prejudice, and (5) such other

4  and further relief as the Court may deem just and proper.

5

6  Date: February 14, 2025                        /s/ Lauren Brennan*

7                                                 Lauren K.W. Brennan, Esq.*
                                                   **FRANCIS MAILMAN SOUMILAS, P.C.**

8                                                  1600 Market Street, Suite 2510
                                                   Philadelphia, PA 19103

9                                                  Tel: (215) 940-8000

10

11                                                 *Admitted Pro Hac Vice*

12                                                 *Counsel for Plaintiffs and the*
                                                   *Settlement Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAUREN BRENNAN, Esq. IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT