# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY MARTINEZ, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SAN DIEGO,<br><br>    Defendant. | Case 3:20-CV-01946-RBM-VET |

**[PROPOSED] FINAL JUDGMENT AND ORDER
APPROVING CLASS SETTLEMENT**

This matter came before the Court for hearing on March 3, 2025, pursuant to this Court's Order Confirming Receipt of Revised Documents and Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Preliminary Approval Order", Dkt. 234) as well as other orders on Settlement (*see* Dkt. 221, 225, and 236), on the application of the Parties[1] for approval of the Settlement among plaintiffs Edgar Chavarria, Matthew Sheridan, and Catherine Holden ("Plaintiffs"), individually and on behalf of all others similarly situated, and defendant University of San Diego ("USD" or "Defendant"). The Court having considered all papers filed and proceedings held herein, including the Agreement, and having received declarations attesting to the mailing of the notice and the publication of the notice on the Settlement Website in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED, AND ORDERED:**

---

[1] Capitalized terms not defined in this order have the meanings set forth in the Amended Settlement Agreement filed as Docket 232 ("Agreement").

i

**I.     JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the parties to this proceeding, and all Class Members, pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

**II.    FINAL CERTIFICATION OF THE CLASS**

3. The Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that certification of the proposed Class is appropriate. The Court therefore grants final certification of the following Class (which includes terms defined in the Settlement):

> All enrolled students at USD who paid tuition, the Student Wellness fee and/or course fees to USD, or who were credited with having paid such tuition and/or Mandatory Fees to USD for the Spring 2020 term/semester.

4. The Class excludes: (1) students who enrolled in online-only classes at the beginning of the Spring 2020 semester, (2) students who paid no tuition or fees (i.e., students who received more in scholarships or grants from USD than what was charged in tuition and/or Mandatory Fees), (3) students who left or withdrew from USD prior to March 16, 2020, (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons.

5. No Class Members excluded themselves, and there was 1 objection to the Settlement.

6. The Court finds that the Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

(a) the members of the Class are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims and defenses of the Plaintiffs are typical of the Class;

(d) the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; and

(e) the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III. FINAL APPROVAL OF THE SETTLEMENT

7. Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons: **First,** the Parties negotiated the Settlement fairly and honestly at arms' length and with the assistance of experienced counsel. **Second,** serious questions of law and fact exist, as reflected in various motions filed before the Court including Plaintiffs' Motion for Class Certification and the Parties' competing motions for summary judgment (*see* e.g., Dkts. 172 and 179), and their affirmative defenses asserted in Defendants' answer to the complaint. **Third,** an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties, including through likely appeals. **Fourth**, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class.

8. The Court also finds that the plan for distribution of the Qualified Settlement Fund, as set forth in the Settlement, is fair and equitable. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in Section 3.1, 3.1, and 3.5 of the Agreement without further order of this Court.

9. The Court therefore finally approves the Settlement, and the exhibits appended to the Agreement, as fair, reasonable, and adequate, and the Plaintiffs, Defendant, Settlement Administrator, and Class Members shall consummate the Settlement according to the terms of the Agreement.

IV. **ADEQUACY OF NOTICE**

10. The Court finds that the Class Members have been given due and adequate notice of the Settlement, as well as Class Counsel's application for attorneys' fees, request for expenses, and the Named Plaintiffs' request for Service Awards in the manner directed by this Court's Preliminary Approval Order.

11. The Court further finds that the notice program approved in the Court's Preliminary Approval Order and implemented in accordance with that Order was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of: (a) the pendency of the Action; (b) the Court's certification of the Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; (d) and the maximum amounts of Class Counsel's expected application for attorneys' fees, costs, expenses, and request for a Service Award for the Plaintiff. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process.

V. **ATTORNEYS FEES, COSTS, EXPENSES AND INCENTIVE AWARDS**

12. This Court hereby awards Class Counsel attorneys' fees in the amount of $275,000.00, which is equal to 19.64% of the Gross Settlement Fund, plus the reimbursement of their out-of-pocket expenses in the amount of $300,000.00.

13. The Court finds the amount of attorneys' fees and costs awarded herein is fair and reasonable based on: (a) the work performed and costs incurred by Class Counsel; (b) the complexity of the case; (c) the risks undertaken by Class Counsel and the contingent nature of their employment; (d) the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action litigation; (e) awards to successful plaintiff's counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) only one objection from a sole Class Member to the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

14. In accordance with the Settlement, the Settlement Administrator shall pay from the Qualified Settlement Fund to Class Counsel all Court-approved attorneys' fees, costs, and expenses of Class Counsel within thirty days of the Final Effective Date.

15. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Qualified Settlement Fund, and the Releasees shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Agreement.

16. This Court also hereby awards to Plaintiffs the Service Awards of $15,000 total. The Court finds the amount of the Service Awards are fair and reasonable based upon their service as class representatives on behalf of the Class.

14A. The Court authorizes disbursement of $37,159.00 to the Settlement Administrator, Apex, to be paid no later than thirty days after the Final Effective Date, to compensate the

Settlement Administrator for the tasks performed in connection with class notice and administration of the Settlement, as set forth in the Agreement, the Preliminary Approval Order, and this Order.

## VI.  RELEASES AND FINAL JUDGMENT

17. Pursuant to Federal Rule of Civil Procedure 23(c)(3) and the Agreement, all Class Members who have not filed timely, completed, and valid requests for exclusion from the Class are Class Members who are bound by this final judgment and by the terms of the Settlement.

18. The Releasees detailed in Sections 1.24, 1.25, 1.26 and 3.6 are hereby released and forever discharged from any and all of the Released Claims. All Class Members and Releasing Parties are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

19. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Settlement or any other documents executed in connection with the performance of the agreements embodied therein. The Releasees may file the Settlement and/or this final judgment and order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith Settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Qualified Settlement Fund; (b) disposition of the Gross Settlement Fund or Net Settlement Fund, including *cy pres* distribution of any funds remaining at the completion of the distribution to Class Members; (c) payment of taxes from the Qualified Settlement Fund; (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement; and (e) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

21. With regard to the objection from Class Member Eric Bodman, dated Jan. 2, 2025 (Dkt. 237), the Court has evaluated the concerns and issued raised by the Class Member and determined that his objection is overruled. However, Class Member Bodman shall receive a copy of this Order via email and FedEx and shall be provided 14 days to opt out from the date of this Order, otherwise be subject to the release provided for as consideration by all Class Members in this action and otherwise be bound by the terms of the Agreement and this Order.

22. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

DATED: _____, \_\_, 2025.

**BY THE COURT:**

_____
Honorable Ruth Bermudez Montenegro, U.S.D.J.