# EXHIBIT B

Case 3:20-cv-01946-RBM-VET Document 224 Filed 05/24/25 PageID.2588 Page 2 of 23

## AMENDED PURSUANT TO COURT'S NOV. 7, 2024 ORDER
### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into between Plaintiff Edgar Chavarria, Catherine Holden, and Matthew Sheridan ("Plaintiffs" or "Class Representatives"), individually, an on behalf of a class of individuals (the "Class" "Settlement Class" or "Class Members" as defined below) and Defendant University of San Diego ("USD" or "Defendant"). Plaintiff, Class Members and Defendant are referred to individually as "Party" and collectively as the "Parties."

## RECITALS AND BACKGROUND

A.      On Oct. 1, 2020, Plaintiffs Haley Martinez and Matthew Sheridan filed action against USD alleging breach of contract and unjust enrichment claims as a result of USD's transition of in-person instruction and other educational services to a virtual environment during a portion of the Spring 2020 semester due to the COVID-19 pandemic and related state and local public health mandates and orders. That action was filed in the Southern District of California under Case No. 3:20-CV-01946. On Nov.5, 2020, Plaintiff Catherine Holden filed a similarly alleged action under Case No. 20-cv-2169, and on November 13, 2020, Plaintiff Chavarria filed his action under Case No. 3:20-cv-2215.

B.      On April 28, 2021, Plaintiffs consolidated their separate class actions into a single consolidated class action complaint under the caption "In re University of San Diego Tuition and Fees COVID-19 Refund Litigation" with Master File No. 20-cv-1946-LAB-WVG.

C.      After several years of contentious litigation including substantial motion practice, exhaustive discovery, expert discovery, expert reports, pre-trial submissions, and thoroughly evaluating the claims and defenses of this action, the Parties reached resolution through arm's length negotiations and memorialized a Term Sheet in or around March 1, 2024.

D.      Defendant vigorously contested each and every claim in the Action and denies all material allegations of the Action and would continue to assert numerous defenses if this matter proceeded further.

E.      Plaintiffs contend that this action is ideal for class certification and that the merits of the claims would be successful through summary judgment and trial.

F.      The Settlement was reached as a result of extensive arms-length negotiations between the Parties and counsel, including two settlement and early neutral evaluation conferences before Magistrate Judge William V. Gallo. Before and during these settlement discussions and conferences, the Parties had arms-length exchanges of sufficient information to permit Plaintiffs and Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions. The Parties did not discuss Attorneys' Fees and Costs or any potential Incentive Award until they first agreed on the substantive terms of this settlement.

G.      On March 6, 2024, the Parties advised the Court that they had settled the Class Action and asked the Court to stay all pending dates and deadlines, including the trial date. The Court extended the deadlines as to the outstanding expert discovery issues. *See* Dkt. 213.

H.     Defendant, without admitting any wrongdoing or liability, has agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to, the Action.

I.     Class Counsel (as hereinafter defined) has conducted a thorough investigation into the facts of this Action, including an extensive review of relevant documents, and has diligently pursued an investigation of the claims of the Class against Defendant. Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth herein is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, and the impact of this Agreement on Named Plaintiffs and the Settlement Class. Based upon their analysis and evaluation of a number of factors, Named Plaintiffs and Class Counsel recognize the risks of litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years.

J.     Class Counsel and Named Plaintiffs, after taking into account the foregoing, along with the risks and costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Class are in the best interests of the Class Members.

K.     The Parties, by and through their respective counsel, have engaged in settlement discussions in connection with the potential resolution of the Action, and– subject to the approval of the Court – have elected to settle the Action pursuant to the terms set forth in this Agreement. This Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval. Should the Court not issue Preliminary Approval and Final Approval, Defendant does not waive, and instead expressly reserves, all rights to defend this Litigation and Plaintiffs preserve all rights that existed at the time this Agreement was entered.

L.     NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action.

1. **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1.     **Acceptance Period** means the thirty (30) day period beginning from the date of the mailing and/or e-mailing of the Notice and Election Form, during which a Class Member can submit an Election Form as to the method they would prefer to receive a settlement payment.

1.2.     **Agreement** means this Settlement Agreement and Release.

1.3.     **Attorneys' Fees and Costs** means such funds as may be awarded by the Court consistent with the terms of this Agreement to Class Counsel for their past, present, and future work, efforts, and expenditures in connection with this Action and settlement, including fees,

costs, and expenses of any co-counsel, local counsel, experts, consultants, or other individuals retained by, or who assisted Plaintiff's Counsel in connection with this Action and settlement.

1.4. **Class Counsel** means Yvette Golan of The Golan Firm PLLC, 529 14th Street NW, Suite 914, Washington DC 20045; Carney R. Shegerian and Anthony Nguyen of Shegerian & Associates, Inc., 11520 San Vicente Boulevard, Los Angeles, California 90049; James Francis of Francis Mailman Soumilas, P.C., 1600 Market St., Suite 2510, Philadelphia PA 19103; Jason Sultzer of The Sultzer Law Group, P.C. 85 Civic Center Plaza, Suite 200, Poughkeepsie, New York 12601; Michael A. Tompkins of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514.

1.5. **Class List** means a list in electronic format, preferably Excel, that includes, for each respective Class Member, the names, last known addresses, last known e-mail addresses, last known telephone numbers, along with tuition and fee payment totals, amount of university-based scholarships/grants received, present enrollment status and other information related to the calculations and distribution of settlement proceeds as set forth below. The Class List shall be provided and maintained in a confidential fashion.

1.6. **Costs and Fees** means Class Counsel's attorneys' fees, costs, and expenses; costs and fees associated with the Settlement Claims Administrator; and Service Award to be paid to Plaintiffs in accordance herewith.

1.7. **Court** means the United States District Court, Southern District of California.

1.8. **Days** means business days if the specified number is ten (10) days or fewer, and calendar days if the specified number is greater than ten (10) days.

1.9. **Defendant** means University of San Diego.

1.10. **Election Form** means the form, a copy of which is attached to the Notice of Settlement of Class Action Lawsuit, or as otherwise approved by the Court, that Class Members may return to designate which method for receiving the funds would be preferred, including physical check, Venmo, Paypal, or other reasonable available options. In the absence of a Class Member returning an Election Form, the Settlement Claims Administrator shall mail a physical check.

1.11. **Final Approval** means issuance of an order, granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Sections 1.24 of this Agreement; entering judgment in this case; and retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

1.12. **Final Effective Date** means, provided no appeal is timely filed, fourteen (14) days after the Court has entered a Final Approval Order. If an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final

Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Approval Order entered by the Court.

**1.13.** **Final Settlement Amount** means the sum of the (i) Net Settlement Fund; and (ii) and all Court-approved Costs and Fees.

**1.14.** **Gross Settlement Fund** means the sum of One Million Four Hundred Thousand Dollars ($1,400,000.00). Under no circumstances will USD be responsible for any payment, individually or in the aggregate, exceeding the Gross Settlement Fund.

**1.15.** **Named Plaintiffs** means Edgar Chavarria, Catherine Holden, and Matthew Sheridan.

**1.16.** **Net Settlement Fund** means the Gross Settlement Fund minus Court-approved Costs and Fees.

**1.17.** **Notice(s)** means the Court-approved form of notice to Class Members in the form agreed upon by the parties and in a form substantially similar to the version to be submitted with the Preliminary Approval Motion.

**1.18.** **Notice Response Deadline** means (i) thirty (30) days from the date of the initial mailing and/or e-mailing of the Notice or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances.

**1.19.** **Objector** means an individual Class Member who properly files an objection to this Agreement.

**1.20.** **Opt-out Deadline** means on or before the Notice Response Deadline.

**1.21.** **Opt-out Statement** means the written, signed statement that an individual Class Member submits indicating he or she has elected to exclude him or herself ("opt out") from the settlement.

**1.22.** **Preliminary Approval Order** means an Order entered by the Court, substantially in the form agreed to by the parties or otherwise issued by the Court, (i) granting preliminary approval to this Agreement as within the range of possible Final Approval; (ii) approving the procedures for effectuating notice to Class Members, (iii) approving the Notice and Election Form for publication, and (iv) setting dates by which Final Approval should be sought or obtained.

**1.23.** **Qualified Settlement Fund ("QSF")** means the account established and controlled by the Settlement Claims Administrator for the purposes of retaining and distributing the Final

4

Settlement Amount in accordance with this Agreement and any Court order. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement, and the Approval Order. Interest, if any, earned in the QSF will become part of the Net Settlement Fund to be distributed to the Class Members.

1.24. **Released Claims** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding USD's actions, inactions, decisions, and/or indecisions with respect to COVID-19 during the Spring 2020 Semester, including transitioning in-person instruction, educational services, campus events, and other USD services to a remote format during the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action by Releasing Parties relating to any and all of the Released Parties.

1.25. **Released Parties** means USD as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as USD's agents and/or independent contractors in this Action.

1.26. **Releasing Parties** means Named Plaintiffs, those Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

1.27. **Service Award** means the portion of the Gross Settlement Fund, if any, requested by Named Plaintiffs who actively participated in the Action and approved by the Court as a reasonable award to the Named Plaintiffs for representing the interests of the Settlement Class and/or actively participating in the Action.

**1.28.** **Settlement Claims Administrator** means a qualified third-party administrator agreed upon by the Parties and retained by Plaintiffs, including the following pre-approved list: CPT Group, Epiq, Apex, and Simpluris.

**1.29.** **Settlement Class, Class or Class Members** means: all enrolled students at USD who paid tuition, the Student Wellness fee and/or course fees to USD, or who were credited with having paid such tuition and/or Mandatory Fees to USD for the Spring 2020 term/semester. Excluded from the Settlement Class are (1) students who enrolled in online-only classes at the beginning of the Spring 2020 semester, (2) students who paid no tuition or fees (i.e., students who received more in scholarships or grants from USD than what was charged in tuition and/or Mandatory Fees), (3) students who left or withdrew from USD prior to March 16, 2020, (4) any District Judge or Magistrate Judge presiding over this Action and members of their families; (5) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (6) persons who properly execute and file a timely request for exclusion from the class; and (7) the legal representatives, successors or assigns of any such excluded persons.

**1.30.** **Settlement Checks** means checks issued to Class Members.

**1.31.** **Spring 2020 Semester** means the Spring 2020 academic terms at USD, which began on approximately January 27, 2020 and ended on or before May 21, 2020 for traditional undergraduates, Jan. 27 until May 21, 2020 for graduate students, Jan 6, 2020 until May 8, 2020 for law school students, and Jan. 14, 2020 until May 14, 2020 for the paralegal programs,

**1.32.** **Unknown Claims** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Releasees or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Final Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Upon the Final Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle

and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. APPROVAL AND PROCEDURE

### 2.1. Settlement Claims Administrator.

2.1.1. **Funding Settlement Claims Administrator.** The Settlement Claims Administrator shall be paid out of the QSF.

2.1.2. **Responsibilities of Settlement Claims Administrator.** The Settlement Claims Administrator shall be responsible for: (i) printing and disseminating, via mail and/or e-mail to the Settlement Class the Notice and Election Forms; (ii) performing a skip trace and resending, within one (1) day of receipt, any Notice and Election Form returned without a forwarding address, or resending to those with a new forwarding address; (iii) responding to inquiries from the Parties; (iv) monitoring and maintaining a telephone number with telephone answerers until the Final Effective Date or the termination of this Agreement, whichever comes first; (v) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from each Class Member that the Settlement Claims Administrator receives; (vi) receiving, retaining and reviewing the Election Forms submitted by each Class Member; (vii) keeping track of requests for exclusion or objection, including maintaining the original envelope in which the request or objection was mailed; (viii) distributing the Settlement Checks to Class Members and/or Court-approved Costs and Fees, as necessary; (ix) preparing, sending and/or wire-transferring Class Counsel's attorneys' fees, expenses, and costs; (x) mailing Service Award and Settlement Checks in accordance with this Agreement and the Approval Order; (xii) responding to inquiries of Class Members regarding procedures for filing objections, Opt-out Statements, and Election Forms; (xiii) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiv) responding to inquiries of counsel for the Parties relating to the Settlement Claims Administrator's duties specified herein; (xv) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xvi) maintaining adequate records of its activities, including the dates of the mailing of Notices and mailing and receipt of Election Forms, returned mail and any and all other actual or attempted written or electronic communications with the Settlement Class; (xvii) confirming in writing to counsel for the Parties and the Court its completion of the administration of the settlement; (xviii) timely responding to communications from the Parties and their counsel; (xix) providing all information, documents and calculations necessary to confirm the Gross Settlement Fund to the Parties' Counsel; (xx) obtaining, administering, and maintaining a settlement website; (xxi) providing CAFA notice (as described below); and (xxii) such other tasks as the Parties mutually agree.

2.1.3. **CAFA Notice.** Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be

served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

2.1.4. **Weekly Reporting Requirements.** Throughout the period of claims administration, the Settlement Claims Administrator shall provide reports to the Parties upon their request regarding (i) the status of the emailing and physical mailing of the Notices and Election Forms to Class Members, (ii) the status or progress of the claims administration process, (iii) anticipated or expected distribution of the Settlement Checks, and (iv) any other aspect of the claims administration process. Beginning the second Friday after Notice is mailed to Class Members, the Settlement Claims Administrator shall provide counsel for the Parties a weekly updates on the number of Class Members, Objectors, and Opt-outs.

2.1.5. **Access to the Settlement Claims Administrator.** The Parties will have equal access to the Settlement Claims Administrator. Class Counsel and Defendant's Counsel agree to use their best efforts to cooperate with the Settlement Claims Administrator and provide reasonable assistance in administering the settlement.

## 2.2. Preliminary Approval Motion.

2.2.1. Within thirty (30) days of complete execution of this Agreement or in accordance with any orders set by the Court, Class Counsel shall file a Motion for Preliminary Approval ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Class Counsel will submit to the Court: (1) the proposed Notice, (2) the proposed Election Form, (3) the proposed Preliminary Approval Order, (4) an executed version of this Agreement, and (5) the necessary documents, memorandum, affidavits and exhibits for the purposes of approving the settlement. The Preliminary Approval Motion also will seek the setting of a date for individuals to submit Election Forms, Opt-out Statements and/or object to this Agreement.

2.2.2. In the Preliminary Approval Motion, Class Counsel shall inform the Court of the intended process to obtain an "Approval Order" in accordance with the Court-approved schedule, so that the Court may, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Action with prejudice; (4) award Costs and Fees, including any Service Award; and (5) authorize distribution and payment to the Class Members.

2.2.3. On the date the Court enters the Approval Order, Plaintiffs and each Settlement Class Member, and anyone claiming through or on behalf of them, shall be barred and enjoined from commencing, instituting, continuing to prosecute, intervening in, participating in as class members or otherwise, or receiving any benefits or relief from any action or any proceeding against Defendant in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against the Releasees or Defendant's Counsel and any claims arising out of, relating to, or in connection with the defense, settlement, or

resolution of the Action or the Released Claims, except for claims relating to the enforcement of the terms of this Settlement Agreement.

**2.3.     Notice and Election Forms to Class Members.**

2.3.1.  **Class List**. Within ten (10) days of the Approval Order being signed by the Court, Defendant shall provide the Settlement Claims Administrator and Class Counsel with the Class List to allow for the distribution of Notice in the manner described in this Agreement, including via email and physical mailing, as necessary.

2.3.2.  **Notice.** The Notice will inform the Settlement Class about this settlement, and will also advise them of their rights, including their ability to object to, opt-out of, or participate in the settlement. Within fourteen (14) days after receipt of the Class List, or as otherwise ordered by the Court, the Settlement Claims Administrator shall (1) email a copy of the Notice to all Class Members for whom the Settlement Claims Administrator has a valid email address, then (2) shall wait seven days for emails to be unopened or returned, and then (3) mail a copy of the Notice and Election Form to all Class Members for whom the Settlement Claims Administrator does not have a valid email address or an unopened email through regular U.S. Mail to such students' last known mailing address as listed in USD's records (or as otherwise updated).

2.3.3.  **Skip Trace and Remailing.** If a Notice is returned as undeliverable via email, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including performing a skip trace, and shall email the Notice to any other email address obtained or mail Notice to any physical address. If a Notice is returned as undeliverable via mail, then the Settlement Claims Administrator shall take all reasonable steps to obtain a mailing address, including requesting such information from Defendant, performing a skip trace, and/or remailing the Notice to any address. The Settlement Claims Administrator shall also mail a Notice and Election Form to any Class Member who requests them after the initial mailing of Notice and before the Notice Response Deadline. The Settlement Claims Administrator will notify Class Counsel and Defendant's Counsel of any Notices and Election Forms returned as undeliverable after the first mailing, including those returned as undeliverable after any subsequent mailing. All costs of locating Class Members will be paid from the QSF. To assist in obtaining a more accurate email or physical address for any Class Member, Class Counsel may provide such to the Settlement Claims Administrator to be used for the purposes of mailing of Notice.

2.3.4.  **Notice Response Deadline.** Class Members are not required to take any affirmative steps to participate in this Action and upon Final Approval settlement checks will be mailed to all Class Members by the dates set forth in this Agreement or in the Approval Order. However, Class Members shall be given the opportunity via the Election Form to decide upon a reasonably convenient method for them to receive their settlement proceeds among several reasonable options (i.e., mailing of checks, Venmo, PayPal, etc.). Class Members may submit their Election Forms via first

class mail, fax, email, or through the Settlement Website by the Notice Response Deadline. The Notice Response Deadline for Election Forms shall be (i) thirty (30) days from the date of the initial mailing or as otherwise set by the Court, and (ii) an additional fifteen (15) days later for any Class Members who were unable to file a timely Election Form, due to factors such as change of address, military service, hospitalization, or other extraordinary circumstances. If an envelope does not contain a postmark, it shall be deemed received on the date that the Settlement Claims Administrator stamps the envelope or Election Form as "received."

2.3.5. **Settlement Website.** On the same date as initial mailing and/or e-mailing of Notices, notice shall also be provided on a website at an available settlement URL including https://www.USDTuitionFeeSettlement.com/, which shall be obtained, administered, and maintained by the Settlement Claims Administrator. Copies of this Settlement Agreement, the Notice, Election Form, and other pertinent documents and Court filings pertaining to the Settlement shall be provided on the Settlement Website.

**2.4.    Opt-outs: Class Members Who Opt-out of the Settlement.**

2.4.1. Class Members who elect to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement ("Opt-out Statement").  In order to be valid, the Opt-out Statement must include the name, address, and telephone number of the Class Member, and a statement indicating his or her intention to opt-out. To be effective, an Opt-out Statement must be postmarked by United States Postal Service or via verification through the settlement website on or before the Notice Response Deadline.

2.4.2. The time period to opt-out of the settlement shall be on or before the Notice Response Deadline.

2.4.3. The Settlement Claims Administrator shall stamp the received date on the original of each Opt-out Statement and send copies of each Opt-out Statement to Class Counsel and Defendant's Counsel not later than three (3) days after receipt. The Settlement Claims Administrator shall, within twenty-four (24) hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery. The Settlement Claims Administrator shall retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities in connection with this Agreement.

2.4.4. Any Class Member who does not timely submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Approval Order, and will have any and all Released Class Claims released and dismissed with prejudice.

**2.5.    Objectors: Class Members Who Object to the Settlement.**

2.5.1. Class Members who wish to present objections to the proposed settlement must do so in writing by the Notice Response Deadline. To be considered, such statement must be mailed to the Settlement Claims Administrator via First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before the Notice Response Deadline. The statement must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); (6) copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based; (7) a detailed list of any other objections submitted by the Settlement Class member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (8) the objector's signature, in addition to the signature of the objector's attorney (if any) – an attorney's signature alone shall not be deemed sufficient to satisfy this requirement. Failure to include any of the information or documentation set forth in this paragraph shall be grounds for overruling and/or striking the objection. The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection.

2.5.2. An Objector may withdraw his or her objections at any time. Any Class Member who has elected to opt-out may not submit objections to the settlement.

2.5.3. To the extent that the issue raised by the Objector has not been resolved, the Objector or either Party may seek relief from the Court including declaring that the Objector has opted out or that her/his objection has been overruled.

**2.6.    Final List of Class Members, Objectors and Opt Outs.**

2.6.1. No later than thirty (30) days after the Notice Response Deadline, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendant's Counsel: (a) a list of all Class Members, (b) a list of all Objectors, (c) a list of all Class Members who timely submitted an Opt-out Statement, and (d) an estimated calculation of the Settlement Proceeds to Class Members in accordance with the formulas and allocation amounts discussed below.

2.6.2. To the extent that any issues arise, they should be addressed by the Parties. If the issues cannot be resolved, they should be submitted to the Court via the Application for Final Approval with designated paragraphs concerning the respective position

of the Parties.

**2.7.    Final Approval Motion.**

2.7.1.  No later than thirty (30) days after the Notice Response Deadline, or in accordance with any orders set by the Court, Plaintiff shall move for Final Approval of the Settlement, including dismissal of the claims with prejudice and approval of all procedures for effectuating the terms of the settlement.

2.7.2.  Within 15 days after Final Approval Order from the Court, the Settlement Claims Administrator shall finalize calculations for allocation of the Settlement proceeds and provide a version to the Parties. To the extent any issues arise from the calculations, the Parties shall convene a meet and confer. To the extent that the Parties are unable to resolve the disputes concerning the calculations, the Parties shall submit the settlement to the Court for final resolution of the calculations and distributions.

# 3.   Settlement Terms

**3.1.    Consideration.** Defendant agrees to pay One Million Four Hundred Thousand Dollars ($1,400,000.00) to fully satisfy any and all current cash benefits to be paid to all Class Members, any Court-approved Costs and Fees, and all costs and fees associated with the Settlement Claims Administrator.

3.1.1.  **Funding the QSF.** Defendant shall make payments into the QSF as follows: (i) on or before 14 days after Preliminary Approval, Defendant shall pay $35,000 for the primary purpose of funding the Settlement Claims Administrator and paying the costs associated with effectuating notice; and (ii) on or before 10 days after the Final Effective Date, Defendant shall fund the remainder of the Gross Settlement Fund into the QSF.

3.1.2.  **Uncashed and Unclaimed Funds.** After 270 days after the mailing of Settlement Checks and all outstanding issues are resolved, any amounts remaining in the QSF shall be distributed to USD's institutional general scholarship and hardship financial aid funds at USD.

3.1.3.  **No Additional Payments by Defendant.** Under no circumstances will Defendant or any of the Releasees be required to pay more than the Settlement Fund Amount and under no circumstances shall this Settlement Agreement be construed to require Defendant or any of the Releasees to make any other payments.

**3.2.    Payments to Class Members and Others.** Funds shall be disbursed by the Settlement Claims Administrator as follows:

3.2.1.  Within 30 days after the Final Effective Date, the Settlement Claims Administrator shall mail all Settlement Checks to Class Members or distribute funds to Class Members in accordance with method selected on Election Form.

3.2.2. The Attorneys' Fees and Costs and Service Award granted by the Court shall be paid to Class Counsel out of the Gross Settlement Fund within ten (10) days after the Court issues an order of Final Approval that includes an award of attorneys' fees and/or expenses to Class Counsel and/or Service Award to Named Plaintiffs. If Final Approval or the award of attorneys' fees, costs or expenses is later reversed on appeal then, within ten (10) days of such order, Class Counsel shall repay to the QSF the amount received.

3.2.3. The Court shall have binding authority to resolve disputes regarding payments to Class Members, and distribution of settlement proceeds.

### 3.3. Amounts Payable as Attorneys' Fees, Costs, and Expenses.

3.3.1. In connection with the Application for Approval, Class Counsel will petition the Court for an award of no more than Two Hundred Seventy-Five Thousand Dollars ($275,000.00) for attorneys' fees and will additionally petition the Court for reimbursement of reasonable litigation costs, and expenses not to exceed $300,000. other than costs associated with the Settlement Claims Administrator incurred in connection with the Action.

3.3.2. The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Approval.

### 3.4. Service Award for Named Plaintiffs.

3.4.1. In return for services rendered to the Settlement Class, Named Plaintiffs may apply to the Court to receive a Service Award of no more than Fifteen Thousand Dollars total ($15,000). A Service Award shall be paid out of the Settlement Fund.

3.4.2. The application for a Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of the Court's ruling on the application for the Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Application for Approval.

### 3.5. Net Settlement Fund and Allocation to Class Members.

3.5.1. **Allocation.** The Settlement Claims Administrator shall prepare calculations to be approved by the Parties, and the Net Settlement Fund shall be distributed proportionately to all Class Members based on the following terms and criteria:

I. Students who enrolled for online only classes at the beginning of the Spring 2020 Semester, who paid no tuition or fees, or who left USD prior to March 16, 2020, are not eligible to collect any proceeds.

III. The remainder of the Net Settlement Fund shall be allocated to Class Members on a prorated basis based on a percentage of tuition and fees paid to USD during the Spring 2020 Semester, taking into account any USD-funded amounts that did not require repayment.

3.5.2. **Amount Allocation.** The sum of all calculated amounts is expected to be $745,000, after payment of Attorneys' Fees and Costs, Service Award, and costs of the Settlement Claims Administrator.

**3.6. Release of Claims.**

3.6.1. Upon the Final Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.

3.6.2. Except as provided in this Agreement, upon payment of all Costs and Fees as approved by the Court, Class Counsel, on behalf of the Class Members, irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Released Parties for attorneys' fees, expenses, disbursements and all other costs and fees associated with Class Counsel's representation of the Class. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses, disbursements and all other costs and fees associated with Class Counsel's representation in the Action.

**3.7.** **Non-Admission of Liability.** By entering this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Named Plaintiffs and/or the Class Members, individually or collectively, all such liability being expressly denied. Rather, Defendant enters into this Agreement to avoid further protracted litigation and to fully and finally resolve and settle all disputes with the Named Plaintiffs and Class Members. Settlement of the Action, negotiation and execution of this Agreement, and all acts performed and documents executed pursuant to or in furtherance of this Agreement or the settlement: (1) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in any and all complaints or other papers filed by Plaintiff in the Action; and (2) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative, or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**3.8.** **No Other Discovery.** From and after the date this Settlement Agreement is fully executed, neither Defendant nor Plaintiffs or any Settlement Class Member, shall file motions against the other or initiate or participate in any discovery, motion practice, or proceeding directly adverse to the other in connection with the Action, except as specifically provided for herein. Defendant and Plaintiffs shall not be obligated to respond or supplement prior responses to formal discovery that have been previously propounded by the other in the

Action. Defendant shall retain the right, by motion or otherwise, to protect, or attempt to protect, from disclosure any and all documents and information designated as Confidential and/or Attorneys' Eyes Only under the governing protective order.

**3.9.** **Elective Withdrawal.** If the number of individuals that timely and validly opt out of the Settlement Class exceeds 5% of the headcount of the Settlement Class then Defendant, in its sole discretion, shall have the unilateral, unconditional option to withdraw from the Settlement Agreement and render the Settlement Agreement null and void.

**3.11.** **Responsibility Regarding Taxes.** Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund Amount. Further, Class Counsel shall be solely responsible for directing the Settlement Administrator to pay from the Settlement Fund, as and when legally required, any and all Tax Expenses. Defendant and the Releasees shall have no responsibility to make any tax filings or tax payments relating in any way to payments made pursuant to this Settlement Agreement.

**3.12.** **Satisfaction of Taxes and Reporting.** The Settlement Administrator shall be responsible to satisfy from the Settlement Fund Amount any and all federal, state, and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including, without limitation, FICA, FUTA, and Medicare and any state employment taxes including, without limitation, SUTA. The Settlement Administrator shall promptly provide to Defendant the information and documentation (including copies of applicable IRS and state forms) reasonably requested by Defendant with respect to the payment or remittance of such employment and withholding taxes. The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including, without limitation, any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and any other obligations with respect to the payments or distributions under the terms of this Settlement Agreement not otherwise addressed herein.

**3.13.** **Tax Forms.** The Settlement Administrator shall be responsible for procuring any required tax forms from Settlement Class Members before making any such payments or distributions.

**3.14.** **No Tax Advice or Representations.** Plaintiffs, individually and on behalf of the Settlement Class, and Class Counsel and each of them represent and agree that they have not received and/or relied on any advice and/or representations from Defendant, the Releasees, or Defendant's Counsel as to taxes, including the taxability of the payments received pursuant to this Settlement Agreement.

**4.** **INTERPRETATION AND ENFORCEMENT**

**4.1.** **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval

of this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

4.2.   **No Assignment**.  Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

4.3.   **Entire Agreement**.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

4.4.   **Binding Effect**.  The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof. This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns. Notwithstanding the passage of any legislation, bill, regulation, or other change in the law that may materially affect the rights of Named Plaintiffs and all Class Members in the Action, this Agreement is binding.

4.5.   **Arms' Length Transaction; Materiality of Terms**.  The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

4.6.   **Captions**.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

4.7.   **Governing Law**.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California, without regard to choice of law principles.

4.8.   **Continuing Jurisdiction**. The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties may not unilaterally petition the Court to modify this Agreement or to increase the Defendant's payment obligations, except to the extent provided in this Agreement.

4.9.   **Waivers, Modifications and Amendments to Be in Writing**.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver,

modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**4.10.** **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its full execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**4.11.** **Facsimile, Email and Electronic Signatures**. Any Party may execute this Agreement by electronic signature and/or by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

**4.12.** **Enforcement Actions**. In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other party or parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorney's fees and costs incurred in connection with any enforcement actions.

**4.13.** **Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**4.14.** **Confidentiality of Settlement Negotiations**. Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current, future, or former party to the Action, any non-public information regarding the Parties' negotiation of the settlement or the Settlement Agreement, except that the Parties may file under seal any documents concerning this settlement or the negotiation of the Settlement Agreement in connection with a motion or proceeding to enforce or contest the terms of this Settlement Agreement. Information contained within this Settlement Agreement shall be considered public and nothing shall prohibit Plaintiffs from publicly disclosing those terms, procedurally or substantively, to the Court for Preliminary or Final Approval. After Final Preliminary Approval, the Settling Parties reserve the right to issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement. The Settling Parties agree that both before and after Preliminary Approval of the Settlement Agreement, they shall not publish, issue, or cause to be issued any such press release concerning the Settlement Agreement without the prior review and written approval of all other Settling Parties. In response to media

inquiries, the Settling Parties, and their counsel, agree to limit their response to "the parties have reached an agreement to settle the matter."

**WE AGREE TO THESE TERMS,**

FOR DEFENDANT:

University of San Diego

*Kathryn Roig*
_____

By: _Kathryn Roig_____

Date: _November 13, 2024_____

FOR PLAINTIFFS:

Edgar Chavarria

_____

Date: _____

Catherine Holden

*Cath*
_____
Catherine Holden (Nov 15, 2024 09:55 PST)

Date: __11/15/2024_____

Matthew Sheridan

_____

Date: _____

**WE AGREE TO THESE TERMS,**

FOR DEFENDANT:

University of San Diego

_____

By: _____

Date: _____

FOR PLAINTIFFS:

Edgar Chavarria

_____

Date: _____ 11/11/2024 _____

Catherine Holden

_____

Date: _____

Matthew Sheridan

_____

Date: _____

**WE AGREE TO THESE TERMS,**

FOR DEFENDANT:

University of San Diego

*Kathryn Roig*
_____

By: <u>Kathryn Roig</u>

Date: <u>November 13, 2024</u>

FOR PLAINTIFFS:

Edgar Chavarria

_____

Date: _____

Catherine Holden

_____

Date: _____

Matthew Sheridan

_____

Date: _____

**WE AGREE TO THESE TERMS,**

FOR DEFENDANT:

University of San Diego

_____

By: _____

Date: _____

FOR PLAINTIFFS:

Edgar Chavarria

_____

Date: _____

Catherine Holden

_____

Date: _____

Matthew Sheridan

_____

Date: __11/13/24__