James A. Francis*
Lauren KW Brennan, Esq. *
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
Erik Dos Santos, (SBN 309998)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vincente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770

Michael A. Tompkins, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
mtompkins@leedsbrownlaw.com

Jason Sultzer, Esq.**
Jeremy Francis, Esq.**
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com
 *Admitted Pro Hac Vice
**Pro Hac Vice Pending

Yvette Golan, Esq.*
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation<br><br>This document relates to:<br>All actions | Master File No. 20-CV-1946-RBM-VET<br><br>**MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL AND SERVICE AWARDS TO THE CLASS REPRESENTATIVES** |

PLEASE TAKE NOTICE that on March 3, 2025, Plaintiffs Edgar Chavarria, Catherine Holden, and Matthew Sheridan, on behalf of themselves and the Settlement Class, will and hereby do move this Court for an order approving and awarding attorneys' fees, litigation costs and expenses, and service awards. By this motion, Plaintiffs seek:

1.    $275,000.00 in attorney's fees;

2.    $276,236.74 in litigation costs and expenses, and

2.    Service awards of $5,000.00 for each Plaintiff – for a total of $15,000.

This Motion is based on: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees, Costs, and Service Award incorporated herewith; (3) the Declaration of James A. Francis, (4) the Declaration of Michael A. Tompkins; (5) the Declaration of Erik Dos Santos; (6) the Declaration of Jason P. Sultzer; (7) the Declaration of Yvette Golan, and (8) the [Proposed] Order filed concurrently herewith; (9) the records, pleadings, and papers filed in this action; and (10) on such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this.

Date: February 14, 2025

/s/ Lauren KW Brennan
James A. Francis (admitted *pro hac vice*)
Lauren KW Brennan (admitted *pro hac vice*)
**FRANCIS MAILMAN SOUMILAS, P.C**.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Michael Tompkins (admitted *pro hac vice*)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347

ii

Carle Place, NY 11514-1851
Tel: (516) 873-9550
mtompkins@leedsbrownlaw.com

Yvette Golan (admitted *pro hac vice*)
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150
Fax: (928) 441-8250
ygolan@tgfirm.com

Tammy Hussin (SBN 155290)
**HUSSIN LAW FIRM**
1596 N. Coast Highway 101
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
tammy@hussinlaw.com

Erik Dos Santos, (SBN 309998)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vicente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770
Fax: (310) 860-0771
EDossantos@shegerianlaw.com

Jason. P. Sultzer
Jeremy B. Francis
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY, 12601
Tel: (845) 483-7100
sultzerj@thesultzerlawgroup.com

*Attorneys for Plaintiffs*

iii

# TABLE OF CONTENTS

Notice of Motion ............................................................................................. ii

Table of Contents ........................................................................................... iv

Table of Authorities .........................................................................................v

Memorandum In Support ................................................................................1

    Introduction ..................................................................................................1

    Argument .......................................................................................................2

        I.     The Requested Fee Award is Reasonable Under the Applicable Ninth Circuit Standars ...............................................................................2

             A.     The Fee Request is Supported by the Percentage-of-Recovery Method .............................................................................4

                   1.   The Results Achieved Support the Reasonableness of the Requested Fee ...................................................................5

                   2.   The Risks Of The Litigation Demonstrate The Reasonableness of The Requested Fee .............................5

                   3.   Class Counsel's Skill, Quality of Work, and Contingent Nature of Their Representation Support The Requested Fee ..................................................................6

                   4.   The Awards in Similar Cases Supports the Reasonableness of the Requested Attorneys' Fees ..........6

             B.     The Fee Request is Also Reasonable When Evaluated Under the Lodestar Method ........................................................7

                     1.   The Hours Expended By Class Counsel Are Reasonable ...................................................................................8

                     2.   Class Counsel's Hourly Rates are Reasonable ..........9

                     3.   The Fee Request is Supported By Class Counsel's Negative Lodestar Multiplier ...........................................10

                     4.   The Reaction of the Class Supports the Reasonableness of the Requested Fees ...........................11

        II.    Class Counsel's Expenses Are Reasonable And Should Be Reimbursed ...............................................................................................11

        III.   The Requested Service Awards Are Appropriate ....................12

    Conclusion ..................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Baker v. SeaWorld Ent., Inc.*,
   2020 WL 4260712 (S.D. Cal. July 24, 2020) ......................................................7

*Bergeron v. Rochester Inst. of Tech.*,
   2024 WL 5054841 (2nd Cir. Dec. 10, 2024) ......................................................6

*Berlanga v. U. of San Francisco*,
   318 Cal. Rptr. 3d 782 (Cal. App. 1st Dist. 2024), *reh'g denied*
   (Mar. 15, 2024) ......................................................................................................6

*In re Bluetooth Headset Products Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ..........................................................................3, 4, 7

*Blum v. Stenson*,
   465 U.S. 886 (1984)..............................................................................................9

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980)..............................................................................................3

*Choi v. Brown University*,
   Case No. 1:20-cv-00191-JJM-LDA (D.R.I.) ...................................................5, 7

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
   109 F.3d 602 (9th Cir. 1997) .............................................................................10

*Costa v. Comm'r of Soc. Sec. Admin.*,
   690 F.3d 1132 (9th Cir. 2012) .............................................................................8

*Espejo v. Cornell University*,
   Case No. 3:20-cv-00467-MAD-MIL (N.D.N.Y.) ............................................5, 7

*Fischel v. Equitable Life Assur. Socy. of U.S., 307 F.3d 997 (9th Cir. 2002)* ......................................................................................................................4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)....................................................10

TABLE OF AUTHORITIES

*In re Toys "R" US-Delaware, Inc.*, 295 F.R.D. 438, 87 Fed. R. Serv.
    3d 968 (C.D. Cal. 2014) ...................................................................12

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013) .......................................................7, 9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...........................................................4

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ...............................................................12

*Heid v. CyraCom Int'l, Inc.*,
    No. 22-CV-1445-MMA (KSC), 2024 WL 4008650 (S.D. Cal. Aug.
    30, 2024) .......................................................................................3, 4

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).........................................................................3, 8

*Hopkins v. Stryker Sales Corp.*,
    2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .......................................10

*Laguna v. Coverall North America*,
    753 F.3d 918 (9th Cir. 2014) *vac'd as moot*, 772 F.3d 608 (9th Cir.
    Nov. 20, 2014) ....................................................................................3

*Maxin v RHG & Co., Inc.*,
    2018 WL 9540503 (S.D. Cal. Feb. 16, 2018).....................................11

*Meehan v. Roadmaster Drivers School, Inc.*,
    Case No. 5:22-cv-04299-JMG (E.D. Pa. Sept. 18, 2024) ..................10

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ...........................................................8

*Pfeifer v. Loyola Univ. of Chicago*,
    Case No. 1:20-cv-3116 (N.D.Ill.) .....................................................5, 7

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ...........................................................3

*Rocchio v. Rutgers, The State University of New Jersey*,
    No. MID-L-003039-20 (N.J. Super. Ct.)..............................................5

vi

TABLE OF AUTHORITIES

*Rodriguez v. W. Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) ..................................................................12

*Ruiz v. XPO Last Mile, Inc.,*
  2017 WL 6513962 (S.D. Cal. Dec. 20, 2017) ......................................12

*Scott v. Blackstone Consulting, Inc.,*
  2024 WL 271439 .......................................................................................9

*Shannon v. Sherwood Mgmt. Co., Inc.,*
  2020 WL 5891587 (S.D. Cal. Oct. 5, 2020) .........................................10

*Shay v. Apple, Inc.,*
  2024 WL 1184693 (S.D. Cal. Mar. 19, 2024) ...............................12, 13

*Smith v. The Univ. of Pennsylvania,*
  Case No. 2:20-cv-02086 (E.D. PA) ...................................................5, 7

*Staubus v. Univ. of Minnesota,* Court File No. 27-cv-20-8546 (4th
  Jud. Dist., Hennepin Cnty., Minn.) ..........................................................5

*Taylor v. Populus Grp., LLC,*
  2023 WL 139898 (S.D. Cal. Jan. 9, 2023) .............................................6

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) .......................................................4, 6, 10

*In re Wash. Pub. Power Supply Sys. Sec. Litig. ("WPPSS"),*
  19 F.3d 1291 (9th Cir. 1994) .....................................................3, 4, 9

*Wnorowski v. Univ. of New Haven,*
  Case No. 3:20-cv-1589 (D.Conn.) .....................................................5, 7

**Other Authorities**

Fed. R. Civ. P. 23(h) ...........................................................................2

TABLE OF AUTHORITIES

## MEMORANDUM IN SUPPORT

Plaintiffs Edgar Chavarria, Catherine Holden, and Matthew Sheridan ("Plaintiffs" or "Class Representatives"), individually and on behalf of the certified class (the "Class," "Settlement Class" or "Class Members") respectfully submit this memorandum of law in support of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Service Awards (the "Motion").[1]

## **INTRODUCTION**

In this matter, Class Counsel's efforts have resulted in a settlement for Class Members that generates significant monetary relief for Class Members. Specifically, the Settlement provides Class Members with immediate, valuable relief in the form of a Settlement Fund of One Million Four Hundred Thousand Dollars ($1,400,000.00).

The Settlement materialized as a result of Class Counsel's dedication to vigorously litigating this action for more than four years of contentious, hard-fought litigation. Originally filed as three independent cases in the fall of 2020, Class Counsel litigated separately until the case was consolidated in April 2021. Both before and after consolidation, Class Counsel successfully defeated the efforts of Defendant the University of San Diego ("Defendant" or "USD") to have the claims dismissed. *See, e.g.* ECF 45. Class Counsel obtained substantial discovery relevant to both class certification and the merits of the claims asserted, and presented meritorious arguments concerning certification and on dispositive motions by Plaintiffs and Defendant.

Even in the face of sustained, skillful, and vigorous opposition by USD, Class Counsel was able to negotiate a settlement that provides monetary relief for

---

[1] Unless otherwise indicated, capitalized terms shall have the same meaning as they do in the Settlement Agreement. References to "§ __" are to sections in the Settlement Agreement, Dkt. 170-2 ("Settlement") and all Exhibits to the Settlement Agreement are referred to as "Ex #."

1

Settlement Class Members that is line with similar settlements across the country on nearly identical claims, while avoiding the risks of an adverse decision in motion practice, motion practice on class certification, a Daubert challenge to Plaintiffs' Expert, likely trial on the issue of damages (if not liability as well),  likely appeals on any number of issues. In light of this success, Class Counsel submit that they are entitled to recover reasonable attorney's fees and litigation costs.

To that end, Class Counsel respectfully request that the Court award Attorneys' Fees and Costs in the amount of $275,000.00 as compensation for their efforts and results they obtained on behalf of the Settlement Class, and $276,296.28 as reimbursement for necessary and reasonable litigation costs.  The requested attorney award represents only 19.6% of the Gross Settlement Fund, less than the 25% benchmark in the Ninth Circuit. Moreover, it represents only 25.7% of the lodestar actually incurred by Class Counsel, which further supports the reasonableness of the fee request.  The requested award of costs and expenses in the amount of $276,236.74 stems primarily the cost of Plaintiffs' Expert, as well as deposition costs and filing fees.

Finally, the Service Awards requested are reasonable and should be approved given each Class Representative's contributions to this action. For all the reasons discussed herein, the Court should grant Plaintiffs' Motion.

## ARGUMENT[2]

### I.     THE REQUESTED FEE AWARD IS REASONABLE UNDER APPLICABLE NINTH CIRCUIT STANDARDS

At the conclusion of a successful class action, the plaintiff may apply to the Court for an award of "reasonable attorneys' fees and non-taxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). In considering

---

[2] Plaintiffs incorporate the factual background in their memorandum in support of final approval and the Declarations of counsel filed contemporaneously filed herewith.

MEMORANDUM OF LAW

the fee application, courts must ensure that the fees awarded are reasonable. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In their evaluation, however, district courts must account for the fact that "the parties are compromising to avoid litigation." *Laguna v. Coverall North America*, 753 F.3d 918, 922 (9th Cir. 2014) *vac'd as moot*, 772 F.3d 608 (9th Cir. Nov. 20, 2014). Accordingly, "the district court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Id.* (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003)). This standard is consistent with the strong policy discouraging a "second major litigation" arising from a request for attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Under the "common fund" or "common benefit" doctrine, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). This doctrine is equitable in nature and recognizes that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig. ("WPPSS")*, 19 F.3d 1291, 1300 (9th Cir. 1994). A district court has "broad authority" over attorney fee awards in class actions, see *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000), and the guiding principle is that a fee award is to be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1304. "The Court has discretion in a common fund case such as this to choose either the lodestar method or the percentage-of-the-fund method when calculating reasonable attorneys' fees." *Heid v. CyraCom Int'l, Inc.*, No. 22-CV-1445-MMA (KSC), 2024 WL 4008650, at *9 (S.D. Cal. Aug. 30, 2024) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Under the lodestar method, the court "multiplies a reasonable number of hours by a reasonable hourly rate." *Id.* at *10. Under a percentage-of-the-fund method the "'benchmark' award is 25 percent of the fund, which the district court may 'adjust[] upward or downward to account for any unusual circumstances involved in the case.'" *Fischel*, 307 F.3d at 100. When using the percentage-of-the-fund method, courts routinely cross-check their "percentage of the fund" calculation with the lodestar method.

Plaintiffs submit that its fee request is reasonable under both the lodestar and the percentage-of-recovery method.

## A. The Fee Request is Supported by the Percentage-of-Recovery Method

Under the percentage-of-recovery method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citations omitted). In the Ninth Circuit, the starting benchmark for fee awards in common fund cases is 25% of the common fund. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). However, the percentage may be adjusted according to (1) the results achieved, (2) the risk of litigation, (3) the skill required and the quality of work, (4) the contingent nature of the fee, and (5) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-49). As detailed below, given the specific context and components of this Settlement, and the factors discussed above, Class Counsel's request amounts to 19.6% of the Gross Settlement Fund. When considering the above factors within the context of this action, the Court should find that Class Counsel's request is reasonable and should not adjust the request up or down. *See WPPSS*, 19 F.3d at 1304 (the guiding principle is that a fee award is to be "reasonable under the circumstances.").

1.  *The Results Achieved Support the Reasonableness of the Requested Fee*

The Settlement provides a substantial cash benefit to the Class, providing $170.77 per class member before deduction of fees and costs, which is in line with settlements in other cases bringing claims by students against educational institutions regarding the transition to online learning due to COVID. *See e.g., Choi v. Brown University*, Case No. 1:20-cv-00191-JJM-LDA (D.R.I.) (approving $1.5M for more than 9,600 students, or $155.50 per student before fees and costs); *Espejo v. Cornell University*, Case No. 3:20-cv-00467-MAD-MIL (N.D.N.Y.) ($3M for more than 24,000 students or $124.27 per student);; *Rocchio v. Rutgers, The State University of New Jersey*, No. MID-L-003039-20 (N.J. Super. Ct.) ($5 million settlement with a per student recovery of $77.48); *Smith v. The Univ. of Pennsylvania*, Case No. 2:20-cv-02086 (E.D. PA) ($4.5M for more than 24,000 students or $184.14 per student before fees and costs); *Pfeifer v. Loyola Univ. of Chicago*, Case No. 1:20-cv-3116 (N.D.Ill.) ($1.375 MM common fund for 15,000 students, or $86.67 per student); ."); *Wnorowski v. Univ. of New Haven*, Case No. 3:20-cv-1589 (D.Conn.) ($1M common fund for over 6,000 students, or $155.57 per student before fees and costs); *Staubus v. Univ. of Minnesota*, Court File No. 27-cv-20-8546 (4th Jud. Dist., Hennepin Cnty., Minn.) ($3.25m for 54,000 students or $59.47 per student before fees and costs).

Given the significant relief secured for the Class, the modest award of attorneys' fees and costs should be approved as reasonable.

2.  *The Risks Of The Litigation Demonstrate The Reasonableness of The Requested Fee*

Class Counsel achieved this result in the face of substantial risk of no recovery whatsoever for Class Members. Plaintiffs' claims are not guaranteed, and indeed the results of similar litigation have been mixed when faced with the same arguments concerning liability, damages, and the defense of impossibility that USD continues

to assert here. The California Court of Appeals' decision in *Berlanga v. U. of San Francisco*, 318 Cal. Rptr. 3d 782 (Cal. App. 1st Dist. 2024), *reh'g denied* (Mar. 15, 2024) demonstrates the risk Plaintiffs face in continuing with litigation. *See also Bergeron v. Rochester Inst. of Tech.*, 2024 WL 5054841 (2nd Cir. Dec. 10, 2024) (affirming summary dismissal of student's claims). The affirmed summary judgment decisions for the university in similar COVID college tuition suits, have held that the students' implied contract and unjust enrichment claims failed because they had not shown that the university promised to provide in-person education. While the California Supreme Court has yet to address the issue, and while *Berlanga* is arguably distinguishable on its facts from this case, the ruling demonstrates the value of resolving this case through approval of the Settlement – and the risk of allowing the case to proceed to an unpredictable decision on the merits.

### 3. Class Counsel's Skill, Quality of Work, and Contingent Nature of Their Representation Support The Requested Fee

Class Counsel relied upon their extensive experience in consumer protection class actions and in similar cases to prosecute and manage this litigation, which involved extensive formal discovery and briefing of numerous hotly contested motions. *See* declarations of counsel. Furthermore, Class Counsel undertook to represent class members on a contingent basis, expending over 2,000 hours to litigate this matter. These factors support awarding the requested fee without modification. *See, e.g. Vizcaino*, 290 F.3d at 1050 (competence of counsel and contingent nature of representation relevant to award of fees); *Taylor v. Populus Grp., LLC*, 2023 WL 139898, at *3-4 (S.D. Cal. Jan. 9, 2023).

### 4. The Awards in Similar Cases Supports the Reasonableness of the Requested Attorneys' Fees

Courts often look at fees awarded in comparable cases to determine if the fee requested is reasonable. Here, Class Counsel's request for a *negative* multiplier on

MEMORANDUM OF LAW

its lodestar and only 19% of the Gross Settlement Fund is well below the benchmark in this Circuit and is thus reasonable as compared to other cases. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)). Moreover, Class Counsel's request is also reasonable when compared to fee awards similar COVID-19 tuition and fee refund class actions which have also routinely awarded far more than the 19% requested here. *See e.g., Choi v. Brown University*, Case No. 1:20-cv-00191-JJM-LDA (D.R.I.) at Dkt. 81 (approving 30% of common fund plus expenses); *Espejo v. Cornell University*, Case No. 3:20-cv-00467-MAD-MIL (N.D.N.Y.) at Dkt. 165 (awarding 33% of common fund plus expenses); *Smith v. The Univ. of Pennsylvania*, Case No. 2:20-cv-02086 (E.D. PA) (awarding 33% of common fund plus expenses); *Pfeifer v. Loyola Univ. of Chicago*, Case No. 1:20-cv-3116 (N.D.Ill.) at Dkt. 79 (awarding 34% of common fund); *Wnorowski v. Univ. of New Haven*, Case No. 3:20-cv-1589 (D.Conn.) at Dkt. 160 (awarding 27% of common fund plus expenses). This factor therefore supports the reasonableness of the requested fees.

**B. The Fee Request is Also Reasonable When Evaluated Under the Lodestar Method**

The lodestar method multiplies the number of hours reasonably expended by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A lodestar cross-check "'need not be as exhaustive as a pure lodestar calculation' because it only 'serves as a point of comparison by which to assess the reasonableness of a percentage award.'" *Baker v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at *9 (S.D. Cal. July 24, 2020) (quoting *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856, at *14 (C.D. Cal. July 21, 2008)). Accordingly, "'the lodestar can be approximate and still serve its purpose.'" *Id.*

As set forth in declarations of counsel submitted herewith, the Agreement was the product of Class Counsel's diligent efforts in investigating and prosecuting this

MEMORANDUM OF LAW

litigation. In total, Class Counsel expended over 2,000 hours in prosecuting this action with a total lodestar of $1,071,201.50 when applying Class Counsel's usual and customary rates. *See* Declaration of James A. Francis ("Francis Decl.") at ¶25; Declaration of Michael Tompkins ("Tompkins Decl.") at ¶ 34; Declaration of Jason Sultzer ("Sultzer Decl.") at ¶15; Declaration of Erik Dos Santos ("Dos Santos Decl.") at ¶26; Declaration of Yvette Golan ("Golan Decl.") at ¶23 Both factors support the reasonableness of Class Counsel's fee request.

### 1. The Hours Expended By Class Counsel Are Reasonable

The number of hours expended by Class Counsel, 2040.24, was reasonable in the context of this heavily litigated case. Hours are deemed reasonable if they were "expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee paying client." *Hensley*, 461 U.S. at 431. The Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nor were the over 2,000 hours Class Counsel spent on this case a result of any excessively aggressive strategy; the time expended was necessary to respond to numerous motions filed by Defendant, to prepare and respond to written discovery requests, prepare for, take, and defend depositions, review and analyze Defendant's productions of documents and data, and to negotiate, document, and administer the settlement. Class Counsel submit that the work was reasonably expended in pursuit of success at the time the work was performed.

Class Counsel reviewed their timekeeping records to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) The hours incurred reflect Class Counsel's efforts in surmounting a number of obstacles, including strong resistance from USD who was represented by highly skilled and experienced counsel, to secure

MEMORANDUM OF LAW

the Settlement for the Class.  In total, the number of hours spent by Class Counsel is reasonable considering the length, complexity and heavily litigated nature of the case.

### 2. Class Counsel's Hourly Rates are Reasonable

"[P]revailing market rates in the relevant community set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzales v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). In general, "the relevant community is the forum in which the district court sits," *id.*, and because counsel should be compensated for the delay in payment, it is appropriate to apply each biller's current rates for all hours. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994). Counsel's rates are reasonable if they are within the range charged by and awarded to attorneys of comparable experience, reputation, and ability for similar work, i.e., complex class action litigation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here Class Counsel firms have provided declarations detailing why their proposed rates for this case are reasonable, descriptions of their experience in class litigation, and other bases for their rates. See Class Counsel Declarations. Class Counsel attorneys' hourly rates range from $450 to $850 for associates and $470 to $1,400 for partners/senior attorneys. Class Counsel Declarations. These rates are consistent with the prevailing market rates in this forum for attorneys of comparable experience, reputation, and ability and are reflect rates which have been approved by the Ninth Circuit and in this District. *See, e.g., Scott v. Blackstone Consulting, Inc.*, 2024 WL 271439, at *10 (surveying decisions regarding reasonable hourly rates and noting that "courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour."). Further, Class Counsel's hourly rates sought here have been previously approved by other federal courts including

MEMORANDUM OF LAW

those settlements in similar cases. *See* Declarations of counsel; *see also Meehan v. Roadmaster Drivers School, Inc.,* Case No. 5:22-cv-04299-JMG (E.D. Pa. Sept. 18, 2024) at Dkt. 64 (final approval hearing transcript at 36:12-19, approving hourly rates and granting fees of 33% of common fund, stating that work of class counsel from Leeds Brown and Francis Mailman Soumilas, "as to the work Counsel has put in its -- from where I'm sitting, it's been substantial, and it's been first rate.").

### 3. The Fee Request is Supported By Class Counsel's Negative Lodestar Multiplier

As the Ninth Circuit has recognized, attorneys in common fund cases are frequently awarded a multiple of their lodestar, which rewards them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051. "Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) (citing *Vizcaino*, 290 F.3d at 1051 n.6) (finding multiplier was between 1.0 and 4.0 in approximately 83 percent of the cases surveyed). Class Counsel's fee request of $275,000.00 when divided by Class Counsel's $1,071,201.50 lodestar, results in a "negative multiplier" of 0.26. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (comparing the lodestar fee to the percentage fee is an appropriate measure of a percentage fee's reasonableness). Accordingly, a multiplier below 1.0, like here, strongly supports the reasonableness especially when considering Class Counsel's request is below the 25% benchmark. *See, e.g., Shannon v. Sherwood Mgmt. Co., Inc.*, 2020 WL 5891587, at *3 (S.D. Cal. Oct. 5, 2020) (negative multiplier supports reasonableness of the fee request); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *26 (S.D.N.Y. Nov. 8, 2010) ("Lead Counsel's request for a percentage fee

representing a significant discount from their lodestar provides additional support for the reasonableness of the fee request.").

### 4. The Reaction of the Class Supports the Reasonableness of the Requested Fees

The absence of substantive objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable. *See Maxin v RHG & Co., Inc.*, 2018 WL 9540503, at *6 (S.D. Cal. Feb. 16, 2018). Here, the reaction of the Class was almost unanimously favorable with only a single objection. Dkt. 237.  For the reasons discussed in the contemporaneously filed Motion for Final Approval of the settlement, this single objection should be overruled as it presents significantly different theories of liability and damages than those brought by the Plaintiffs here – and it only summarily concludes that this was done as a "quick settlement" and done "to simply benefit" Class Counsel. *See* Dkt. 237, ¶¶ 4-5. But the objector provides no evidentiary support for these contentions. Even still these assertions should be rejected, given that in reality, this case spanned years of hard-fought litigation, for which Class Counsel will recover only 25.7% of their time actually expended, and which as detailed herein and in the contemporaneously-filed Motion for Final Approval confers an immediate substantive financial benefit on the Settlement Class. This lone, factually inaccurate objection should be overruled, and the requested fee approved.

## II.   CLASS COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE REIMBURSED

In addition to providing for an award of attorneys' fees, the Settlement furthermore provides that Class Counsel shall be entitled to recover up to $300,000.00 in unreimbursed expenses.  Settlement Agreement at § 3.3.1.  Attorneys who create a common fund or benefit for a class are entitled to be reimbursed for their out-of-pocket expenses incurred in creating the fund or benefit, so long as the

11

MEMORANDUM OF LAW

submitted expenses are reasonable, necessary, and directly related to the prosecution of the action. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters); *Shay v. Apple, Inc.*, 2024 WL 1184693, at *12 (S.D. Cal. Mar. 19, 2024) (approving award of litigation costs and expenses, including use of experts because "the information and analysis provided by the experts enabled Class Counsel to obtain a favorable settlement").

Class Counsel have collectively incurred significant expenses in the prosecution of this litigation in the total amount of $276,296.28. *See* Francis Decl. at ¶ 33, Tompkins Decl. at ¶ 32, Sultzer Decl. at ¶ 21, Dos Santos Decl. at ¶ 32; Golan Decl. at ¶24. Here, a large portion of these expenses are attributable to expert witness fees, which were essential to presenting a theory of damages for purposes of class certification and summary judgment, as well as identifying and analyzing the size of the class for purposes of negotiating and effectuating the settlement. The other costs for, *inter alia*, filing, mediation, discovery and travel, are all the type of expenses routinely charged to hourly paying clients, and should be approved here. *See e.g., Ruiz v. XPO Last Mile, Inc.*, 2017 WL 6513962, at *8 (S.D. Cal. Dec. 20, 2017) (expenses for postage, telephone, fax, notice expenses, legal research, travel, and mediation all recoverable). Reimbursement of these reasonable and necessary expenses should be approved.

## III.  THE REQUESTED SERVICE AWARDS ARE APPROPRIATE

Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *see Toys R Us*, 295 F.R.D. at 470. "Such awards are intended to 'compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'" *Ruiz,* 2017 WL 6513962, at *8 (quoting *Rodriguez*). Class

12

MEMORANDUM OF LAW

Counsel here seek Service Awards of $5,000 to the Class Representatives in this matter, Edgar Chavarria, Catherine Holden, and Matthew Sheridan. These individuals made significant contributions to the litigation since its inception by responding to discovery requests, attending the Early Neutral Evaluation conference, sitting for full-day depositions, provided declarations in support of class certification and reviewed the settlement agreement. *See* Class Representative Declarations. All of the Class Representatives expended substantial effort in connection with this case and their actions protected class members' interests and was necessary to achieve the Settlement. Furthermore, the sole objection submitted does not take issue with the requested service awards, further indicating their reasonableness. *See Shay*, 2024 WL 1184693, at *12.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant Plaintiffs' motion and award fees of $275,000.00, costs and expenses of $276,236.74 and a service award of $5,000 each to Plaintiffs Edgar Chavarria, Catherine Holden, and Matthew Sheridan.


Date: February 14, 2025           **FRANCIS MAILMAN SOUMILAS, P.C.**


/s/*Lauren KW Brennan*
James A. Francis*
Lauren KW Brennan, Esq. *
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

**LEEDS BROWN LAW, P.C.**
Michael A. Tompkins, Esq.*
One Old Country Road, Suite 347

MEMORANDUM OF LAW

Carle Place, NY 11514
Telephone: (516) 873-9550

Jason P. Sultzer, Esq.**
Jeremy Francis, Esq.**
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

Yvette Golan, Esq.*
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150

Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vincente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770

James A. Francis*
Lauren KW Brennan, Esq. *
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

*Admitted Pro Hac Vice
** Pro Hac Vice Pending

*Counsel for Plaintiffs and the Putative Class*

14

MEMORANDUM OF LAW