Michael A. Tompkins, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
mtompkins@leedsbrownlaw.com

Jason Sultzer, Esq.**
Jeremy Francis, Esq.**
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

Yvette Golan, Esq.*
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150

Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vincente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770

James A. Francis*
Lauren KW Brennan, Esq. *
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

*Admitted Pro Hac Vice*
**Pro Hac Vice Pending*

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation<br><br>This document relates to:<br>All actions | Master File No. 20-CV-1946-RBM-VET<br><br>**DECLARATION OF JAMES A. FRANCIS, ESQUIRE IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL** |

I, James A. Francis, declare as follows:

# I.    INTRODUCTION

1.    I am a shareholder and attorney at Francis Mailman Soumilas, P.C. ("FMS") and one of the attorneys representing the Plaintiffs in the above-captioned matter. I submit this declaration in support of the firm's application for an award of attorneys' fees in connection with services rendered in this matter, as well as the reimbursement of costs and expenses incurred by my firm in connection with this litigation against Defendant University of San Diego.

2.    This declaration describes the history and experience of FMS and the work undertaken by the firm in connection with this litigation and summarizes the work done by each attorney and paralegal who was involved in the litigation as well as our costs and expenses.

3.    Along with the attorneys working on this case, I oversaw staffing the case with appropriate, experienced of-counsel and support staff and supervised their work. Consistent with the firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing. Time expended that has been considered duplicative or redundant has been eliminated. Time expended in preparing this application for fees and reimbursement of expenses has been included in this request.

# II.    FIRM HISTORY AND EXPERIENCE

4.    FMS was founded in 1998 as Francis & Mailman, P.C. and has concentrated its practice in consumer protection litigation ever since. Within that more general practice area, we have a particular emphasis in Fair Credit Reporting Act ("FCRA") litigation and consumer class actions. FMS has been recognized for its expertise in FCRA litigation and the high caliber of its work for the classes it represents. *See White v. Experian Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v. Experian Info. Solutions, Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (finding FMS "FCRA specialists" and appointing firm and its team as interim class counsel over objections from a competing national law firm

(Boies Schiller) because their team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation); *Der Hacopian v. SentryLink*, C.A. 18-3001 (D. Md. Nov. 23, 2020) (firm "many, many times in the past has been found to be not just qualified or competent, but extremely well-qualified and competent to represent consumer classes in many, many other jurisdictions, not only this particular jurisdiction"); *Flores v. Express Services, Inc*., C.A. No. 14-3298, 2017 WL 1177098, at *3 (E.D. Pa. Mar. 30, 2017) (firm "has extensive experience in consumer class action litigation); *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation.").

5.      A biography of FMS is attached hereto as Exhibit A.

6.      FMS is in the small minority of class action firms that has actual experience in trying consumer class actions. We have brought several actions to trial and obtained several noteworthy verdicts and settlements. *See Samuel-Bassett v. Kia Motors America, Inc*., 34 A.3d 1 (Pa. 2011) ($5.6 million verdict for class of Pennsylvania car purchasers, plus award of attorney's fees, which the Pennsylvania Supreme Court upheld); *Little v. Kia Motors America, Inc*., 2003 WL 25568765 (N.J. Super. L. 2003) (approximately $6 million verdict for a class of New Jersey consumers); *Chakejian v. Equifax Information Services, LLC*, 275 F.R.D. 201 (E.D. Pa. 2011) (favorable FCRA disclosure claim class settlement following opening statements to the jury); *Ramirez v. Trans Union LLC*, 951 F.3d 1008 (9th Cir. 2020) ($60 million jury verdict in FCRA case) (reversed for a portion of class members who lacked Article III standing, *Trans Union LLC v. Ramirez*, 141 S.Ct. 2190 (2021)).

7.      FMS and I have been certified to serve as class counsel (and/or is currently serving) on over 70 occasions by courts throughout the country, including some of the largest FCRA class

settlements in this area of litigation. *See generally* Exhibit A; *see also Ryals, et al. v. Hireright Solutions, Inc*., C.A. No. 3:09-cv-625 (E.D. Va. Dec. 22, 2011) ($28.3 million); *Henderson v. Acxiom Risk Mitigation, Inc*., C.A. No. 12-589 (E.D. Va. Aug. 7, 2015) ($20.8 million); *Thomas v. BackgroundChecks.com*, C.A. No. 13-029 (E.D. Va. Aug. 11, 2015) ($18 million); *Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) ($13.5 million plus national injunctive relief).

8.    Other recent instances in which FMS has been appointed to serve as class counsel include *Brauer v. ExamOne World Wide Inc. et al,* No. 2:22-cv-07760-MEMF-JC (C.D. Cal.) at ECF 126 (Jan. 14, 2015 Order); *Brooks v. Trans Union,* LLC, ___ F. Supp. 3d ___, 2024 WL 3625142, at *14 (E.D. Pa. Aug. 1, 2024) *Samson v. United Healthcare Servs. Inc*., 2023 WL 6793973, at *8 (W.D. Wash. Oct. 13, 2023); *Martinez v. Avantus*, LLC, 343 F.R.D. 254, 266 (D. Conn.  2023);  *Healy v. Milliman, Inc*., No. 2:20-cv-01473-JCC (W.D. Wash.) at ECF 126 (Apr. 29, 2022 order granting class certification); *Kang v. Credit Bureau Connection*, 2022 WL 658105, at *5 (E.D. Cal. Mar. 4, 2022); *McIntyre v. RealPage, Inc*., 336 F.R.D. 422, 436 (E.D. Pa. 2020); *Norman v. Trans Union, LLC*, 479 F. Supp. 3d 98, 137 (E.D. Pa. 2020); *Stokes v. RealPage, Inc*., C.A. No. 15-1520, ECF 63 (E.D. Pa. Feb. 6, 2018); *Flores v. Express Services Inc*., 2017 WL 1177098 (E.D. Pa. March 29, 2017); *Miller v. Trans Union, LLC*, 2017 WL 412641 (M.D. Pa. Jan. 18, 2017); *Larson v. Trans Union, LLC*, 2016 WL 4367253 (N.D. Ca. Aug. 11, 2016); *Magallon v. Robert Half International, Inc*., 2015 WL 8778398 (D. Or. Nov. 10, 2015); *Ramirez v. Trans Union, LLC*, 2014 WL 3734525 (N.D. Cal. July 24, 2014); *Sapp v. Experian Info. Solutions, Inc*., 2013 WL 2130956 (E.D. Pa. May 15, 2013); *LaRocque v. TRS Recovery Services, Inc*., 285 F.R.D. 139 (D. Me. 2012); *Giddiens v. First Advantage LNS Screening Solutions, Inc*., No. 2:12-cv-2624, ECF 55 (E.D. Pa. Jan. 20, 2015); *Serrano v. Sterling Testing Systems, Inc*., 711 F. Supp. 2d 402,

412 (E.D. Pa. 2010); *Summerfield v. Equifax Info. Services, LLC*, 264 F.R.D. 133 (D.N.J. 2009); *Chakejian v. Equifax Info. Services, LLC*, 256 F.R.D. 492 (E.D. Pa. 2009).

9.  I am a member in good standing of the Bar of the Commonwealth of Pennsylvania, and admitted to practice in the following additional jurisdictions:

    a.  New Jersey state court;

    b.  United States Courts of Appeal for the First, Second, Third, Fourth, Sixth, Seventh, Ninth and Eleventh Circuits;

    c.  United States District Courts for the Eastern District of Pennsylvania, Middle District of Pennsylvania, District of New Jersey, Eastern District of Michigan, Northern District of Oklahoma; and

    d.  United States Supreme Court

10.  I have been practicing consumer litigation, with an emphasis on Fair Credit Reporting litigation and consumer class actions, for the past 25 years. I have been recognized by my peers for my advocacy and work throughout my career, including being ranked as a Top 100 Superlawyer for Pennsylvania and Philadelphia on many occasions including just recently in 2023, being profiled in Law360's Titans of the Plaintiff's Bar in 2014, being awarded the Equal Justice Award by Community Legal Services of Philadelphia in 2014 and being inducted into the American College of Consumer Financial Services Lawyers in 2023.

### III.    THE UNIVERSITY OF SAN DIEGO LITIGATION

11.  FMS acted as class counsel in this matter, which was filed on October 1, 2022. I personally handled or was directly involved in virtually all attorney aspects of this litigation, along with my partner Lauren KW Brennan. We were also assisted in select respects by FMS paralegals. The tasks performed by FMS were substantial and are summarized below:

    a.   Pre-suit investigation of the claims and defenses in this matter and venue considerations;

    b.   Drafting a well-pleaded class action complaint;

12. Drafting and filing two amended complaints in response to Defendant's Motion to Dismiss Complaint and Defendant's Motion to Dismiss Amended Complaint, respectively;

13. Drafting and filing a third Amended Complaint in response to the Court's Consolidation Order;

    14. Drafting and Filing a Motion for a Protective Order;

15. Drafting and filing a Joint Motion re Electronically Stored Information Discovery Protocols;

16. Engaging in extensive written discovery and depositions;

17. Drafting, filing, and briefing Motion for Class Certification;

    18. Briefing on Defendant's Motion for Summary Judgment;

    19. Drafting and filing Plaintiff's Cross-Motion for Summary Judgment;

    20. Briefing on Defendant's Motion *In Limine;*

    21. Drafting and filing Rule 72 motion;

    22. Revising and filing Motion for Preliminary Approval;

    23. Briefing Motion for Preliminary Approval;

    a.   Participating in settlement discussions, editing and revising the settlement agreement and several short form and long form class notices; and conferring with counsel for Defendant regarding same, the administration of class notice, and the settlement website.

    24.   Additionally, FMS estimates that substantial time will be billed moving forward related to the motion for final approval, final approval hearing, and settlement administration

## IV.    FMS'S TIME INVESTED IN THIS LITIGATION

25.    Lauren KW Brennan and I have submitted billable hours for the litigation of this case. Additionally, my firm seeks billable time for experienced paralegals who worked on the case. A detailed summary of the time expended by my firm in this matter, by activity categories maintained within our firm's Philadelphia billing software and by timekeeper, is set forth in the following table. The time entries upon which the table is based were generated from the time records regularly prepared and maintained by my firm within our firm's billing software. Estimates have been added for time expected to be spent in the future in connection with the final approval motion and hearing and for ongoing class administration and delivery of funds to class members. Including these estimates, FMS's time expended in this case is 437.5 hours in total.[1] Time expended that has been considered duplicative or redundant has been eliminated from this lodestar. Consistent with our firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing.

---

[1] Should this Court wish to review the individual time entry records themselves, they can be exported from our computer systems and made available in paper format for an in camera review, but they are not attached hereto in order to protect the attorney-client and work-product privileges as the individual records themselves are unredacted and unreviewed for privilege.

| Time Keeper | Years | Billable Rate | Hours | Lodestar |
|---|---|---|---|---|
| James A. Francis/Shareholder (Admitted 1996) | 29 | $890 | 166.4 | $148,096.00 |
| John Soumilas/Shareholder (Admitted 1999) | 25 | $785 | 11.6 | $9,106.00 |
| Lauren KW Brennan/Partner (Admitted 2013) | 12 | $470 | 129.2 | $60,724.00 |
| Jordan M. Sartell/Associate (Admitted 2012) | 12 | $450 | 18 | $8,100.00 |
| Experienced Paralegals | N/A | $305 | 112.3 | $38,743.50 |
| **TOTAL** | | | 437.5 | $264,769.50 |

26.     Plaintiffs' counsel and Plaintiffs have executed a Joint Prosecution Agreement in place for this matter. Each of the five law firms for Plaintiffs' counsel will receive 20% of the attorney fee award. Plaintiffs have consented to this agreement in writing.

27.     My firm's representation of Plaintiffs and Class Members was entirely contingent on winning their claims and collecting an award of attorney's fees. Plaintiffs was not able to pay our attorney's fees out-of-pocket, and my firm would only collect attorney's fees if we were successful in prosecuting their claims on behalf of themselves and the Class. In addition, by taking on this case, my firm had to turn away other potential fee-generating work because of the time required to perform all of the tasks described above.

28.     My firm's lodestar of $264,769.50 with 437.5 hours is very reasonable considering the complex issues presented by this litigation, discovery, the amount of time that Class Counsel had to dedicate to the analysis of the claims, Class Counsel's analysis of the records produced by

Defendant, the challenges of litigating claims in an area of law that remains unsettled, and the result achieved for the Class.

29.     Although case law supports an award of attorney's fees as high as 50% on common settlement funds, Plaintiffs requests an attorney's fee award of only $275,000.00 to Class Counsel, representing only 12% of the Gross Settlement Amount

## FMS'S HOURLY RATES

30.     The hourly rates charged by the attorneys and paralegals at my firm are not self-determined but have been independently set for many years based upon the opinions of outside counsel at the law firm of Fox Rothschild, LLP. Our rates are based upon the expert opinion of Abraham C. Reich, which is attached as Exhibit B. The Reich report has also been adapted to various markets where my firm has offices and/or practices along with local counsel or co-counsel. These markets include San Francisco.

31.     The rates charged in this matter are FMS's standard hourly rates in Philadelphia, where the firm's main office is located.  Although the San Diego legal market would likely support substantially higher hourly rates as shown by the declarations of our California-based co-counsel in this matter, FMS has not sought an adjustment of their standard hourly rates here

## LITIGATION EXPENSES INCURRED BY FMS

32.     The lodestar figure above does not include out of pocket expenses and the costs of the litigation, which are billed separately.

1.     My firm has incurred a total of $57,776.71 in unreimbursed expenses in connection with the prosecution of this litigation.  As detailed in Exhibit C hereto,  $47,495.50 of this amount is FMS's share of expert witness fees in this matter.  The remaining portion of FMS's expenses were for deposition costs, outside copying fees, service, legal research, and travel expenses. Each of the expenses would typically be billed to paying clients.

33.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, software, and other source materials and are an accurate record of the expenses.

34. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2025          _/s/  James A. Francis_
                                        James A. Francis, Esq.

# EXHIBIT A



FRANCIS · MAILMAN · SOUMILAS
CONSUMER LAW FIRM                    P.C.

      **FRANCIS MAILMAN SOUMILAS, P.C.** (FMS) is a law firm that concentrates in consumer protection litigation. While principally based in center-city Philadelphia, the firm also maintains offices in New York, Chicago, and San Francisco. FMS represents consumers in both individual and class actions. Founded in 1998 as Francis & Mailman, P.C., the firm's goal is to provide exceptional advocacy to consumers subjected to unfair business, industry, and trade practices.

      FMS is one of the nation's preeminent consumer protection litigation firms. The firm has obtained numerous ground-breaking legal decisions, record jury verdicts and large consumer settlements. In 2017, FMS obtained a record $60 million dollar class action verdict for a case tried under the Fair Credit Reporting Act. The case ultimately went to the United States Supreme Court, which resulted in a 5-4 remand decision that has become a landmark case in civil litigation concerning the issue of constitutional standing. The firm has been certified to serve as class counsel in over 70 consumer class actions nationwide.

      Due to its litigation proficiency, expertise and the high caliber of its work-product, FMS has been repeatedly recognized and commended by federal courts throughout the country over many years. *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation."); *Martinez v. Avantus, LLC*, 343 F.R.D. 254 2023 WL 112807, *9 (D. Conn. Jan. 5, 2023)(firm "has substantial experience in class action litigation, including FCRA class actions….[and] demonstrated proficiency at all stages of suit"); *Ramirez v. Trans Union, LLC*, 2022 WL 17722395 (N.D. Cal. Dec. 15, 2022)("Courts have consistently recognized Francis Mailman Soumilas 'for its expertise in FCRA litigation and the high caliber of its work for the classes it represents.'"); *Der Hacopian v. SentryLink*, C.A. 18-3001 (D. Md., Nov. 23, 2020)(firm "many, many times in the past has been found to be not just qualified or competent, but extremely well-qualified and competent to represent consumer classes in many, many other jurisdictions, not only this particular jurisdiction"); *Flores v. Express Services, Inc.*, C.A. No.14-3298, 2017 WL 1177098, at *3 (E.D. Pa. March 30, 2017) (firm "has extensive experience in consumer class action litigation); *White v. Equifax Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v. Equifax Info. Sol'ns., Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (appointing firm and its team as interim class counsel over objections from a competing national law firm (Boies Schiller) because firm's team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (FMS "have represented consumer classes in many cases in many districts . . . [and] have shown their proficiency in this case[.]"); *Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019) (firm "qualified and experienced attorneys" … Francis & Mailman, P.C., of Philadelphia…who have substantial experience in class action and FCRA consumer litigation and who are qualified to conduct the litigation."); *Larson v. Trans Union, LLC*, C.A. 12-cv-05726, 2015 WL 3945052, at *12 (N.D. Cal. June 26, 2015) (appointing firm as class counsel on contested motion).

# JAMES A. FRANCIS

JIM FRANCIS co-founded FMS in 1998 with the goal of creating a law firm dedicated exclusively to consumer rights litigation. Since then, he and the firm have consistently achieved ground-breaking results and cutting-edge legal rulings. He was trial and appellate counsel in *Ramirez v. Trans Union, LLC,* a case that obtained a record $60 million dollar verdict for a case brought under the Fair Credit Reporting Act. In 2009, Jim argued the seminal FCRA case of *Cortez v. Trans Union, LLC* before the Third Circuit Court of Appeals. He has been appointed to serve as class counsel by federal courts all over the country in over 70 cases.

In 2004, Jim was the youngest lawyer to be ranked a Top 100 Super Lawyer in Pennsylvania in *Philadelphia Magazine* and *Pennsylvania Super Lawyers* magazine. He has been ranked a Top 100 Superlawyer for Pennsylvania and Philadelphia many times since, including in 2024. In 2014, Jim was selected as one of a small group of national plaintiffs' lawyers to be profiled in Law 360's *Titans of the Plaintiff's Bar* series. In the same year, he was awarded the *Equal Justice Award* by Community Legal Services of Philadelphia.

In 2023, Jim was elected as a Fellow of the American College of Consumer Financial Services Lawyers.

Jim regularly lectures for continuing legal education programs, law schools and community groups throughout the country, and has been a regular speaker for the National Association of Consumer Advocates (NACA) and National Consumer Law Center (NCLC) for over 20 years. He has appeared on various news programs including the *Today Show* and *PBS NewsHour* to discuss consumer-related issues. He was featured in *The Philadelphia Inquirer*'s biographical "Question & Answer" segment in February of 2009.

Prior to forming FMS and after graduating from law school, Jim was an associate with Kolsby, Gordon, Robin, Shore & Rothweiler in Philadelphia.

## EDUCATION

Temple University Beasley School of Law, J.D. 1995, President-Student Bar Association, 1995 Wapner, Newman & Wigrizer, P.C. award for excellence in civil trial advocacy; award for outstanding Oral Advocacy;

Muhlenberg College, B.A., *cum laude*, 1992

## ADMISSIONS

- Pennsylvania and New Jersey state courts

- United States Courts of Appeal for the First, Second, Third, Fourth, Sixth, Seventh, Ninth and Eleventh Circuits

- United States District Courts for the Eastern District of Pennsylvania, Middle District of Pennsylvania, District of New Jersey, Eastern District of Michigan, Northern District of Oklahoma, Central District of Illinois

- United States Supreme Court

**HONORS/AWARD/DISTINCTIONS**

- Top 100 Superlawyer for Pennsylvania-2004, 2005, 2007, 2008, 2012, 2014, 2015, 2021, 2022, 2023, 2024
- Top 100 Superlawyer for Philadelphia-2006, 2007, 2008, 2011, 2012, 2014, 2015, 2016, 2018, 2019, 2021, 2022, 2023, 2024
- Law 360's *Titan of the Plaintiff's Bar*-2014
- *Equal Justice Award* by Community Legal Services of Philadelphia-2014
- Elected as a Fellow into the American College of Consumer Financial Services—April 29th, 2023
- Selected as a Member of the Nation's Top One Percent by The National Association of Distinguished Counsel

**NOTABLE CASES**

- *Teran v. Navient Solutions, LLC et al*., __B.R. __, 2023 WL 2721904 (Bankr. N.D. Cal. Mar. 30, 2023). Appointed Class Counsel to represent national injunctive relief class.

- *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020), 141 S.Ct. 2190 (2021); 2022 WL 17740302 (N.D. Cal. Dec. 22, 2022); . Served as trial and appellate counsel in record $60 million jury verdict for a case brought under the Fair Credit Reporting Act; argued appeal against former Solicitor General of the United States affirming verdict (with remittitur), upon certiorari, remanded by US Supreme; later settled for $9 million

- *Robinson v. National Student Clearinghouse*, No. 1-19-cv-10749, 2020 WL 4873728 (D. Mass. July 8, 2020) *aff'd* 14 F.4th 56 (1st Cir. 2021). In first challenging the defendant as a consumer reporting agency, obtained $2 million dollar settlement for consumers who were overcharged for college verifications and brought company into FCRA compliance.

- *Patel v. Trans Union, LLC,* 2018 WL 1258194 (N.D. Cal. March 11, 2018). Served as lead Class Counsel in case which obtained an $8 million dollar settlement for class of consumers who were falsely being reported as terrorists.

- *Thomas v. Equifax Info. Services, LLC*, No. 18-cv-684 (E.D. Va.). National Class Counsel in FCRA class action, alleging violations by credit bureau for misreporting public records, providing nationwide resolution of class action claims asserted across multiple jurisdictions, including injunctive relief, and an uncapped mediation program for millions of consumers.

- *Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va.). National Class Counsel in FCRA class action, alleging violations by credit bureau for misreporting public records, providing a nationwide resolution of class action claims asserted by 32 plaintiffs in 16 jurisdictions, including injunctive relief and an uncapped mediation program, for millions of consumers.

- *Clark/Anderson v. Trans Union, LLC*, No. 15-cv-391 & No. 16-cv-558 (E.D. Va.). National Class Counsel in FCRA consolidated class action, alleging violations by credit bureau for misreporting public records, providing groundbreaking injunctive relief, and an opportunity to recover monetary relief, for millions of consumers.

- *In Re: TRS Recovery Services, Inc. and Telecheck Services, Inc.*, Fair Debt Collection Practices Act (FDCPA Litigation)- Served as Class Counsel in a national FDCPA class action and obtained a 3.4-million-dollar settlement against one of the nation's largest check history consumer reporting agencies.

- *Berry v. LexisNexis Risk & Info. Analytics Group, Inc.*, No. 3:11-cv-754, 2014 WL 4403524, at *11 (E.D. Va. Sept. 5, 2014) -- Appointed class counsel in national FCRA class action that obtained a $13.5-million-dollar settlement against Lexis/Nexis, one of the largest information providers in the world, along with a groundbreaking injunctive relief settlement on behalf of 200 million Americans in which LexisNexis agreed to bring its Accurint product into FCRA compliance.

- *Thomas v. BackgroundChecks.com*, C.A. No. 13-029 (E.D. Va. Aug. 11, 2015) –Appointed class counsel in an FCRA national class action which obtained $18 million against another of the largest background screening companies in the world, and also obtained significant injunctive and remedial relief.

- *Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)- Appointed class counsel in a national FCRA class action which obtained a $20.8 million settlement against one of the largest data sellers and background screening companies in the world.

- *Ryals et al. v. Hireright Solutions, Inc.*, C.A. No. 3:09cv625 (E.D. Va. Dec. 22, 2011) – $28.3 million national settlement achieved for class of consumers subjected to employment background checks in case brought under Fair Credit Reporting Act (FCRA); believed to be the third largest FCRA settlement in history.

- *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d. Cir. 2010) – argued precedential case of first impression before the U.S. Court of Appeals for the Third Circuit which outlines the liability, causation and damages standards for FCRA cases against credit reporting agencies; $800,000 jury verdict against Trans Union in fair credit reporting case (remitted to $150,000).

- *Little v. Kia Motors America, Inc.,* 2003 WL 25568765 (N.J. Super. L. 2003) – $6 million (approximate) verdict for class of New Jersey car purchasers.

- *Samuel-Bassett v. Kia Motors America, Inc.,* ___ A.3d ___, 2011 WL 60559098 (Pa. 2011), C.P. Phila. County, January Term, 2001, No. 2199 – $5.6 million verdict for class of Pennsylvania car purchasers, plus award of attorney's fees.

- *Serrano v. Sterling Testing Systems, Inc.*, ___ F. Supp. 2d ___, 2008 WL 2223007 (E.D. Pa. May 30, 2008) – federal court finding as a matter of first impression what defines a record of arrest under the FCRA.

- *Ziegenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 400 (E.D. Pa. 2006) – obtained court decision holding that offers of judgment under Rule 68 of the Federal Rules of Civil Procedure cannot be used in class actions.

- *Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005) – obtained $772,500 settlement for class of consumers who disputed errors in their credit reports.

- *Richburg v. Palisades Collection, LLC*, 247 F.R.D. 457 (E.D. Pa. 2008); federal court ruled that actions to collect delinquent credit card debt in Pennsylvania subject to 4 year statute of limitations (not 6 as the defendant collection agency had argued).

- *Perry v. FleetBoston Financial Corp.*, 2004 WL 1508518 (E.D. Pa. 2004) – defeated motion to compel arbitration in class action brought under Fair Credit Reporting Act.

- *Crane v. Trans Union, LLC,* 282 F. Supp. 2d 311 (E.D. Pa. 2003) – federal court held that credit reporting agencies that merely parrot information from credit furnishers and fail to forward dispute documentation face claims for punitive damages under the Fair Credit Reporting Act; violation of the Fair Credit Reporting Act presents a violation of Pennsylvania's Consumer Protection Law.

- *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582 (E.D. Pa. 2003) (same).

- *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004) – obtained class certification in Fair Debt Collection Practices action in which a Pennsylvania federal court held for the first time that statutory net worth limitation is not limited to balance sheet net worth, and includes equity, capital stock and goodwill.

- *Evantash v. G.E. Capital Mortgage Services, Inc.*, 2003 WL 22844198 (E.D. Pa. 2003) – federal court held that technical accuracy defense was not available to defendants under the Fair Credit Reporting Act.

- *Sheffer v. Experian Information Solutions, Inc.*, 2003 WL 21710573 (E.D. Pa. 2003) – federal court held that Fair Credit Reporting Act permits as recoverable damage emotional distress in trying to correct errors in a consumer's credit file, even where no pecuniary or out-of-pocket losses.

- *Sheffer v. Experian Information Solutions Inc.,* 249 F. Supp. 2d 560 (E.D. Pa. 2003) – federal court held that FCRA provides a private right of action against furnishers of information.

- *Sullivan v. Equifax, Inc. et al.*, 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. 2002) – federal court held that reporting a debt to a credit reporting agency is a communication covered by the Fair Debt Collection Practices Act.

- *Wenrich v. Cole*, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. 2000) – federal court held that FDCPA provides protection for all persons, not just consumers.

- *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001) – federal court held that single publication rule does not apply to actions brought for violation of the Fair Credit Reporting Act.

## <u>CLASS COUNSEL CERTIFICATIONS</u>

*Woodard v. Navient Solutions, LLC et al., No. 8:23-cv-00301-RFR* (D. Neb. 2024)

*Botts v. The Johns Hopkins University,* No. 1:20-cv-01335-JRR, ECF 96 (D. Md. April 20, 2023)

*Teran v. Navient Solutions, LLC et al*., No. 20-03075-DM,
2023 WL 2721904 (Bankr. N.D. Cal. Mar. 30, 2023)

*Martinez v. Avantus, LLC,* No. 3:20-CV-1772 (JCH), 2023 WL 112807 (D. Conn. Jan. 5, 2023)

*Stewart et al v. LexisNexis Risk Data Retrieval Services, LLC et al.,* No. 3:20-cv-00903-JAG (E.D. Va. July 27, 2022)

*Healy v. Milliman, Inc.,* No. 2:20-cv-01473-JCC (W.D. Wash. 2022)

*Kang v. Credit Bureau Connection, Inc.,* No. 18-01359, 2022 WL 658105 (E.D. Cal. Mar. 4, 2022)

*Watson v. Checkr, Inc.,* No. 3:19-cv-03396-EMC (N.D. Cal. 2021)

*Deaton v. Trans Union, LLC,* No. 2:20-cv-01380-AB (E.D. Pa. 2021)

*Sanders v. Makespace Labs, Inc*., No: 1:18-cv-10016 (S.D.N.Y. Mar. 29, 2021)

*Der-Hacopian v. Darktrace, Inc.,* No: 18-cv-06726-HSG (N.D. Cal. Dec. 10, 2020)

*Der-Hacopian v. Sentrylink, LLC,* No. 8:18-cv-03001-PWG (N.D. Cal. Nov. 23,2020)

*McIntyre v. RealPage, Inc.,* No: 2:18-cv-03934, WL 5017612 (E.D. Pa. Aug. 25, 2020)

*Norman v. Trans Union, LLC,* No: 18-5225, 2020 WL 4735538 (E.D. Pa. Aug. 14, 2020)

*Robinson v. National Student Clearinghouse*, No. 1-19-cv-10749, 2020 WL 4873728 (D. Mass. July 8, 2020) *aff'd* 14 F.4th 56 (1st Cir. 2021)

*Leo v. Appfolio, Inc.,* No.3:17-cv-05771-RJB (W.D. Wash. 2019)

*Thomas v. Equifax Info. Services, LLC*, No. 18-cv-684 (E.D. Va. 2020)

*Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va. 2019)

*Clark/Anderson v. Trans Union, LLC,* No. 15-cv-391 & No. 16-cv-558 (E.D. Va. 2018)

*Gibbons v. Weltman, Weinberg & Reis Co., LPA,* 2018 WL 5720749 (E.D. Pa. Oct. 31, 2018)

*Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019)

*Ridenour v. Multi-Color Corporation,* C.A. No. 2:15-cv-00041, (E.D. Va., Jan. 13, 2017)

*Flores v. Express Personnel*, C.A. No. 14-cv-03298, (E.D. Pa. Oct. 21, 2016)

*Larson v. Trans Union, LLC*, C.A. No. 12-cv-05726, (N.D. CA, Aug. 11, 2016)

*Miller v. Trans Union, LLC*, C.A. No. 12-cv-1715, (M.D. PA, Dec. 26, 2016)

*Henderson v. Trans Union, LLC,* C.A. No. 14-cv-00679, E.D. Va., May 3, 2016)

*Pawlowski v. United Tranzactions, LLC*, C.A. no. 15-cv-2330, (E.D. PA, April 18, 2016)

*Rodriguez v. Calvin Klein, Inc.,* C.A. 1:15-cv-02590 (S.D. N.Y. 2015)

*Giddiens v. Infinity Staffing,* C.A. No. 13-cv-07115, (E.D. Pa., Jan. 12, 2016)

*Giddiens v. First Advantage*, C.A. No. 14-cv-5105, (E.D. Pa., July 11, 2015)

*Jones v. Halstead Management Corporation,* C.A. No. 14-cv-03125 (S.D. N.Y., May 5, 2016)

*Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 3:11-cv-754, 2014 WL 4403524 (E.D. Va. Sept. 5, 2014)

*Thomas v. BackgroundChecks.com,* C.A. No. 13-029 2015 WL 11004870 (E.D. Va. Aug. 5, 2015)

*Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)

*Magallon v. Robert Half International, Inc.* WL 8778398 (D. Or. Nov. 10, 2015)

*Carter v. McDonald's Restaurants,* 15-01531-MWF (March 15, 2015)

*Patel v. Trans Union, LLC,* 308 F.R.D. 292 (N.D. Cal. 2014)

*Goode v. First Advantage LNS Screening Sols., Inc.*, No. 11-cv-02950 (E.D. Pa. Dec. 29, 2014)

*Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014)

*King v. General Information Services, Inc.*, C.A. No. 11-06850 (E.D. Pa. Nov. 4, 2014)

*Robinson v. General Information Services, Inc.*, C.A. No. 11-07782 (E.D. Pa. Nov. 4, 2014)

*Ramirez v. Trans Union, LLC,* 2014 WL 3734525 (N.D. Cal. July 24, 2014)

*White v. Experian Information Solutions,* 993 F. Supp. 2d 1154, 1172 (C.D. Ca. 2014)

*Sapp v. Experian Information Solutions, Inc.,* 2:10-04312 (E.D. Pa. Jan. 29, 2013)

*LaRocque v. TRS Recovery Services, Inc.*, 2012 WL 291191 (D. Me. July 17, 2012)

*Ryals et al. v. Hireright Solutions, Inc.,* C.A. No. 3:09-625 (E.D. Va. July 7, 2011)

*Serrano v. Sterling Testing Systems, Inc.,* 711 F. Supp. 2d 402 (E.D. Pa. 2010)

*Summerfield v. Equifax Information Services, LCC,* 264 F.R.D. 133 (D. N.J. 2009)

*Chakejian v. Equifax Information Services, LLC,* 256 F.R.D. 492 (E.D. Pa. 2009)

*Jones v. Midland Funding, LLC,* C.A. No. 3:08-802 (RNC) (D. Conn. October 13, 2009)

*Barel v. Bank of America,* 255 F.R.D. 393 (E.D. Pa. 2009)

*Mann v. Verizon*, C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008)

*Smith v. Grayling Corp.,* 2008 WL 3861286, C.A. No. 07-1905 (E.D. Pa. 2008)

*Strausser v. ACB Receivables Management, Inc.,* 2008 WL 859224 (E.D. Pa. March 28, 2008)

*Nienaber v. Citibank (South Dakota), N.A.,* 2007 WL 2003761 (D.S.D. July 5, 2007)

*Jordan v. Commonwealth Financial Systems, Inc.*, 237 F.R.D. 132, (E.D. Pa. 2006)

*Marino v. UDR*, 2006 WL 1687026, C.A. No. 05-2268 (E.D. Pa. June 14, 2006)

*Seawell v. Universal Fidelity Corp,* 235 F.R.D. 64 (E.D. Pa. 2006)

*Perry v. FleetBoston Financial Corp.*, 229 F.R.D.105 (E.D. Pa. 2005)

*Beck v. Maximus, Inc.*, 2005 WL 589749 (E.D. Pa. 2005)

*Beck v. Maximus*, 457 F. 3d 291, 2006 WL 2193603 (3d Cir. Aug. 4, 2006)

*Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005)

*Bittner v. Trans Union, LLC,* C.A. No. 04-2562 (E.D. Pa. January 4, 2005)

*Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004)

*Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303 (D. Conn. 2004)

*Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691 (E.D. Pa 2004)

*Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. 2003)

*Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003)

*Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003)

*Samuel-Bassett v. Kia Motors America, Inc.,* 212 F.R.D. 271 (E.D. Pa. 2000)

*Oslan v. Law Offices of Mitchell N. Kay,* 232 F. Supp. 2d 436 (E.D. Pa. 2002)

*Oslan v. Collection Bureau of Hudson Valley,* 206 F.R.D. 109 (E.D. Pa. 2002)

*Saunders v. Berks Credit & Collections*, 2002 WL 1497374 (E.D. Pa. 2002)

*Schilling v. Let's Talk Cellular and Wireless*, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002)

*Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461 (E.D. Pa. 2000)

*Smith v. First Union Mortgage Corporation*, 1999 WL 509967 (E.D. Pa. 1999)

*Miller v. Inovision*, December Term, 1999, No. 3504 (C.P. Phila. County).

## **LECTURES/PRESENTATIONS BY INVITATION**

Speaker, *Rule 23(c)(5) Subclasses: Certification, Due Process, Adequate Representation, and Settlement*, Strafford Webinars, February 23, 2023

Speaker, *Data Protection at the Federal Level*, Nevada Bar Association, January 17, 2023

Speaker, *27th Annual Consumer Financial Services Institute,* Practising Law Institute*, Debt Collection and Credit Reporting Update,* December 7, 2022, San Francisco, CA

Speaker, *Tenant Screening Litigation: FCRA and Civil Rights Claims*, National Consumer Law Center, Consumer Rights Litigation Conference, November 10, 2022, Seattle, WA

Speaker "Lightning Round-Ascertainability", Consumer Class Action Symposium, National Consumer Law Center, November 13, 2022, Seattle, WA

Speaker, *27th Annual Consumer Financial Services Institute,* Practising Law Institute*, Debt Collection and Credit Reporting Update,* September 20, 2022, Chicago, IL

Speaker, *Representing the Pro Bono Client: Consumer Law Basics*, Practising Law Institute, August 12, 2022

Speaker, *Perrin Conferences Class Action Litigation Virtual Conference*, April 26, 2022

Speaker, Introduction to Standing in Federal FDCPA Litigation, 2022 Fair Debt Conference, National Consumer Law Center, April 25th, 2022, Orlando, FL

Speaker, *27th Annual Consumer Financial Services Institute- Debt Collection and Credit Reporting Update*, Practising Law Institute, March 18, 2022, New York, NY

Speaker, *Consumer Finance Class Actions: FDCPA, FCRA & TCPA Webinar*, Strafford, September 16, 2020

Faculty, *Introduction to the Fair Credit Reporting Act*, *Representing the Pro Bono Client: Consumer Law Basics 2020*, Practising Law Institute, August 14, 2020, San Francisco, CA

Faculty, *Representing the Pro Bono Client: Consumer Law Basics 2019,* Practising Law Institute;

Faculty, *Consumer Financial Services & Banking Law Update*, Pennsylvania Bar Institute, October 29, 2019;

Faculty, *Consumer Finance Class Actions*, The Canadian Institute, July 24, 2019;

Faculty, *Representing the Pro Bono Client: Consumer Law Basics 2019,* Practising Law Institute;

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Long Beach, CA, May 1–4, 2019;

Faculty, Judicial Scrutiny of Class Action Settlements: New Standards and Ensuring Timely Release of Attorneys' Fees, Strafford Webinars and Publications, Tuesday, October 9, 2018;

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Baltimore, MD, April 22-29, 2017;

Faculty, 21st Annual Consumer Financial Services Litigation Institute (CLE-accredited), "Fair Credit Reporting and Debt Collection Litigation", March and April 2016, NYC and Chicago;

Speaker, The Conference on Consumer Finance Law, Annual Consumer Financial Services Conference, Loyola University School of Law, Chicago, Illinois, September 16, 2016;

Speaker, "New Frontiers: FCRA Litigation Against Lesser Known CRAs", Consumer Rights Litigation Conference, National Consumer Law Center, Anaheim, California, October 2016;

Faculty, "Pursuing and Defending FDCPA, FCRA and TCPA Claims", Consumer Finance Class Actions, Strafford Publications, June 2, 2016;

Speaker, "Stump the Champs", Consumer Rights Litigation Conference, National Consumer Law Center, San Antonio, Texas, October 2015;

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Las Vegas, NV May 1–3, 2015;

Co-Chair and Speaker, NACA 2013 FCRA Conference, National Association of Consumer Advocates, May 29 – June 1, 2013;

Presenter, *Beyond E-Oscar: Litigating "Non-Credit" FCRA Cases*, Webinar, National Association of Consumer Advocates, February 27, 2013;

Faculty, *FDCPA Class Actions: Latest Litigation Developments*, Strafford Webinars and Publications, November 8, 2012;

Speaker, Consumer Finance Class Actions: *FCRA and FACTA: Leveraging New Developments in Certification, Damages and Preemption*, Strafford Webinars and Publications, March 21, 2012;

Speaker, *FCRA Developments*, Consumer Rights Litigation Conference, National Consumer Law Center, Seattle, Washington, October 2012;

Speaker, *11th Consumer Class Action Symposium*, National Consumer Law Center, Chicago, Illinois, November 6, 2011;

Speaker, *Tenant, Employment and Chexsystems Reports*, Consumer Rights Litigation Conference, National Consumer Law Center, Chicago, Illinois, November 3 – 6, 2011;

Speaker, *Specialty Consumer Reports and the FCRA*, FCRA Conference on Consumer Credit, National Association of Consumer Advocates, Memphis, Tennessee, May 20 – 22, 2011;

Panelist, *Taking on the Challenges Facing Workers with Criminal Records: Advancing the Legal and Policy Advocacy Agenda*, National Employment Law Project, Washington, D.C., April 5, 2011;

Faculty, 16th Annual Consumer Financial Services Litigation Institute (CLE-accredited), *Collection Issues Including The TCPA & Hot Topics*, Practicing Law Institute, New York, NY and Chicago, IL, March 2011;

Speaker, *ABCs of Fair Credit Reporting*, *Tips on FCRA Depositions*, *Evolution of Credit Reporting Industries*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, Massachusetts, November 11 – 14, 2010;

Faculty, Banking and Consumer Financial Services Law Update, *Litigation and Arbitration Update*, Pennsylvania Bar Institute, April 14, 2010;

Faculty, *Deposit-Side Litigation Developments & Credit Card Developments*, 14th Annual Consumer Financial Services Litigation Institute, New York, NY and Chicago, IL, March and April 2009;

Faculty, 13th Annual Consumer Financial Services Litigation Institute (CLE-accredited), Practicing Law Institute, New York, NY and Chicago, IL, January 2008, March 2008;

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Chicago, IL May 8 – 10, 2009;

Faculty, 12th Annual Consumer Financial Services Litigation Institute (CLE-accredited), Practicing Law Institute, New York, NY, March 2007;

Faculty, *Fair Credit Reporting Litigation*, Consumer Protection Law (CLE-accredited), Pennsylvania Bar Institute, Philadelphia, PA and Mechanicsburg, PA, December 2004, March 2007;

Speaker, *Litigating Accuracy Issues with Furnishers of Credit Data*, National Association of Consumer Advocates, New Orleans, LA, June 2 – 5, 2005;

Speaker, Philadelphia Housing Expo, Homeownership Counseling Association of the Delaware Valley, 2005 and 2006;

Speaker, *Understanding Credit Scoring*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, MA, November 7, 2004;

Speaker, *Litigating Accuracy Issues With Credit Reporting Agencies*, National Association of Consumer Advocates, Chicago, Ill., May 14 – 16, 2004;

Speaker, *Protecting Privacy, Ensuring Accuracy*, National Association of Consumer Advocates, Albuquerque, NM, June 1, 2002;

Faculty/Speaker, *Credit Reporting and Debt Collection Litigation*, Municipal Court Judicial Conference (CLE), Pennsylvania, PA, May 6, 1999;

Speaker, The People's Law School, Philadelphia Bar Association, Philadelphia, PA, October 2004;

Guest Lecturer, Consumer Protection Law, Temple Law School, 2003 – 2012;

Guest Lecturer, Consumer Protection Law, Widener Law School, 2004 – 2009.

## **PUBLICATIONS**

*The FCRA: A Double-Edged Sword for Consumer Data Sellers*,
      GP SOLO Magazine, American Bar Association, Volume 29, Number 6,
      November/December 2012
*Credit Rating Damage: Compensable, Yet Overlooked Damage in Tort Cases*,

The Verdict, Philadelphia Trial Lawyers Association, Volume 2008-2009, Issue 6 (2009).

**APPOINTMENTS, POSITIONS & MEMBERSHIPS**

- Editorial Board of the Consumer Financial Services Law Report
- Philadelphia Bar Association's Lawyer Referral and Information Service Committee (chair or co-chair for 3 years)
- Philadelphia Bar Association's Federal Court's Committee.
- Arbitrator for the Court of Common Pleas of Philadelphia County
- Court of Common Pleas of Philadelphia County, Judge Pro Tem panel.

**PERSONAL**

Born:        June 17, 1970, Philadelphia, Pennsylvania
Family:      Two Children, Shayna and Noah

## MARK D. MAILMAN

MARK D. MAILMAN, is the managing partner of FMS and one of the firm's founders. He is a tenacious and passionate consumer litigator who has for more than 26 years helped secure over $350 million dollars in verdicts and settlements on behalf of more than 8,500 victimized consumers across the nation. Mark concentrates his practice primarily in federal courts, in the areas of Fair Debt Collection, Fair Credit Reporting, False Employment/Background Checks, Identity Theft, Unwanted Auto Calls and Texts, and Consumer Class Actions.

In October 2018, Mark was awarded the 2018 Consumer Attorney of the Year award from the National Association of Consumer Advocates (NACA). NACA is a nationwide organization of more than 1,500 consumer attorneys and advocates who represent the victims of abusive and fraudulent business practices. He has been consistently voted and named one of Pennsylvania's Super Lawyers by Law and Politics published by Philadelphia Magazine and Pennsylvania Super Lawyer Magazine from 2004 to the Present. Mark has repeatedly lectured before judges, lawyers and various professional organizations on the topics of Fair Debt Collection and Fair Credit Reporting litigation and has also appeared on various news programs to discuss trending consumer issues

Mark is a graduate of Muhlenberg College (B.A. magna cum laude, 1991), where he was also inducted into Phi Beta Kappa. He received his law degree from the Temple University School of Law (J.D., 1995). While at Temple Law School, he achieved the highest grade in his Trial Advocacy clinic.

Mark is admitted to practice before the United States for the Eastern District of Pennsylvania, Middle District of Pennsylvania, Eastern District of Arkansas, District of North Dakota, and District of New Jersey as well as the state courts of Pennsylvania and New Jersey. He has also successfully litigated cases across the country on a pro hac basis. Mark has been certified to serve as class counsel by state and federal courts in both contested and settlement class actions.

## <u>CLASS COUNSEL CERTIFICATIONS</u>

*Martinez v. Avantus, LLC,* No. 3:20-CV-1772 (JCH), 2023 WL 112807 (D. Conn. Jan. 5, 2023)

*Stewart et al v. LexisNexis Risk Data Retrieval Services, LLC et al.,* No. 3:20-cv-00903-JAG (E.D. Va. July 27, 2022)

*Healy v. Milliman, Inc.,* No. 2:20-cv-01473-JCC (W.D. Wash. 2022)

*Kang v. Credit Bureau Connection, Inc.,* No. 18-01359, 2022 WL 658105 (E.D. Cal. Mar. 4, 2022)

*Watson v. Checkr, Inc.,* No. 3:19-cv-03396-EMC (N.D. Cal. 2021)

*Deaton v. Trans Union, LLC,* No. 2:20-cv-01380-AB (E.D. Pa. 2021)

*Sanders v. Makespace Labs, Inc*., No: 1:18-cv-10016 (S.D.N.Y. Mar. 29, 2021)

*Der-Hacopian v. Darktrace, Inc.,* No: 18-cv-06726-HSG (N.D. Cal. Dec. 10, 2020)

*Der-Hacopian v. Sentrylink, LLC,* No. 8:18-cv-03001-PWG (N.D. Cal. Nov. 23,2020)

*McIntyre v. RealPage, Inc.,* No: 2:18-cv-03934, WL 5017612 (E.D. Pa. Aug. 25, 2020)

*Norman v. Trans Union, LLC,* No: 18-5225, 2020 WL 4735538 (E.D. Pa. Aug. 14, 2020)

*Robinson v. National Student Clearinghouse,* No. 1-19-cv-10749, 2020 WL 4873728 (D. Mass. July 8, 2020) *aff'd* 14 F.4th 56 (1st Cir. 2021)

*Leo v. Appfolio, Inc.,* No.3:17-cv-05771-RJB (W.D. Wash. 2019)

*Thomas v. Equifax Info. Services, LLC*, No. 18-cv-684 (E.D. Va. 2020)

*Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va. 2019)

*Clark/Anderson v. Trans Union, LLC*, No. 15-cv-391 & No. 16-cv-558 (E.D. Va. 2018)

*Gibbons v. Weltman, Weinberg & Reis Co., LPA,* 2018 WL 5720749 (E.D. Pa. Oct. 31, 2018)

*Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019)

*Ridenour v. Multi-Color Corporation,* C.A. No. 2:15-cv-00041, (E.D. Va., Jan. 13, 2017)

*Flores v. Express Personnel*, C.A. No. 14-cv-03298, (E.D. Pa. Oct. 21, 2016)

*Larson v. Trans Union, LLC,* C.A. No. 12-cv-05726, (N.D. CA, Aug. 11, 2016)

*Miller v. Trans Union, LLC,* C.A. No. 12-cv-1715, (M.D. PA, Dec. 26, 2016)

*Henderson v. Trans Union, LLC,* C.A. No. 14-cv-00679, E.D. Va., May 3, 2016)

*Pawlowski v. United Tranzactions, LLC,* C.A. no. 15-cv-2330, (E.D. PA, April 18, 2016)

*Rodriguez v. Calvin Klein, Inc.,* C.A. 1:15-cv-02590 (S.D. N.Y. 2015)

*Giddiens v. Infinity Staffing,* C.A. No. 13-cv-07115, (E.D. Pa., Jan. 12, 2016)

*Giddiens v. First Advantage*, C.A. No. 14-cv-5105, (E.D. Pa., July 11, 2015)

*Jones v. Halstead Management Corporation,* C.A. No. 14-cv-03125 (S.D. N.Y., May 5, 2016)

*Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 3:11-cv-754, 2014 WL 4403524 (E.D. Va. Sept. 5, 2014)

*Thomas v. BackgroundChecks.com,* C.A. No. 13-029 2015 WL 11004870 (E.D. Va. Aug. 5, 2015)

*Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va., Aug. 7, 2015)

*Magallon v. Robert Half International, Inc.* WL 8778398 (D. Or. Nov. 10, 2015)

*Carter v. McDonald's Restaurants,* 15-01531-MWF (March 15, 2015)

*Patel v. Trans Union, LLC,* 308 F.R.D. 292 (N.D. Cal. 2014)

*Goode v. First Advantage LNS Screening Sols., Inc.*, No. 11-cv-02950 (E.D. Pa. Dec. 29, 2014)

*Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014)

*King v. General Information Services, Inc.*, C.A. No. 11-06850 (E.D. Pa. Nov. 4, 2014)

*Robinson v. General Information Services, Inc.*, C.A. No. 11-07782 (E.D. Pa. Nov. 4, 2014)

*Ramirez v. Trans Union, LLC,* 2014 WL 3734525 (N.D. Cal. July 24, 2014)

*White v. Experian Information Solutions,* 993 F. Supp. 2d 1154, 1172 (C.D. Ca. 2014)

*Sapp v. Experian Information Solutions, Inc.,* 2:10-04312 (E.D. Pa. Jan. 29, 2013)

*LaRocque v. TRS Recovery Services, Inc.*, 2012 WL 291191 (D. Me. July 17, 2012)

*Ryals et al. v. Hireright Solutions, Inc.,* C.A. No. 3:09-625 (E.D. Va. July 7, 2011)

*Serrano v. Sterling Testing Systems, Inc.*, 711 F. Supp. 2d 402 (E.D. Pa. 2010)

*Summerfield v. Equifax Info. Services, LCC,* 2009 WL 3234191 (D. N.J. Sept. 30, 2009)

*Chakejian v. Equifax Info. Services, LLC,* 256 F.R.D. 492, 2009 WL 764656 (E.D. Pa. 2009)

*Barel v. Bank of America,* __F.R.D.__, 2009 WL 122805 (E.D. Pa. 2009)

*Mann v. Verizon*, C.A. No. 06-5370 (E.D. Pa. Sept. 26, 2008)

*Smith v. Grayling Corp.*, 2008 WL 3861286, C.A. No. 07-1905 (E.D. Pa. 2008)

*Strausser v. ACB Receivables Management, Inc.*, 2008 WL 859224 (E.D. Pa., March 28, 2008)

*Nienaber v. Citibank (South Dakota), N.A.*, 2007 WL 2003761 (D.S.D., July 5, 2007)

*Jordan v. Commonwealth Financial Sys., Inc.*, 237 F.R.D. 132, 2006 WL 2294855 (E.D. Pa. 2006)

*Seawell v. Universal Fidelity Corp.*, 235 F.R.D. 64 (E.D.Pa. 2006)

*Perry v. FleetBoston Financial Corp.*, 299 F.R.D. 105, 2005 WL 1527694 (E.D. Pa. 2005)

*Beck v. Maximus, Inc.*, 2005 WL 589749 (E.D. Pa. 2005); *vacated on other grounds, Beck v. Maximus*, 457 F. 3d 291, 2006 WL 2193603 (3d. Cir. Aug. 4, 2006)

*Stoner v. CBA Information Services*, 352 F. Supp. 2d 549 (E.D. Pa. 2005)

*Bittner v. Trans Union, LLC*, C.A. No. 04-2562 (E.D. Pa. January 4, 2005)

*Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa. 2004)

*Petrolito v. Arrow Financial Services, LLC*, 221 F.R.D. 303 (D. Conn. 2004)

*Orloff v. Syndicated Office Systems, Inc.*, 2004 WL 870691 (E.D. Pa 2004)

*Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. 2003)

*Gaumer v. The Bon-Ton Stores*, C.A. No. 02-8611 (E.D. Pa. Dec. 30, 2003)

*Street v. Portfolio Recovery Associates*, C.A. No. 01-3684 (E.D. Pa. July 30, 2003)

*Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271 (E.D. Pa. 2000)*, vacated on other grounds*

*Oslan v. Law Offices of Mitchell N. Kay*, 232 F. Supp. 2d 436 (E.D. Pa. 2002)

*Oslan v. Collection Bureau of Hudson Valley*, 206 F.R.D. 109 (E.D. Pa. 2002)

*Saunders v. Berks Credit & Collections*, 2002 WL 1497374 (E.D. Pa. 2002)

*Schilling v. Let's Talk Cellular and Wireless*, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002)

*Fry v. Hayt, Hayt and Landau*, 198 F.R.D. 461 (E.D. Pa. 2000)

*Smith v. First Union Mortgage Corporation*, 1999 WL 509967 (E.D. Pa. 1999)

*Miller v. Inovision*, C.P. Phila. County, December Term, 1999, No. 3504

## **NOTABLE CASES**

- *Schwartz v. Aracor Search & Abstract, Inc.*, 2014 WL 4493662 (E.D. Pa. Sept. 11, 2014) (upholding compensatory and punitive damages judgment against title company that misappropriated certain funds at real estate closing)

- *Ferguson v. Wells Fargo Bank, NA*, 538 Fed. Appx. 782 (9th Cir. 2013) (reversing summary judgment for bank that failed to properly remove bankruptcy notation

- *King v. General Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (first court to uphold constitutionality of FCRA's obsolescence provision

- *Seamans v. Temple University*, Civil No. 11-6774(E.D. Pa., Oct. 28, 2011) — precedential case of first impression before U.S. Court of Appeals for the Third Circuit addressing duties of furnishers and interplay between the FCRA and HCA.

- *Adams v. LexisNexis Risk & Info. Analytics Group, Inc.*, 2010 WL 1931135 (D.N.J. May 12, 2010) (first court to find that consumers may sue under FRCA over information in specialty Accurint report used by debt collectors)

- *Dixon-Rollins v. Trans Union, LLC,* Civil No. 09-646 (E.D. Pa., April 10, 2010) – $530,000 jury verdict against a credit reporting agency that falsely reported an old landlord collection claim for rent (remitted to $300,000)

- *Shames-Yeakel v. Citizens Financial Bank*, 677 F. Supp. 2d 994 (N.D. Ill. 2009) (first court to rule that consumer may proceed to jury trial on claim that bank breached its duty to sufficiently secure its online banking system).

- *Cortez v. Trans Union, LLC,* Civil No. 05-5684 (E.D. Pa., April 26, 2007)—$800,000 jury verdict against Trans Union in fair credit reporting case (remitted to $150,000)

- *Samuel-Bassett v. Kia Motors America, Inc.,* C.P. Phila. County, January Term, 2001, No. 2199—5.6 million dollar verdict for class of Pennsylvania car purchasers

- *Little v. Kia Motors America, Inc.,* 2003 WL 25568765 (N.J.Super.L. 2003)—6 million dollar (approximate) verdict for class of New Jersey car purchasers, damages later decertified

- *Serrano v. Sterling Testing Systems, Inc.,* —F.Supp.2d—, 2008 WL 2223007 (E.D. Pa. May 30, 2008)—federal court finding as a matter of first impression what defines a record of arrest under the FCRA

- *Stoner v. CBA Information Services,* 352 F. Supp. 2d 549 (E.D. Pa. 2005)—obtained $772,500 settlement for class of consumers who disputed errors in their credit reports

- *Perry v. FleetBoston Financial Corp.,* 2004 WL 1508518 (E.D. Pa. 2004)—defeated motion to compel arbitration in class action brought under Fair Credit Reporting Act

- *Crane v. Trans Union, LLC,* 282 F. Supp. 2d 311 (E.D. Pa. 2003)—federal court held that credit reporting agencies that merely parrot information from credit furnishers and fail to forward dispute documentation face claims for punitive damages under the Fair Credit Reporting Act; violation of the Fair Credit Reporting Act presents a violation of Pennsylvania's Consumer Protection Law); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d 582 (E.D. Pa. 2003)—same

- *Wisneski v. Nationwide Collections, Inc.,* 227 F.R.D. 259 (E.D. Pa. 2004)—in fair debt class action, Pennsylvania federal court held for the first time that statutory net worth limitation is not limited to balance sheet net worth, and includes equity, capital stock and goodwill

- *Evantash v. G.E. Capital Mortgage Services, Inc.,* 2003 WL 22844198 (E.D. Pa. 2003)— in fair credit reporting case, court held that technical accuracy is not a defense

- *Sheffer v. Experian Information Solutions, Inc.,* 2003 WL 21710573 (E.D. Pa. 2003)— federal court held that Fair Credit Reporting Act permits as recoverable damage emotional distress in trying to correct errors in a consumer's credit file, even where no pecuniary or out-of-pocket losses

- *Sheffer v. Experian Information Solutions Inc.,* 249 F. Supp. 2d 560 (E.D. Pa. 2003)— federal court held that FCRA provides a private right of action against furnishers of information

- *Sullivan v. Equifax, Inc. et al.,* 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. 2002)—federal court held that reporting a debt to a credit reporting agency is a communication covered by the Fair Debt Collection Practices Act

- *Wenrich v. Cole,* 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. 2000)—federal court held that FDCPA provides protection for all persons, not just consumers

- *Jaramillo v. Experian Information Solutions, Inc.,* 155 F. Supp. 2d 356 (E.D. Pa. 2001); 2001 U.S. Dist. LEXIS 10221 (E.D. Pa. 2001)—federal court held that single publication rule does not apply to actions brought for violation of the Fair Credit Reporting Act

## PRESENTATIONS/LECTURES BY INVITATION

Speaker, *Spring Training 2023* (FCRA), National Association of Consumer Advocates, New Orleans, LA, May 3-5, 2023

Speaker, *Spring Training 2022 (FCRA),* National Association of Consumer Advocates, Phoenix, AZ, May 11-14, 2022

15

Speaker, *Consumer Rights Litigation Conference*, National Consumer Law Center's Office Hours with the FCRA Stars, December 6-17, 2021

Speaker, *Spring Training 2020 (FCRA)*, National Association of Consumer Advocates, Online Webinars, May 1-June 30, 2020

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Long Beach, CA, May 1–4, 2019

Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Baltimore, MD, April 22-29, 2017

Speaker, *Fair Credit Reporting Act Conference,* National Association of Consumer Advocates, Las Vegas, NV, May1-3, 2015

Speaker, *Fair Debt Collection Experienced Training Conference,* National Association of Consumer Advocates, Baltimore, MD, March 7-8, 2013

Speaker, *Fair Debt Collection Experienced Training Conference,* National Association of Consumer Advocates, New Orleans, LA, February 23-24, 2012

Speaker, *Negotiating 101,* National Association of Consumer Advocates, Memphis, TN, May 20-22, 2011

Speaker, *Fair Credit Reporting Act Conference,* National Association of Consumer Advocates, Chicago, IL, May 8-10, 2009

Speaker, *Fair Debt Collection Experienced Training Conference,* National Association of Consumer Advocates, Nashville, TN, March 27-29, 2008

Speaker, *Litigation Trends: "Getting to Know the Other Team",* 11th Annual DBA International World Championship of Debt Buying, Las Vegas, NV, February 5-7, 2008

Speaker, *Protecting Vulnerable Consumers and Promoting Marketplace Justice,* Consumer Rights Litigation Conference, National Consumer Law Center, Miami, FL, November 10-13, 2006

Speaker, *FCRA: Playing to Win,* National Association of Consumer Advocates, Las Vegas, NV, May 5-7, 2006

Speaker, *Litigating Accuracy Issues With Furnishers of Credit Data,* National Association of Consumer Advocates, New Orleans, LA, June 2-5, 2005

Speaker, *Understanding Credit Scoring,* Consumer Rights Litigation Conference, National Consumer Law Center, Boston, MA, November 7, 2004

Speaker, *Litigating Accuracy Issues With Credit Reporting Agencies,* National Association of Consumer Advocates, Chicago, Ill., May 14-16, 2004

Speaker, *FCRA/Building On Our Success,* National Association of Consumer Advocates, Orlando, FL, March 7-9, 2003

Speaker, *Protecting Privacy, Ensuring Accuracy,* National Association of Consumer Advocates, Albuquerque, NM, June 1, 2002

Faculty/Speaker, *Credit Reporting and Debt Collection Litigation,* Municipal Court Judicial Conference (CLE), Pennsylvania, PA, May 6, 1999

**PUBLICATIONS**

*CFPB Clarifies Employers' Obligations When Using Background Dossiers and Algorithmic Scores in Employment Decisions, The Legal Intelligencer (January, 2025)*

*Sixth Circuit: Consumer's FCRA Complaint Regarding Inaccurate Spousal Support Obligation Passes Muster, The Legal Intelligencer (October, 2024)*

*PA High Court Holds Consumers Can Receive Both Punitive and Statutory Treble Damages Under the CPL, The Legal Intelligencer (June, 2024)*

*CFPB Issues New Guidance Regarding Inaccurate Background Check Reports and Credit File Sharing Practices, The Legal Intelligencer (April, 2024)*

*CFPB Details Student Loan Servicers' Struggles in Wake of Borrowers Resuming Payments, The Legal Intelligencer, (February, 2024)*

*Third Circ. Clarifies Furnishers' Duties Under the FCRA to Probe Indirect Disputes, 268 The Legal Intelligencer, 5, 8 (2023)*

*CFPB Explores AI's Impact on Consumers' Relationships With Financial Institutions, 268 The Legal Intelligencer, 5, 8 (2023)*

*CFPB Reminds Consumer Reporting Agencies to Toss 'Junk Data' in the Trash,* 266 The Legal Intelligencer, 5, 8 (2022)

*Your Clients' Consumer Rights Legal Issues May Be Hiding in Plain Sight,* 264 The Legal Intelligencer, 7-8 (2021)

**COMMITTEE APPOINTMENTS AND POSITIONS**

Mark regularly lectures for continuing legal education programs, law schools and community groups throughout the country, and has been a regular speaker for the National Association of Consumer Advocates (NACA) and National Consumer Law Center (NCLC) for over 20 years. He is a certified arbitration panelist with the Federal Arbitration Panel and serves on the Editorial Board of the Consumer Financial Services Law Report. Additionally, Mark is a member of the Pennsylvania Trial Lawyers Association, Philadelphia Trial Lawyers Association, Philadelphia Bar Association, and National Association of Consumer Advocates, and regularly serves on the Philadelphia Bar Association's Federal Courts Committee.

## JOHN SOUMILAS

JOHN SOUMILAS is a partner of the firm. His primary office is located in Philadelphia. A seasoned litigator, John has represented thousands of consumers in individual cases and class actions, with career settlements and verdicts valued at more than $180M. He currently represents persons defamed and otherwise harmed by credit reporting, employment background and tenant screening errors, victims of identity theft, students and student loan borrowers, individuals harassed and deceived by collectors and other businesses, as well as consumers who are subjected to unwelcome invasions of their privacy, overcharging, and other deceptive trade practices.

17

John has been repeatedly recognized by Philadelphia Magazine as a "SuperLawyer," a recognition received by only 5% of attorneys in Pennsylvania. He has been nationally recognized for his work in protecting consumer rights under the federal Fair Credit Reporting Act (FCRA). Throughout his career, John has obtained some of the highest consumer jury verdicts, including the highest known FCRA verdicts in Pennsylvania, California, and Michigan, and had been appointed by federal judges as class counsel in some of the largest FCRA class cases and settlements.

John lives in Philadelphia with his wife and has four adult children. John is a 1994 *cum laude* graduate of Rutgers University, where he was inducted into Phi Beta Kappa. He also holds a master's degree in American history from Stony Brook University, obtained in 1996. John received his law degree *cum laude* from the Temple University Beasley School of Law in 1999, where he was a member of the Temple Law Review. He began his legal career by clerking for Justice Russell M. Nigro of the Supreme Court of Pennsylvania.

**ADMISSIONS**

John has been admitted to practice before the United States Supreme Court, United States Courts of Appeals for the First, Second, Third, Fourth, Sixth, Seventh, Ninth and Eleventh Circuits, the United States District Courts for the District of Colorado, Eastern District of Michigan, Eastern District of Pennsylvania, and the District of New Jersey, as well as the state courts of Pennsylvania and New Jersey. He has also successfully litigated cases on a *pro hac vice* basis throughout the country.

**RECENT WORK**

John is known for his ability to tackle a wide array of novel and complex legal problems. A sampling of his work in recent years is set forth below:

False Terrorist Alerts on Credit Reports

- *Martinez v. Avantus,* LLC, 343 F.R.D. 254 (D. Conn. 2023) (certified class of mortgage applicants in case involving the reporting of inaccurate OFAC "terrorist" alerts appearing on the credit reports of innocent American consumers); later settled for $6.7M; *Kang v. Credit Bureau Connection, Inc.,* No. 18-01359, 2022 WL 658105 (E.D. Cal. Mar. 4, 2022) (certified class of car buyers in case involving the reporting of inaccurate OFAC alerts) (also appointed class counsel and represented classes of similar consumers for false OFAC alert claims in *Patel v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Cal. 2015); later settled for $8M; and *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Cal. 2014); *see also Ramirez v. Trans Union LLC*, 951 F.3d 1008 (9th Cir. 2020) (upholding certification of entire class, but revered for potion of class that lacked Article III standing per *Trans Union LLC v. Ramirez*, 141 S. Ct. 2190 (2021); later settled for over $9M.

Unlawful College Charges and Student Loan Collections

- *Teran v. Navient Sols. (In re Teran)*, No. 10-31718, 2022 Bankr. LEXIS 381 (Bankr. N.D. Cal. Feb. 15, 2022) (summary judgment ruling siding with class of student debtors who had collection efforts taken again them even though certain of their student loans were discharged in their bankruptcies); later certified and settled as part of nationwide $28M damages and

$54M debt forgiveness deal, *Woodard v. Navient Sols*., No. 8:23-cv-301, 2024 WL 94468 (D. Neb. Jan. 9, 2024);

- *Botts v. Johns Hopkins Univ.*, No. 20-1335, 2021 WL 1561520 (D. Md. Apr. 21, 2021) (leading decision in litigation against universities for class of undergraduate and graduate students claiming overcharging during the Covid-19 pandemic, upholding breach of contract and unjust enrichment claims) later settled for over $10M;

- *Seamans v. Temple University*, 744 F.3d 853 (3d Cir. 2014) (reversing summary judgment for credit furnisher concerning improperly reported old student loan debt, and setting standard for certain delinquent student debt that cannot be reported to the credit agencies after seven-and-a-half years).

Credit Reporting Errors and Problems

- *Norman v. Trans Union, LLC,* 669 F. Supp. 3d 351 (E.D. Pa. 2023) (finding that credit reporting agency must reinvestigate consumers' disputes of contested "hard inquiries" (credit applications) and refusing agency's request to de-certify class); *Norman v. Trans Union, LLC,* 479 F.Supp.3d 98 (E.D. Pa. Aug. 14, 2020) (first court to certify class action for credit report agency's failure to investigate hundreds of thousands of consumer disputes of certain inquiries disputed as unauthorized); followed by *Rivera v. Equifax Info. Servs., LLC*, 341 F.R.D. 328 (N.D. Ga. 2022) (certifying even larger class of over 300,000 consumers for same claim);

- *Adams v. LexisNexis Risk & Info. Analytics Group, Inc.*, No. 08–4708, 2010 WL 1931135 (D.N.J. May 12, 2010) (first court to find that consumers may sue under FRCA over personal information in specialty Accurint credit report used by debt collectors and others) (leading to *Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No. 11-754, 2014 WL 4403524 (E.D. Va. Sept. 5, 2014) and resulting in $13.5M class action settlements with LexisNexis);

- *Ferguson v. Wells Fargo Bank*, NA, 538 Fed. Appx. 782 (9th Cir. 2013) (reversing summary judgment for bank that failed to remove bankruptcy notation from consumer's credit report).

Tenant and Employment Screening Violations

- *In re TransUnion Rental Screening Sols., Inc., Fair Credit Reporting Act Litig.*, 437 F. Supp. 3d 1377, 1378 (U.S. Jud. Pan. Mult. Lit. 2020) (later settled in 2023 for over $11M to compensate victims of inaccurate data on tenant screening reports);

- *McIntyre v. RealPage, Inc.,* 336 F.R.D. 422 (E.D. Pa. Aug. 25, 2020) (certifying claim on behalf of tenant applicants for improper reporting of stale eviction records against them in largest tenant screening class to date); later settled for over $6.3M;

- *Kelly v. Business Information Group*, No. 15-6668, 2019 WL 414915 (E.D. Pa. Feb. 1, 2019) (as part of approval of over $3.1M class settlement requiring employment background screener to provide important "same time" notice to job candidates of any adverse information being included in their background reports);

- *Leo v. AppFolio, Inc.*, No. 17-5771, 2018 WL 623647 (W.D. Wash. Jan. 30, 2018) (upholding class action claims against start-up tenant screening company); later settled for $4.5M;

- *Flores v. Express Personnel*, No. 14-03298, 2017 WL 1177098 (E.D. Pa. Mar. 30, 2017) (certifying settlement class regarding improper background screening practices by a job placement agency); later settled for over $6M;

- *Magallon v. Robert Half International, Inc.*, 311 F.R.D. 626 (D. Or. Nov. 10, 2015) (one of few cases certifying a 5-year FCRA class on contest for failure to timely disclose adverse temp-placement decisions against job placement agency).

## NOTEWORTHY CASES

Throughout his career, John has litigated some of the most groundbreaking consumer rights cases including several cases involving issues of first impression. The following is a list of cases involving complex and novel issues that John had litigated through the years:

- *Teran v. Navient Sols. (In re Teran)*, 649 B.R. 794 (Bankr. N.D. Cal. March 30, 2023) (certifying circuit-wide damages class and also nationwide injunctive class of student loan borrowers of non-Title IV loans subjected to unlawful post-bankruptcy collection efforts);

- *Clark v. Trans Union, LLC*, No. 15-391, 2017 WL 814252 (E.D. Va. Mar. 1, 2017) (certifying one of first misreported public records FCRA classes);

- *Schwartz v. Aracor Search & Abstract, Inc.*, No. 13–870, 2014 WL 4493662 (E.D. Pa. Sept. 11, 2014) (upholding compensatory and punitive damages judgment against title company that misappropriated certain funds at real estate closing);

- *King v. General Info. Servs., Inc.*, 903 F. Supp. 2d 303 (E.D. Pa. 2012) (first court to uphold constitutionality of FCRA's obsolescence provision for old or outdated background history);

- *Howley v. Experian Info. Solutions, Inc.*, 813 F. Supp. 2d 629 (D.N.J. 2011) (first court to find that consumer may sue agency that improperly disclosed information to an identity thief);

- *Cortez v. Trans Union*, LLC, 617 F.3d 688 (3d Cir. 2010) (upholding first ever court finding that false terrorist/OFAC alerts are subject to the FCRA, also upholding punitive damages of case tried by same counsel before a jury at the district court level, *Cortez v. Trans Union, LLC*, No. 05-5684 (E.D. Pa. Apr. 26, 2007));

- *Chakejian v. Equifax Info. Servs., LLC*, 256 F.R.D. 492 (E.D. Pa. 2009) (first certified class action under FCRA section 1681i regarding consumer disputes);

- *Shames-Yeakel v. Citizens Financial Bank*, 677 F. Supp. 2d 994 (N.D. Ill. 2009) (first court to rule that consumer may proceed to jury trial on claim that bank breached its duty to sufficiently secure its online banking system).

## LECTURES / PUBLICATIONS

John is also a regular lecturer on consumer matters, including for the National Business Institute, National Consumer Law Center, Practicing Law Institute, National Association of Consumer Advocates, and other organizations. John has been interviewed and quoted concerning many legal issues affecting consumers by a wide range of media outlets, from the Wall Street Journal and Forbes Magazine to Consumer Reports and Free Speech Radio. He has authored several popular and scholarly articles, including *Third Circuit Refuses to Allow Litigant to Sidestep*

20

*Its Chosen Arbitration Body's Rules* (The Legal Intelligencer Feb. 2, 2024); *CFPB Tries to Nip New Wave of Unlawful Medical Debt Collection in the Bud* (The Legal Intelligencer Apr. 1, 2022), *Predatory Lending, the FCRA and the FDCPA* (NBI 2009), and *How Can I Combat Identity Theft* (Philadelphia Magazine, Dec. 2008).

## LAUREN KW BRENNAN

LAUREN KW BRENNAN is a partner of the firm. Lauren is a zealous consumer advocate and skilled litigator who has spent her entire career seeking to vindicate the rights of consumers. She concentrates her practice on class action litigation on behalf of consumers harmed by credit reporting errors, inaccurate employment background screening, abusive debt collection practices, and other unfair and fraudulent trade practices. Lauren lives in West Philadelphia with her husband and two children.

### EDUCATION

Temple University Beasley School of Law J.D. *cum laude*, 2013; Beasley Scholar, Temple Political & Civil Rights Law Review

Swarthmore College, B.A. 2008

### ADMISSIONS

Lauren has been admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Seventh, Ninth, and Eleventh Circuits, the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey, as well as in state courts in Pennsylvania and New Jersey. She has also successfully litigated cases after being admitted *pro hac vice* in federal district courts around the country.

### NOTABLE CASES

- *Hernandez v. MicroBilt Corporation*, 88 F.4th 215 (3d Cir. 2023) (upholding denial of CRA's motion to compel arbitration of claims regarding misreporting of terrorist watch list information, confirming that claims return to court where AAA declined to administer dispute).

- *Kelly v. RealPage, Inc.*, 47 F.4th 202 (3d Cir. 2022) (after granting Plaintiff's Rule 23(f) petition for permission to appeal, holding that consumers had Article III standing for claim that tenant screening company failed to disclose sources of information, that consumers are not required to use term "file" in order to trigger disclosure obligations, and that class is ascertainable under Rule 23 even where individual review of objective records is required).

- *Healy v. Milliman, Inc.,* No. 2:20-cv-01473-JCC (W.D. Wash. 2022) at ECF 126 (Apr. 29, 2022 order certifying FCRA accuracy claims of over 300,000 consumers who were the subject of inaccurate reports regarding medical and prescription history)

- *Ramirez v. Trans Union, LLC*, 951 F.3d 1008 (9th Cir. 2020), 141 S.Ct. 2190 (2021); 2022 WL 17740302 (N.D. Cal. Dec. 22, 2022). Member of plaintiff's trial team in record $60 million jury verdict for a case brought under the Fair Credit Reporting Act; central contributor to post-trial briefing and appellate proceedings including at the U.S. Court of Appeals for the Ninth Circuit and in the U.S. Supreme Court; later settled for $9 million

## CLASS COUNSEL CERTIFICATIONS

*Martinez v. Avantus, LLC,* No. 3:20-CV-1772 (JCH), 2023 WL 112807 (D. Conn. Jan. 5, 2023)

Healy v. Milliman, Inc., No. 2:20-cv-01473-JCC (W.D. Wash. 2022)

Watson v. Checkr, Inc., No. 3:19-cv-03396-EMC (N.D. Cal. 2021)

Deaton v. Trans Union, LLC, No. 2:20-cv-01380-AB (E.D. Pa. 2021)

Sanders v. Makespace Labs, Inc., No: 1:18-cv-10016 (S.D.N.Y. 2021)

*McIntyre v. RealPage, Inc., d/b/a On-Site*, No: 2:18-cv-03934-CFK (E.D. Pa. 2020)

*Norman v. Trans Union, LLC,* No: 18-5225, 2020 WL 4735538 (E.D. Pa. Aug. 14, 2020)

*Der-Hacopian v. DarkTrace, Inc.*, No. 4:18-cv-06726-HSG (N.D. Cal. 2020)

*Der-Hacopian v. SentryLink*, No. 8:18-cv-03001-PWG (D. Md.)

*Taylor v. GfK Custom Research, Inc.*, No. 1:16-cv-09968-ER (S.D.N.Y. 2019)

*Leo v. AppFolio, Inc.*, No.3:17-cv-05771-RJB (W.D. Wash. 2019)

*Clark/Anderson v. Trans Union, LLC*, No. 15-cv-391 & No. 16-cv-558 (E.D. Va. 2018)

*Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019)

*Flores v. Express Personnel*, C.A. No. 14-cv-03298, (E.D. Pa. Oct. 21, 2016)

*Larson v. Trans Union, LLC,* C.A. No. 12-cv-05726, (N.D. CA, Aug. 11, 2016)

*Miller v. Trans Union, LLC*, C.A. No. 12-cv-1715, (M.D. Pa. Dec. 26, 2016)

*Henderson v. Trans Union, LLC,* C.A. No. 14-cv-00679 (E.D. Va. May 3, 2016)

*Pawlowski v. United Tranzactions, LLC,* C.A. no. 15-cv-2330, (E.D. Pa. April 18, 2016)

*Rodriguez v. Calvin Klein, Inc*., C.A. 1:15-cv-02590 (S.D.N.Y. 2015)

*Giddiens v. Infinity Staffing,* C.A. No. 13-cv-07115, (E.D. Pa. Jan. 12, 2016)

*Giddiens v. First Advantage*, C.A. No. 14-cv-5105, (E.D. Pa. July 11, 2015)

*Magallon v. Robert Half International, Inc.*, 2015 WL 8778398 (D. Or. Nov. 10, 2015)

*Patel v. Trans Union, LLC*, 308 F.R.D. 292 (N.D. Cal. 2014)

*Blandina v. Midland Funding, LLC*, 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014)

*Robinson v. General Information Services, Inc.*, No. 11-07782 (E.D. Pa. Nov. 4, 2014)

*Ramirez v. Trans Union, LLC*, 2014 WL 3734525 (N.D. Cal. July 24, 2014)

## LECTURES/PUBLICATIONS

Speaker, *Consumer Financial Services Fundamentals 2024*, Practicing Law Institute, New York City, "The Credit Reporting Ecosystem: Major Players and Overview of the Key Laws That Apply," March 15, 2024.

Speaker, *Consumer Law Basics Webinar Series*, Social Law Library & National Consumer Law Center, "FCRA Basics," Webinar, March 5, 2024.

Speaker, *Consumer Rights Litigation Conference*, National Consumer Law Center, Chicago, IL "ABCs of FCRA," October 26, 2023.

Co-author, "FCRA Remedies When Criminal Records Lead to Rental Denials" National Consumer Law Center, September 21, 2023.

Speaker, *Spring Training Class Action Workshop*, National Association of Consumer Advocates, New Orleans, LA "Class Action Trials," May 3, 2023.

Co-Chair, *Spring Training - Case Valuation and Damages Track*, National Association of Consumer Advocates, Phoenix, AZ May 11-14, 2022.

Facilitator, *Spring Training*, National Association of Consumer Advocates, Online Webinar, "FCRA Background Screening Networking Session" April 29, 2021.

Speaker, *Consumer Rights Litigation Conference*, National Consumer Law Center, Online Webinar "FCRA Mini-Intensive, Specialty CRAs Part 2: Tenant Screening" November 12, 2020.

Planning Committee, *Spring Training – FCRA Track*, National Association of Consumer Advocates, Online Webinar, April 30-May 2, 2020.

Speaker, *FCRA Conference*, National Association of Consumer Advocates, Long Beach, CA "Trial Updates," May 4, 2019.

# DAVID A. SEARLES

DAVID A. SEARLES, of counsel to the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Third, Fourth and Sixth Circuits, and the United States District Courts for the District of Maryland, the District of Colorado, the Northern District of Oklahoma, and Eastern and Middle Districts of Pennsylvania, as well as the state courts of Pennsylvania. He is a graduate of the American University School of Law, Washington, D.C., where he served on law review.

Following graduation from law school, Mr. Searles was an attorney for Community Legal Services of Philadelphia, where he specialized in consumer and bankruptcy law. In 1990, he successfully argued the first consumer reorganization bankruptcy case considered by the U.S. Supreme Court, *Pennsylvania v. Davenport*, 495 U.S. 552 (1990), and has served as lead counsel

and presented arguments in numerous consumer law cases before the United States Court of Appeals for the Third Circuit. From 1992 through 1997, Mr. Searles was associated with the Philadelphia law firm of Drinker Biddle & Reath LLP, where his practice focused on Chapter 11 bankruptcy and creditors' rights. Thereafter, he was a member of Donovan Searles, LLC until 2011, specializing in consumer class action litigation.

In 2005, Mr. Searles was awarded the Equal Justice Award at the Community Legal Services Breakfast of Champions for his role in directing funding for legal assistance for low-income residents of Philadelphia. Mr. Searles has served as the Pennsylvania contributor to SURVEY OF STATE CLASS ACTION LAW (ABA Section of Litigation – 2010), and as a contributing author of PENNSYLVANIA CONSUMER LAW (2010). He has taught advanced bankruptcy law at the Rutgers University School of Law – Camden, business law at Widener University and bankruptcy law at Pierce Junior College, Philadelphia. He is a past co-chairperson of the Education Committee of the Eastern District of Pennsylvania Bankruptcy Conference. Mr. Searles has been named a Pennsylvania Super Lawyer for many years.

## CLASS ACTIONS

*Lucas v. Accutrace, Inc.,* No. 18-9059 (S.D.N.Y. June 29, 2020);

*Kelly v. Business Information Group,* 2019 WL 414915 (E.D. Pa. 2019);

*Gibbons v. Weltman, Weinberg & Reis Co., LPA,* 2018 WL 5720749 (E.D. Pa. Oct. 31, 2018);

*Patel v. Trans Union, LLC,* 2018 WL 1258194 (N.D. Ca. March 11, 2018);

*Carter v. Shalhoub Management Company, Inc.,* 2017 WL 5634300 (C.D. Ca. March 15, 2017);

*Flores v. Express Services, Inc.,* 2017 WL 1177098 (E.D. Pa. March 30, 2017);

*Miller v. Trans Union, LLC*, 2017 WL 412641 (M.D. Pa. Jan. 18, 2017);

*Larson v. Trans Union, LLC*, No. 12-5726 (N.D. Ca. June 26, 2015);

*Blandina v. Midland Funding, LLC,* 2014 WL 7338744 (E.D. Pa. Dec. 23, 2014);

*King v. General Information Services, Inc.*, C.A. No. 2:11-cv-06850 (E.D. Pa. Nov. 4, 2014);

*Robinson v. General Information Services, Inc.*, C.A. No. 2:11-cv-07782 (E.D. Pa. Nov. 4, 2014);

*Jones v. Midland Funding, LLC,* 2013 WL 12286081 (D. Conn. Dec. 3, 2013);

*Sapp v. Experian Information Solutions, Inc.,* 2:10-cv-04312 (E.D. Pa. Jan. 29, 2013);

*Reibstein v. Rite Aid Corporation,* 2011 WL 192512 (E.D. Pa. Jan. 18, 2011);

*McCall v. Drive Financial,* January Term 2006, No. 0005 (C.P. Phila. July 20, 2010);

*Serrano v. Sterling Testing Systems, Inc.,* 711 F.Supp.2d 402 (E.D. Pa. 2010);

*Summerfield v. Equifax Information Services, LLC,* 264 F.R.D. 133 (D.N.J. 2009);

*Chakejian v. Equifax Information Services, LLC,* 256 F.R.D. 492 (E.D. Pa. 2009);

*Barel v. Bank of America,* 255 F.R.D. 393 (E.D. Pa. 2009);

*Markocki v. Old Republic National Title Ins. Co.,* 254 F.R.D. 242 (E.D. Pa. 2008);

*Strausser v. ACB Receivables Management, Inc.,* 2008 WL 859224 (E.D. Pa. Mar. 28, 2008);

*Allen v. Holiday Universal, Inc.,* 249 F.R.D. 166 (E.D. Pa. 2008);

*Cohen v. Chicago Title Insurance Company,* 242 F.R.D. 295 (E.D. Pa. 2007);

*Jordan v. Commonwealth Financial Systems, Inc.,* 237 F.R.D. 132 (E.D. Pa. 2006);

*Braun v. Wal-Mart Stores, Inc.,* 2005 WL 3623389 (C.P. Phila. Dec. 27, 2005);

*Perry v. FleetBoston Financial Corp.,* 229 F.R.D. 105 (E.D. Pa. 2005);

*Beck v. Maximus, Inc.,* 2005 WL 589749 (E.D. Pa. March 11, 2005);

*Stoner v. CBA Information Services,* 352 F.Supp.2d 549 (E.D. Pa. 2005);

*Orloff v. Syndicated Office Systems, Inc.,* 2004 WL 870691 (E.D. Pa. April 22, 2004);

*Petrolito v. Arrow Financial Services, LLC,* 221 F.R.D. 303 (D. Conn. 2004);

*Piper v. Portnoff Law Associates, Ltd.,* 216 F.R.D. 325 (E.D. Pa. 2003);

*Bonett v. Education Debt Services, Inc.,* 2003 WL 21658267 (E.D. Pa. 2003).

## GEOFFREY H. BASKERVILLE

GEOFFREY H. BASKERVILLE is a 1982 graduate of Gettysburg College and a 1992 graduate of the Dickinson School of Law. During law school, Geoffrey published an article entitled *Human Gene Therapy: Application, Ethics and Regulation* in the Dickinson Law Review, Vol. 96, No. 4.

Since graduating from law school, Geoffrey has worked for both plaintiff and defense litigation firms practicing in the areas of medical malpractice, architect's and engineer's malpractice, the Federal Employer's Liability Act, and trucking litigation. In 2007, Geoffrey joined Francis Mailman Soumilas P.C. and began to practice in the area of consumer protection litigation, including fair credit reporting and fair debt collection.

Since that time, Geoffrey has concentrated his practice on representing consumers in cases under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act and other consumer statutes. He has represented clients in cases against background screening companies, credit reporting agencies, banks, credit card companies and other financial institutions. Geoffrey is admitted to practice before the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the Eastern and Middle Districts of Pennsylvania, the District of New Jersey, the Eastern District of Michigan, the District of Colorado, the Western District of Texas, the Central District of Illinois, and the District of New Mexico, as well as the state courts of Pennsylvania and New Jersey.

Geoffrey is an avid amateur photographer.

# JORDAN M. SARTELL

JORDAN M. SARTELL joined the class action practice of Francis Mailman Soumilas, P.C. in 2017 and litigates on behalf of consumers harmed by unlawful credit reporting, tenant screening, background checks, debt collection, and other deceptive and unfair business practices.

Jordan received his law degree *summa cum laude* from the DePaul University College of Law in 2012, where he was a member of the DePaul Law Review. Jordan began his legal career protecting vulnerable senior citizens from financial exploitation with Prairie State Legal Services. Jordan is admitted in Illinois and practices in federal district and appellate courts throughout the United States.

Jordan lives in suburban Chicagoland with his wife and two. Jordan served on the Editorial Board of the DuPage County Bar Association's legal journal, *The Brief*, from 2014 to 2023, including as its Editor in Chief from 2021 to 2022 and Associate Editor from 2020 to 2021. Jordan is also a member of the National Association of Consumer Advocates and regularly provides pro bono advice and counsel on a variety of consumer issues.

## CLASS COUNSEL CERTIFICATIONS

*Schultz v. Emory University,* No. 1:20-cv-02002-TWT, ECF 98 (N.D. Ga. June 15, 2023)

*Botts v. The Johns Hopkins University,* No. 1:20-cv-01335-JRR, ECF 96 (D. Md. April 20, 2023)

*Teran v. Navient Solutions, LLC et al*., No. 20-03075-DM, 2023 WL 2721904 (Bankr. N.D. Cal. Mar. 30, 2023)

*Stewart v. LexisNexis Risk Data Retrieval Serv's, LLC,* No. 3:20-cv-00903-JAG (E.D. Va. July 27, 2022)

*Rivera v. Equifax Info. Servs., LLC*, 341 F.R.D. 328 (N.D. Ga. 2022)

*Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-AWI-SKO, 2022 WL 658105 (E.D. Cal. Mar. 4, 2022)

*McIntyre v. RealPage, Inc., d/b/a On-Site*, 336 F.R.D. 422 (E.D. Pa. 2020)

*Norman v. Trans Union, LLC*, 479 F. Supp. 3d 98 (E.D. Pa. 2020)

*Wills v. Starbucks Corporation*, No. 1:16-cv-3654-CAP-CMS, ECF 59 (N.D. Ga. July 16, 2020)

*Robinson v. National Student Clearinghouse*, No. 1:19-CV-10749, 2020 WL 4873728 (D. Mass. July 8, 2020), *aff'd* 14 F.4th 56 (1st Cir. 2021)

*Shekar v. Accurate Background, Inc.*, No. 17-CV-0585, 2020 WL 2563437 (E.D. Wis. May 14, 2020)

# JOSEPH GENTILCORE

JOSEPH GENTILCORE is a passionate advocate for every one of his clients, and truly believes in the work that he does. Joseph focuses his practice on Fair Credit Reporting Act cases and other consumer protection matters under both state and federal law. He currently represents consumers in cases against credit card companies, banks, debt collectors, mortgage servicers and background check companies. Joseph has dedicated the majority of his career to representing individuals who have been wronged my large financial entities, and along the way has helped thousands of consumers obtain compensation from the corporations that have harmed them. As a result of Joseph's specialties, he has given lectures on various topics, including background checks, credit reporting inaccuracies, and mortgage fraud.

Joseph graduated Ursinus College, and Temple University School of Law.

Joseph has been lead counsel in over 300 individual federal consumer protection cases, and appointed class counsel in consumer protection matters. Every year since 2013, Joseph has been named a Super Lawyer or Rising Star by Pennsylvania Super Lawyers. Joseph is licensed to practice in Pennsylvania and New Jersey, and is admitted in numerous federal courts throughout the country.

# SIOBHÁN MCGREAL

SIOBHÁN MCGREAL joined Francis Mailman Soumilas, P.C. in 2021, and concentrates her advocacy on behalf of consumers harmed by credit reporting errors, inaccurate background screening reports for employment and housing applications, and other abusive and unfair trade practices. Siobhán has dedicated the majority of her career to helping those who have had difficulty having their voices heard within the legal system.

Prior to joining FMS, Siobhán was a Deputy City Solicitor in the Child Welfare Unit of the City of Philadelphia Law Department, where she litigated thousands of hearings of child abuse, child neglect, applications for orders of protective custody, permanent legal custodianship, and terminations of parental rights. She started her law career as an attorney for the Administration of Children's Services in Brooklyn, NY, before moving to Southern California and working in private practice for several years. Siobhán earned her B.A. from the University of Pennsylvania and her J.D. from New York Law School after teaching English in Thailand for a short time. She has been admitted to practice in the state courts of Pennsylvania, California, and New York, as well as before the United States District Court for the Eastern District of Pennsylvania.

# ERIKA HEATH

ERIKA HEATH joined Francis Mailman Soumilas, P.C. in 2020, and focuses her San Francisco practice on individual and class action litigation for consumers harmed by erroneous credit reports, inaccurate employee background checks, unlawful debt collection practices, and other unfair trade practices.

Erika is a 2002 graduate of Southern Methodist University, where she majored in business. She worked in finance in both Texas and Germany before earning her J.D. from

Northeastern University School of Law in 2009. After graduating, Erika got her start as an attorney at Atlanta Legal Aid Society, where she focused on protecting low-income consumers from abusive business practices.

Both during her time as a legal aid attorney and after, Erika has participated in a number of high-profile cases. She served as lead counsel on the case of *Strickland v. Alexander*, which ultimately led to a federal court declaring Georgia's garnishment process to be unconstitutional and enjoining most consumer garnishments in the state. As a result of her work on the *Strickland*

case, Erika received numerous awards, including the 2015 Consumer Achievement of the Year award from the National Association of Consumer Advocates (NACA). In the summer of 2017, she served as co-counsel in the trial of *Bowerman v. Field Asset Services, Inc*. (N.D. Cal.), which led to a jury verdict of more than $2 million for 11 employees who were misclassified as independent contractors. She is currently a lecturer at University of California, Berkeley (BerkeleyLaw), where she teaches a course on the Fair Credit Reporting Act.

Erika moved with her family to the San Francisco Bay Area in 2015. She is licensed to practice in California, Georgia, and New York. She is an active member of the National Association of Consumer Advocates.

## KEVIN MALLON

KEVIN MALLON joined Francis Mailman Soumilas, P.C. as Of Counsel in 2020. Mr. Mallon is also the owner of Mallon Consumer Law Group, PLLC, a New York City based consumer protection law firm focused on representing consumers harmed by credit reporting agencies, debt collectors, identity theft and consumer fraud.

Mr. Mallon has obtained relief for thousands of consumers harmed by unlawful corporate conduct since becoming an attorney in 1999. He represents consumers in both individual cases and class actions. He has successfully obtained jury verdicts on behalf of consumers as well as successfully representing consumers on appeal. Mr. Mallon is recognized as a national expert in credit reporting cases and has spoken numerous times at credit reporting conferences.

Mr. Mallon received his undergraduate degree from the C.W. Post campus of Long Island University, magna cum laude, in 1995. He attended the Santa Clara University School of Law on a full Dean's scholarship, and graduated summa cum laude in 1999. He is licensed to practice in all New York State Courts as well as the Southern District of New York and Eastern District of New York federal courts.

## THE FIRM'S STAFF

The firm employs a highly qualified staff of paralegals, legal assistants, and secretaries to advance its objectives.

# EXHIBIT B



2000 Market Street
20th Floor
Philadelphia, PA  19103
215.299.2000   215.299.2150
WWW.FOXROTHSCHILD.COM

ABRAHAM C. REICH
Direct No: 215.299.2090
Email: areich@foxrothschild.com

May 8, 2024

***Via Email (jfrancis@consumerlawfirm.com)***
James A. Francis, Esquire
Francis, Mailman, Soumilas, P.C.
1600 Market Street
Suite 2510
Philadelphia, PA 19103

Re:    **Billing Rates at Francis Mailman Soumilas P.C.**

Dear Mr. Francis:

## I.    INTRODUCTION

By letter dated October 18, 2022, I gave you my expert opinion with regard to the proposed range of reasonable hourly billing rates for the lawyers at Francis Mailman Soumilas, P.C. ("Francis Mailman Soumilas" or "the Firm") and, specifically, whether such rates were consistent with the Pennsylvania Rules of Professional Conduct and the Philadelphia market for legal services.  You have asked me to analyze whether the rates currently charged by the Firm, as outlined in my October 2022 opinion, are within market rates and whether any adjustment is warranted.  You have also asked me to consider rates for other markets where the Firm currently has ongoing litigation: Rochester, NY and Portland, OR. This serves as a supplement to my October 2022 opinion.

## II.    QUALIFICATIONS

I am a partner at the law firm of Fox Rothschild LLP ("Fox Rothschild").  I have been at Fox Rothschild since 1974 as a member of its Litigation Department.  From 2005 through

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



May 8, 2024
Page 2

2017, I served as Co-Chair of Fox Rothschild and now hold the title of Chair Emeritus. For five years prior to becoming Co-Chair, I was the Managing Partner of the Philadelphia office. I have been a member of the management group at Fox Rothschild since 1985. I was the founding member of Fox Rothschild's Professional Responsibility Committee (in 1988) and served as Chair of the Committee for eight years.

As part of the management of Fox Rothschild over the past forty years, I have participated in the review and analysis of the hourly rates that we charge for our lawyers. This review is completed at least once a year and involves a review and analysis of the markets in which we participate to ensure that we set competitive rates and that the rates we charge are consistent with the Rules of Professional Conduct (or its predecessor, the Code of Professional Responsibility).

The process of setting hourly billable rates encompasses a number of steps. Initially, Fox Rothschild obtains public data of national, regional and local law firms' hourly billing rates. In addition, management often speaks with consultants with expertise in this area to ensure that our rates are within the range of our competitors in the market. The management team, which comprises leaders from each of our offices, discusses the hourly billing rates in each of our markets.[1] We try to establish rates that are fair and competitive.

I have had an active litigation practice for more than forty-nine years. The majority of my practice involves commercial litigation matters, in which I represent plaintiffs and defendants. I have also been active for many years representing lawyers and law firms in a myriad of issues involving professional responsibility and legal ethics, including the defense of legal malpractice claims. I have also been involved in dealing with fee disputes between and among lawyers and their clients. In 1998, I was selected to be a Fellow of the American College of Trial Lawyers.

In Fox Rothschild's litigation practice, we have handled matters in the area of consumer law. Our firm has represented large financial institutions, which have been sued for

---

[1] Fox Rothschild currently has thirty offices in distinct marketplaces throughout the country, including Philadelphia, New York, Chicago, and San Francisco.



May 8, 2024
Page 3


violations of the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Protection Act ("CCPA") and the Fair Debt Collection Protections Act ("FDCPA"). We have defended some of the parties sued by clients of Francis Mailman Soumilas.

For over forty years, I have been active in the area of legal ethics and the interpretation and application of the Pennsylvania Rules of Professional Conduct (and its predecessor, the Code of Professional Responsibility). For many years, I have been a member of the Philadelphia Bar Association's Professional Responsibility Committee and Professional Guidance Committee. In 1983 and 1984, I served as Chair of the Professional Responsibility Committee. In 1987 and 1988, I served as Chair of the Professional Guidance Committee. I have also served as a member of a Hearing Committee for the Disciplinary Board of the Supreme Court of Pennsylvania for six years. For a portion of that time, I chaired the Hearing Committee. From approximately 1988 to 1995, I have also served as one of two appointed lawyers (non-judicial) liaisons to the Judicial Ethics Committee of the Pennsylvania Conference of State Trial Judges.

I have, for many years, served on the Legal Ethics and Professional Responsibility Committee of the Pennsylvania Bar Association. For the past nineteen years, I have taught legal ethics and professional responsibility at the University of Pennsylvania Carey Law School.

In 1995, I served as Chancellor of the Philadelphia Bar Association. I have been a member of the House of Delegates of the American Bar Association and the Pennsylvania Bar Association for over twenty years. I participated in the debates surrounding the enactment of the Model Rules of Professional Conduct and many of the Amendments.

I have spoken and written on issues of trial practice and legal ethics over many years in many different forums. I have counseled hundreds of lawyers on issues of legal ethics and professional responsibility.



May 8, 2024
Page 4

III.    **DOCUMENTS REVIEWED**

I have reviewed the following documents as part of my analysis:

1.    Francis Mailman Soumilas Firm Biography.
2.    Francis Mailman Soumilas Attorney Biographies.
3.    Francis Mailman Soumilas current hourly rates.
4.    50th Annual Survey of Law Firm Economics (2022 Edition).
5.    Valeo Reports: Annual Partner Billing Rates by City.
6.    Laffey Matrix.
7.    Fox Rothschild LLP current rate schedule for its Philadelphia, New York, Chicago, and San Francisco lawyers.
8.    "Big Law Rates Continue Rising, But Trail 2023 Increases So Far" The American Lawyer, January 31, 2024.
9.    Consumer Price Index, 2023-24

IV.    **DISCUSSION**

A.    **The Firm's Accomplishments**

Francis Mailman Soumilas ("FMS") is one of the leading law firms representing clients in consumer-related litigation in both individual and class action suits. When the Firm was founded in 1998, few firms were actively litigating cases under the CCPA. In addition, Francis Mailman Soumilas was one of the first firms to have a significant legal practice concentrating in federal fair credit reporting, fair debt collection and consumer class actions. Over the past twenty-six years, Francis Mailman Soumilas has become a well-known and highly regarded firm in the area of consumer protection litigation.

FMS has obtained record-breaking jury verdicts and settlements in cases brought under the Fair Credit Reporting Act (FCRA). It has been certified to serve as class counsel in more than 70 consumer class actions nationwide and has obtained groundbreaking legal rulings at both the trial and appellate court levels on behalf of its clients. The firm has further served as counsel in some of the largest class action settlements in consumer



May 8, 2024
Page 5

protection litigation history.  The following examples illustrate the groundbreaking work of FMS in the area of consumer law.

In *Ramirez v. Trans Union*, C.A. No. 12-cv-000632-JSC (N.D. Cal.), the Firm tried a class action case against Trans Union (one of the country's "big three" credit reporting agencies) and obtained a $60 million verdict on behalf of a class of 8,000 people who were mislabeled as Office of Foreign Assets Control (OFAC) criminals by Trans Union on credit reports in a claim brought under the FCRA.  *Ramirez* is a record FCRA verdict, a rare class verdict, and was one of the top verdicts for 2017.  Thereafter, Francis Mailman Soumilas argued the appeal against the former Solicitor General of the United States and the Ninth Circuit affirmed the trial court verdict (with remittitur): 951 F.3d 1008 (9th Cir. 2020).  The United States Supreme Court granted certiorari in 2020, and  in March of 2021, issued a 5-4 decision reversing the trial court's decision in part on the basis of its finding only a portion of the certified class had Article III jurisdiction.  141 S.Ct. 2190 (2021).   The Firm achieved a $9 million dollar settlement, which was approved by the United States District Cour for the Northern District of California.  2022 WL 17740302 (N.D. Cal. Dec. 22, 2022).

In *Robinson v. National Student Clearinghouse*, No. 1-19-cv-107490, 2020 WL 4873728 (D. Mass. July 8, 2020) *aff'd* 14 F.4th 56 (1st Cir. 2021), the Firm successfully obtained a $2 million settlement for consumers who were overcharged for college verifications.  This case was notable for the Firm's decision to challenge the defendant as a consumer reporting agency and ultimately bring the defendant into compliance with the FCRA.

In *Patel v. Trans Union, LLC*, 2018 WL 1258194 (N.D. Cal. March 11, 2018), the Firm served as lead Class Counsel and obtained an $8 million settlement for a class of consumers who were falsely being reported as terrorists.

In *Thomas v. Equifax Info. Services, LLC*, No. 18-cv-684 (E.D. Va.), Francis Mailman Soumilas served as National Class Counsel in an FCRA class action alleging violations by a credit bureau for misreporting public records.  The Firm provided a nationwide resolution of class action claims that were asserted across multiple jurisdictions (including injunctive relief) and an uncapped mediation program for millions of consumers.  The Firm also



May 8, 2024
Page 6

served as National Class Counsel and obtained similar relief for millions of consumers with similar claims in *Clark v. Experian Info. Sols., Inc.,* No. 16-cv-32 (E.D. Va.) and *Clark/Anderson v. Trans Union, LLC,* NO. 15-cv-391 and No. 16-cv-558 (E.D. Va.).

In *Beach v. American Heritage Federal Credit Union,* C.A. No. 15-5942 (E.D. Pa. July 26, 2017), the Firm obtained a settlement exceeding $1 million against American Heritage Federal Credit Union ("AHFCU") for AHFCU having generated a cash advance from consumers' accounts to pay fees, interest, charges or attorney fees. The court in *Beach* noted the Firm's experience in consumer class actions and found that "[t]he settlement agreement in this matter resulted from Class Counsel's vigorous advocacy and contested, protracted settlement negotiations."

In *Flores v. Express Services, Inc., et al.*, C.A. No. 14-3298 (E.D. Pa. March 30, 2017), the Firm brought an action against Express Services, Inc. and Express Personnel – Philadelphia for violations of the FCRA and obtained a $5.75 million settlement on behalf of the class. The court found that the skill and efficiency of the Firm was apparent, having "achieved a significantly favorable result on behalf of plaintiffs at the expense of the inherent risk that accompanies undertaking a contingency fee action," and also noted that Francis Mailman Soumilas has extensive experience in consumer class action litigation.

In *White v. Experian Info. Solutions,* C.A. No. 05-01070, 2014 WL 1716154 (C.D. Cal. May 1, 2014), the court found Francis Mailman Soumilas "FCRA specialists" and appointed the Firm and its team as interim class counsel over objections from competing groups (including Boise Schiller) because the Francis, Mailman, Soumilas team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation"; affirmed sub nom *Radcliffe v. Experian Information Solutions, Inc.,* 818 F.3d 537 (9th Cir. 2016).

In *Henderson v. Acxiom Risk Mitigation, Inc.,* C.A. No. 12-589 (E.D. Va. Aug. 7, 2015), Francis Mailman Soumilas was appointed class counsel in a national FCRA class action and obtained a $20.8 million settlement against one of the largest data sellers and background screening companies in the world.



May 8, 2024
Page 7

In *Thomas v. BackgroundChecks.com*, C.A. No. 13-029 (E.D. Va. Aug. 11, 2015), Francis Mailman Soumilas was appointed class counsel in an FCRA national class action and obtained $18 million against another one of the largest background screening companies in the world, in addition to significant injunctive and remedial relief.

Additionally, Francis Mailman Soumilas has been certified as class counsel in federal and state courts throughout the country in over 70 matters.  The Firm has been certified as class counsel in the following matters[2]:

- *Woodard v. Navient Solutions, LLC et al., No. 8:23-cv-00301-RFR* (D. Neb. 2024)
- *Schultz v. Emory University, No. 1:20-cv-02002-TWT, ECF 98* (N.D. Ga. June 15, 2023)
- *Botts v. The Johns Hopkins University, No. 1:20-cv-01335-JRR, ECF 96* (D. Md. April 20, 2023)
- *Teran v. Navigant Solutions, LLC et al.*, ___B.R. ___, 2023 WL 2721904 (Bankr. N.D. Cal. Mar. 30, 2023) (appointed class counsel to represent national injunctive relief class).
- *Martinez v. Avantus, LLC, No. 3:20-CV-1772 (JCH), 2023 WL 112807* (D. Conn. Jan. 5, 2023)
- *Stewart et al. v. LexisNexis Risk Data Retrieval Services, LLC et al.*, No 3:20-cv-00903-JAG (E.D. Va. July 27, 2022);
- *Kang v. Credit Bureau Connection*, No. 18-1359, 2022 WL 658105 (E.D. Cal. Mar 4, 2022)
- *Rivera v. Equifax Info. Services*, LLC, 341 F.R.D. 328 (N.D. Ga. 2022)
- *Healy v. Milliman, Inc.*, No. 2:20-cv-01473-JCC (W.D. Wash. 2022)
- *Watson v. Checkr, Inc.*, No. 3:19-cv-03396-EMC (N.D. Cal. 2021)
- *Deaton v. Trans Union, LLC*, No. 2:20-cv-01380-AB (E.D. Pa. 2021)
- *Sanders v. Makespace Labs, Inc.*, No: 1:18-cv-10016 (S.D.N.Y. Mar. 29, 2021)

---

[2] This is only a partial list of the matters where FMS has been certified as class counsel.



May 8, 2024
Page 8

- *Der-Hacopian v. Darktrace, Inc.*, No: 18-cv-06726-HSG (N.D. Cal. Dec. 10, 2020)
- *Der-Hacopian v. Sentrylink, LLC,* No. 8:18-cv-03001-PWG (N.D. Cal. Nov. 23, 2020)
- *McIntyre v. RealPage, Inc.*, No: 2:18-cv-03934, WL 5017612 (E.D. Pa. Aug. 25, 2020)
- *Norman v. Trans Union, LLC,* No: 18-5225, 2020 WL 4735538 (E.D. Pa. Aug. 14, 2020)
- *Thomas v. Equifax Info. Services, LLC*, NO. 18-cv-684 (E.D. Va. 2020)

In addition to obtaining substantial and favorable verdicts, the Firm has also made significant contributions to public policy. The Firm set legal precedent and clarified legal issues, including: (i) the proper standard for the investigation of a consumer dispute by credit reporting agencies and furnishers of information; (ii) the standard for proving willfulness under the FCRA; (iii) the accuracy standard for credit reports; (iv) the types of information permitted to be included in credit reports; (iv) the types of cognizable actual damages available in an FCRA action; (v) the consumer's burden of proof in an FCRA action; and, (vi) proper jury charges. Francis Mailman Soumilas has also been counsel to some of the largest FCRA settlements in history, such as *Acxiom* ($20.8 million), *Ramirez* ($9 million), *Hireright*, ($29 million) and *White/Hernandez* ($45 million).

Through Francis Mailman Soumilas' jury verdicts and class settlements, the Firm has established the "market value" for class and individual cases under the FCRA and the FDCPA. I have been informed that there were few to no reported plaintiff FCRA verdicts prior to the Firm's victories. Moreover, Francis, Mailman, Soumilas has helped establish the standards for obtaining class certification in FCRA and FDCPA cases. *See, e.g.*, *Cortez*.

The attorneys at Francis Mailman Soumilas are very active and well known in the legal community. They regularly share their expertise at local and national conferences. By way of example, attorneys from the Firm made the following presentations: Speaker: *Spring Training*, 2023 (FCRA) National Association of Consumer Advocates, May 3-5, 2023, New Orleans, LA; Speaker: *Rule 23(c)(5) Subclasses: Certification, Due Process, Adequate Representation, and Settlement*, Stafford Webinars, February 23, 2023; Speaker: *Data Protection at the Federal Level*, Nevada Bar Association, January 17, 2023; Speaker: *27th Annual Consumer Financial Services Institute*, Practising Law Institute, *Debt Collection and*



May 8, 2024
Page 9

*Credit Reporting Update*, December 7, 2022, San Francisco, CA; Speaker: *Tenant Screening Litigation: FCRA and Civil Rights Claims*, National Consumer Law Center, Consumer Rights Litigation Conference, November 10, 2022, Seattle WA; Speaker: *"Lightning-Round Ascertainability"*, Consumer Class Action Symposium, National Consumer Law Center, November 13, 2022, Seattle, WA.

Attorneys from the Firm also served on the faculty for the *Perrin Conferences Class Action Litigation Virtual Conference*, April 26, 2022; as a Panel Member for the *27th Annual Consumer Financial Services Institute- Debt Collection and Credit Reporting Update* on September 20, 2022 in Chicago and March 18, 2022 in New York, NY; as a speaker for *Consumer Finance Class Actions: FDCPA, FCRA & TCPA* Webinar on September 16, 2020, and at *Representing the Pro Bono Client: Consumer Law Basics* in 2020 and 2019, presented by the Practicing Law Institute.  Firm members also served on the faculty for *Consumer Financial Services & Banking Law Update*, presented by the Pennsylvania Bar Institute on October 29, 2019 and *Consumer Finance Class Actions*, presented by The Canadian Institute on July 24, 2019.

Members of the Firm also spoke at the Fair Credit Reporting Act Conference, National Association of Consumer Advocates, in Long Beach, CA in May 2019 and Baltimore, MD in April 2017. They also served on the faculty for the 21st Annual Consumer Financial Services Litigation Institute (which was CLE accredited) on "Fair Credit Reporting and Debt Collection Litigation," which took place in March and April 2016 in New York City and Chicago.

One of the founding partners, James A. Francis, has been repeatedly named to the Top 100 Pennsylvania Super Lawyers, as well as the Top 100 Philadelphia Super Lawyers, including as recently as 2023 and 2024.  Mr. Francis was elected as a Fellow of the American College of Consumer Financial Services Lawyers in 2023 and was also selected as a member of the Nation's Top One Percent by the National Association of Distinguished Counsel in 2024.  Mr. Francis was also featured on LAW360 in October 2014 as one of a small handful of American plaintiff's lawyers to be selected from a national pool and featured as part of the "Titans of the Plaintiff's Bar" series.    *See*



May 8, 2024
Page 10

https://www.law360.com/articles/583536/titan-of-the-plaintiffs-bar-jim-francis.    Mr.
Francis has been appointed to serve as class counsel by federal courts throughout the
country in more than 70 cases.

Mark Mailman, also a founding partner and currently the managing partner of the Firm,
was awarded the 2018 Consumer Attorney of the Year award from the National
Association of Consumer Advocates (NACA).  Mr. Mailman has repeatedly been voted
and named one of Pennsylvania's Super Lawyers by Law and Politics published by
Philadelphia Magazine and Pennsylvania Super Lawyer Magazine from 2004- present.  He
has also appeared on various news programs to discuss trending consumer issues and
recently published an article in *The Legal Intelligencer*, a prominent Philadelphia legal
publication, entitled  "Your clients' consumer rights legal issues may be hiding in plain
sight".  Mark regularly lectures for continuing legal education programs, law schools and
community groups throughout the country, and has been a regular speaker for the
National Association of Consumer Advocates (NACA) and National Consumer Law Center
(NCLC) for more than 20 years.

John Soumilas, another partner of the firm, was lead class counsel and lead trial counsel
in the record breaking $60 million class action jury verdict, the largest verdict in history
for a case brought under the FCRA.  Mr. Soumilas has been nationally recognized for his
work in protecting consumer rights under the FCRA and, throughout his career, has
obtained some of the highest consumer jury verdicts, including the highest known FCRA
verdicts in Pennsylvania, California, and Michigan.  Mr. Soumilas has also been appointed
by federal judges as class counsel in some of the largest FCRA class cases and settlements.
Mr. Soumilas' has career settlements and verdicts valued at more than $180 million.

## B.    Methodology for Determining Rates

**There are two complementary approaches for determining reasonable hourly rates.**
The **first approach** is to consider the rates for comparably skilled practitioners in the
relevant market.  To that end, I have reviewed the hourly billing rates of lawyers in
Philadelphia, New York, Chicago, San Francisco, Portland, Rochester, and comparable
local areas.



May 8, 2024
Page 11

The hourly rates of lawyers listed in the Updated Laffey Matrix was a source I consulted.[3] For the period of June 2023 through May 2024, the hourly billing rates identified were: (i) $1057 for an attorney with twenty or more years of experience; (ii) $878 for an attorney with eleven to nineteen years of experience; (iii) $777 for an attorney with eight to ten years of experience; (iv) $538 for an attorney with four to seven years of experience; (v) $437 for an attorney with one to three years of experience; and (vi) $239 for a paralegal or law clerk. These numbers reflect an increase of approximately 17.5% from the 2019 rates.

I have also reviewed the current hourly rates set by my firm for its Philadelphia, New York, Chicago, and San Francisco lawyers and I have consulted with colleagues in my firm's New York, Chicago, and San Francisco offices who have served in management capacities and have experience in setting hourly rates in those jurisdictions. As I stated above, the process of setting hourly rates for my firm begins with obtaining public data, speaking with knowledgeable consultants, and discussions with the management team. I also considered the fact that the Consumer Price Index increased by 4.6% between my last report in October 2022 and the current date.

A **second approach** to determine a reasonable hourly rate would look at the relevant factors set forth in Rule 1.5(a) of the Rules of Professional Conduct.

While the Pennsylvania Rules of Professional Conduct do not specifically address the reasonableness of a specific hourly rate, they do address the considerations for assessing "the propriety of a fee" in Rule 1.5. In my opinion, some of those considerations can provide a useful analytical checklist when trying to determine a reasonable hourly rate.

The factors set forth in Rule 1.5(a) are:

    1.      Whether the fee is fixed or contingent;

    2.      The time and labor required, the novelty and difficulty of the questions

---

[3] The Laffey Matrix is reflective of market rates in the Baltimore/Washington area. *See* www.laffeymatrix.com. In my experience, the rates in the Baltimore/Washington area are comparable to the Philadelphia Market and lower than the New York or Chicago markets.



May 8, 2024
Page 12

         involved, and the skill requisite to perform the legal services properly;

3.      The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

4.      The fee customarily charged in the locality for similar legal services;

5.      The amount involved and results obtained;

6.      The time limitations imposed by the client or by the circumstances;

7.      The nature and length of the professional relationship with the client; and

8.      The experience, reputation, and ability of the lawyer or lawyers performing the services.

**Factor Number 4** ["The fee customarily charged in the locality for similar legal services"] has already been addressed. This is a comparative review of rates charged by other lawyers in the market.

**Factor Number 1** ["whether the fee is contingent or fixed"] suggests that higher rates may be justified when fees are contingent. Francis Mailman Soumilas handles its cases on a contingent fee basis. As a result, the Firm bears all the risk of the cost of litigation until resolution. In some instances, the Firm may not receive payment of its fees for several years. Further, most of the defendants are large companies with substantial financial resources and lawyers equipped to defend the actions. Many of the lawsuits address novel areas of law. In order to obtain favorable outcomes, the attorneys at Francis Mailman Soumilas spend numerous hours conducting research, conducting discovery, and crafting innovative legal arguments to overcome attempts to have their clients' cases dismissed before trial. The Firm's investment of time and resources prevent it from litigating numerous matters at the same time.

**Factor Number 2** ["The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly"] also supports the notion that a higher rate would be justified for lawyers at Francis Mailman Soumilas who have distinguished themselves in their area of expertise. Finally, Factor



May 8, 2024
Page 13

**Number 8** ["The experience, reputation, and ability of the lawyer or lawyers performing the services"] likewise provides another reason to justify increasing rates recommended for the lawyers at Francis, Mailman, Soumilas.

The table below displays Francis Mailman Soumilas' current hourly billing rates in each jurisdiction and dates of admission to the Bar.   I have been advised that in federal court hearings, the judges who have been presented with the rates I and the colleagues of my firm have supported have found them to be reasonable.  *See, e.g., Chakejian v. Equifax Information Services*, LLC, 275 F.R.D. 201 (E.D. Pa. 2011), *Sapp v. Experian Information Solutions, Inc.*, 2013 WL 2130956 (E.D. Pa. May 15, 2013); *Gibbons v. Weltman, Weinberg & Reis Co., LPA*, C.A. No-17-0151-JHS (E.D. Pa., Jan. 26, 2022)("And I've also read the Report of Abe Reich, Esquire, that confirms the reasonableness of the billing rates and fees charged in this case.")

| Attorney/Paralegal | Range of Hourly Billing Rates (Philadelphia) | Range of Hourly Billing Rates (New York) | Range of Hourly Billing Rates (Chicago) | Range of Hourly Billing Rates (San Francisco) |
|---|---|---|---|---|
| James A. Francis (1995) | $785 - $825 | $1045 - $1085 | $900 - $945 | $865 - $905 |
| Mark D. Mailman (1995) | $785 - $825 | $1045 - $1085 | $900 - $945 | $865 - $905 |
| David A. Searles (1975) | $815 - $855 | $1135 - $1175 | $975 - $1015 | $895 - $935 |
| Geoffrey H. Baskerville (1992) | $655 - $695 | $915 - $955 | $785 - $825 | $720 - $760 |
| John Soumilas (1999) | $695 - $735 | $975 - $1015 | $835 - $875 | $765 - $805 |
| Lauren KW Brennan (2013) | $385 - $425 | $565 - $605 | $460 - $500 | $425 - $465 |
| Jordan Sartell (2012) | $385 - $425 | $565 - $605 | $460 - $500 | $425 - $465 |
| Joseph Gentilcore (2011) | $400 - $445 | $575 - $615 | $480 - $520 | $440 - $480 |
| Erika Heath | $425 - $465 | $595 - $635 | $520 - $560 | $490 - $530 |
| Kevin Mallon | $685 - $725 | $965 - $1005 | $825 - $865 | $755 - $795 |
| Siobhan McGreal (2008) | $425 - $465 | $595 - $635 | $520 - $560 | $490 - $530 |
| Experienced paralegal | $305 | $305 | $305 | $305 |
| Inexperienced paralegal | $265 | $265 | $265 | $265 |



May 8, 2024
Page 14


In consideration of the attorneys' years of experience, successful verdicts and recognition in the legal community, the level of current hourly billing rates is, in my opinion, below the market.  An increase in the Firm's hourly billing rates is justified.  The Firm has not raised its hourly billing rates since my last report of October 18, 2022.  The additional experience and years practiced by the Firm's attorneys, the increase in legal fees and the increase in the Consumer Price Index during this time period justify a reasonable increase for Francis Mailman Soumilas.

## V.    <u>CONCLUSION</u>

In accordance with the foregoing analysis, and based upon my review of the prevailing market hourly billing rates, it is my opinion, within a reasonable degree of professional certainty, that the following range of hourly billing rates at Francis Mailman Soumilas is consistent with the hourly billing rates charged in the Philadelphia, New York, Chicago San Francisco, Portland (Oregon) and Rochester (New York) markets, and within the considerations outlined in the Rules of Professional Conduct.  Moreover, my colleagues in each of those markets have reviewed this report and concur with the rates outlined below.  The level of hourly billing rates within the range will depend on the complexity of the matter, the duration of the dispute and the result obtained.

| Attorney/Paralegal | Range of Hourly Billing Rates (Philadelphia) | Range of Hourly Billing Rates (New York) | Range of Hourly Billing Rates (Chicago) | Range of Hourly Billing Rates (San Francisco) | Range of Hourly Billing Rates (Portland, OR) | Range of Hourly Billing Rates (Rochester, NY |
|---|---|---|---|---|---|---|
| James A. Francis (1995) | $850 - $890 | $1120 - $1180 | $955-$995 | $920-$960 | $705-$745 | $680-$720 |
| Mark D. Mailman (1995) | $850 - $890 | $1120 - $1180 | $955-$995 | $920-$960 | $705-$745 | $680-$720 |
| David A. Searles (1975) | $875 - $905 | $1205 - $1245 | $1040-$1080 | $955-$995 | $720-$760 | $690-$730 |
| Geoffrey H. | $700-$740 | $975- | $840- | $765-$805 | $565-$605 | $545-$585 |



May 8, 2024
Page 15

| Attorney/Paralegal | Range of Hourly Billing Rates (Philadelphia) | Range of Hourly Billing Rates (New York) | Range of Hourly Billing Rates (Chicago) | Range of Hourly Billing Rates (San Francisco) | Range of Hourly Billing Rates (Portland, OR) | Range of Hourly Billing Rates (Rochester, NY |
|---|---|---|---|---|---|---|
| Baskerville (1992) | | $1015 | $880 | | | |
| John Soumilas (1999) | $745 - $785 | $1040-$1080 | $895-$935 | $820-$860 | $600-$640 | $650-$690 |
| Lauren KW Brennan (2013) | $430 - $470 | $605-$645 | $500-$540 | $460-$500 | $400-$440 | $360-$400 |
| Jordan Sartell (2012) | $410 - $450 | $600-$640 | $490-$530 | $455-$495 | $355-$395 | $340-$380 |
| Joseph Gentilcore (2011) | $425 -$465 | $605-$645 | $510-$550 | $470-$510 | $365-$405 | $345-$385 |
| Erika Heath (2009) | $460 - $500 | $635-$675 | $565-$605 | $525-$565 | $385-$425 | $370-$410 |
| Kevin Mallon (2000) | $730 - $770 | $1025-$1065 | $855-$915 | $805-$845 | $590-$630 | $640-$680 |
| Siobhan McGreal (2008) | $455 - $495 | $630-$670 | $560-$600 | $520-$560 | $385-$425 | $370-$410 |
| Experienced paralegal | $345 | $345 | $345 | $345 | $325 | $275 |
| Inexperienced paralegal | $295 | $295 | $295 | $295 | $275 | $235 |

## VI.    SUPPLEMENTAL INFORMATION

Attached as Exhibit A is a copy of my curriculum vitae.  It contains is a list of all publications that I have authored in the past ten years.  I have not testified as an expert at trial in the past four years.  In the past four years, I testified at a deposition as an expert witness in a confidential dispute involving a lawyer who became disabled.  The matter was unrelated to an analysis of hourly rates.  My current hourly rate is $1,160..  I have been assisted in preparing this opinion by my partner, Beth Weisser, whose hourly rate is $715.  We spent approximately $8500 in preparing this opinion.



May 8, 2024
Page 16


If I am provided with additional information, I reserve the right to supplement or amend
my opinion.

Very truly yours,

Abraham C. Reich

ACR:cah
Enclosure

# EXHIBIT "A"

2000 Market Street, 20th Floor
Philadelphia, PA  19103
215-299-2090 | www.foxrothschild.com
areich@foxrothschild.com

# ABRAHAM C. REICH

**PROFESSIONAL ASSOCIATION**

**FOX ROTHSCHILD LLP**

- Chair Emeritus, Fox Rothschild LLP (April 2017 to Present)
- Co-Chairman, Fox Rothschild LLP (April 2005 to March, 2017)
- Firm Executive Committee
- Partner, Litigation Department
- Former Managing Partner, Philadelphia Office (2000- April 2005)
- Professional Responsibility Committee (1998-2008), (Founding Member and Former Chair)

Abe has been with the firm since 1974. His area of practice involves all aspects of business litigation and counseling, including representation of lawyers and law firms in defense of legal malpractice claims and other disputes.  Abe has taught professional responsibility at University of Pennsylvania Carey School of Law since 2007. He also provides expert testimony in connection with legal ethics and professional responsibility and business litigation matters.

**EDUCATION**

- The Beasley School of Law at Temple University, J.D. 1974, Editor, Law Review
- University of Connecticut, B.A., magna cum laude; 1971,
  Elected to Phi Beta Kappa and Phi Kappa Phi

**ADMISSIONS**

- Pennsylvania
- United States Supreme Court
- United States Courts of Appeal for the Third, Fourth, Seventh and Eighth Circuits

**PROFESSIONAL ASSOCIATIONS**

- Fellow, American College of Trial Lawyers
- American Bar Association, House of Delegates (1995-2015; 2018-2023)
- American Bar Foundation
- American Association for Justice (formerly American Trial Lawyers Association)
- Association of Professional Responsibility Lawyers
- Pennsylvania Bar Association, House of Delegates; First Statewide Bench Bar Conference, Chair, 1986; Legal Ethics and Professional Responsibility Committee; Co- Chair, Task Force to Revise the Code of Judicial Conduct, 2012- 2013
- Pennsylvania Association for Justice (Formerly Pennsylvania Trial Lawyers Association) Board of Governors, 1985-1990; Commercial Litigation Committee, Former Co-Chair
- The Beasley School of Law at Temple University, Board of Overseers

**PHILADELPHIA BAR ASSOCIATION ACTIVITY**

- Chancellor, 1995
- Board of Governors, 1987-1999; Chair, 1989
- Commission on Judicial Selection and Retention, 1986-1989, 1993-1994; Vice-Chair, 1989; Chair, Investigative Division, 1988-1989
- Professional Guidance Committee; Chair, 1987-1988
- Professional Responsibility Committee; Chair, 1983-1984
- Annual Conference Committee (Bench Bar Conference), Vice-Chair, 1984; Chair, 1985
- Trustee, Philadelphia Bar Foundation, 1993-1996

- Trustee, Philadelphia Bar Education Center, 1993-1999
- Trustee, International Human Rights Fund, 1993-1995
- Federal Courts Committee
- State Civil Judicial Procedures Committee
- Editorial Board, the Philadelphia Lawyer, 1975-1987 (Former Publication of Business Law Section)
- Counsel to Philadelphia Bar Association in *Restifo v. Philadelphia Bar Association*, 1991-1994

**OTHER ORGANIZATIONAL ACTIVITY**

- Lecturer in Law, University of Pennsylvania Carey School of Law, "Ethics and Advocacy – From the Boardroom to the Courtroom"; Spring Semesters 2007-2023
- The Continuing Legal Education Board of the Supreme Court Of Pennsylvania, Board Member 2005 – 2010; Chair, 2011
- The Disciplinary Board of the Supreme Court of Pennsylvania, Former Hearing Committee Member and Chair, 1985-1991
- Pennsylvania Committee of State Trial Judges, Lawyer Liaison, Judicial Ethics Committee, 1988-1995
- Campaign for Qualified Judges, Former Trustee
- Pennsylvania Law Journal-Reporter, Former Member of Corporate Law Advisory Board
- The Legal Intelligencer, Former Editorial Board Member, 1992
- Lawyers Club of Philadelphia, Former Member of Board of Directors
- United States Court of Appeals for the Third Circuit, Task Force on Equal Treatment in the Courts, 1996
- Lawyer's Advisory Committee, United States Court of Appeals for the Third Circuit, Chair, 1998
- Jenkins Law Library, Board Member and President (1995-2015)
- Pennsylvanians for Modern Courts, Advisory Board Member
- Brandeis Law Society Foundation, Director

**PUBLICATIONS**

- Co-Author, *The Metaverse for the Risk-Averse: Law Firms and Legal Advertising, Parts 1 and 2*, Pennsylvania Law Weekly, 45 PLW 962 (October 25, 2022) and 45 PLW 966 (November 8, 2022)
- Contributing Author, *Successful Partnering Between Inside and Outside Counsel* – Ethics, Chapter 31 (Thomson Reuters 2009-2020)
- Contributing Author, *Pennsylvania Ethics Handbook*, Pennsylvania Bar Institute, 2008, 2011, 2014, 2017
- Co-Author, *Attorney Self-Governance, Federal Oversight Clash in Dodd-Frank Act*, The Legal Intelligencer, November 15, 2010
- Co-Author: *The Lawyer's Duty of Disclosure: Ethics and Sarbanes-Oxley – The New Conundrum for Patent Lawyers*, Akron Intell. Prop. 43-63, 2007
- "*The IP Lawyer's Duty of Disclosure Under Sarbanes-Oxley*," The Legal Intelligencer – May 8, 2006
- Co-Author: *When Competition Crosses The Line, Mid-Atlantic Executive Legal Advisor*, Winter 2005
- Co-Author: *What Do You Do When Confronted With Client Fraud, Business Law Today*, Vol. 12, Number 1, September/October 2002
- Co-Author: Screening Mechanisms: A Broader Application? Balancing Economic Realities and Ethical Obligations, Vol. 72, Temple Law Review 1023, 2000

- *Lawyer Controlled MDPs: Critical to the Future Economic Vitality Of Our Profession*, American Bar Association Section of Environment Energy and Resources, Ethics Committee Newsletter, Vol. 1 No. 1, November 2000
- Co-Author: *The Private Securities Litigation Reform Act of 1995; An Overview, The Barrister*, Vol. XXVII, No. 2, Fall, 1996
- Co-Editor: *Commercial Litigation Case Notes, Pennsylvania Trial Lawyers Association*, 1985-1995
- Co-Author: *Time Out – A Time for Reflection on Statutes of Limitation in Federal Securities Laws and RICO Claims, The Barrister*, Vol. XVIII, No. 1, Spring 1987
- Co-Author: *Getting Even, Litigation*, Vol. 13, No. 2, Winter, 1987
- Book Review, *Newberg on Class Actions, (Second), The Barrister*, Vol. XVL No. 4, Winter 1985/1986
- Co-Author: *Mandamus Used as Pretrial Appeal, Pennsylvania Law Journal Reporter*, Vol. VI, No. 10, March 1983
- Co-Author: *Derivative Action Requirements Eased, Pennsylvania Law Journal Reporter*, Vol. V., No. 46, December 1982
- Co-Author: *Non-Parties May Recover Discovery Costs, Pennsylvania Law Journal Reporter*, Vol. V, No. 39, October 1982
- *Action in Restraint of Trade: What Constitutes Conspiracy?, Pennsylvania Law Journal Reporter*, Vol. IV, No. 15, April 19814
- *A Shot in the Arm for Dissenting Shareholders, The Philadelphia Lawyer,* Vol. 17, No. 2, March 1980
- *The New Judicial Code as Part of Pennsylvania's Consolidated Statutes, The Philadelphia Lawyer*, Vol. 16, No. 2, June 1979
- *Equal Fault Revisited; The Philadelphia Lawyer*, Vol. 14, No 4, December 1977
- Co-Author: *Individual Issues in Securities Class Actions, The Philadelphia Lawyer*, Vol. 13, No. 3, October 1976
- *United States v. Byrum: The Troubled Application of Section 2036,* Vol. 46, Temple Law Quarterly 498, 1973

**LECTURES**
- **American Association for Justice** (Formerly American Trial Lawyers Association): Commercial Litigation, 1986
- **American Bar Association**: Section of Business Law, *Client Fraud: To Disclose or Not to Disclose*, October 2002 (National Teleconference)
- **American Conference Institute Forum On Reduced Legal Costs**, The Ethics of Alternative Fee Arrangements and Cost Reduction Strategies, 2009
- **American Intellectual Property Law Association**: *Advanced Computer & Electronic Patent Practice Seminar, The Lawyers Duty of Disclosure – Ethics and Sarbanes-Oxley – The New Conundrum for Patent Attorneys*, Boston, June 2006
- **Berks County Bar Association**: Legal Ethics, 1993
- **Delaware Valley Corporate Counsel Association**: Legal Ethics, 1987
- **Dickinson Law School**: Intellectual Property Forum, Trade Secrets, 1983 and 1985
- **DuPont Chemical CLE Series**, Ethics and the Federal Circuit, September 2007
- **Federal Bar Association**: Federal Class Actions, 1986
- **Frankford's Rotary Club**: Legal Ethics, 1987
- **Intellectual Property Owners Association**: Annual Meeting "*Sarbanes-Oxley and the Duty of Disclosure for IP Lawyers*", Seattle, September 2005
- **Lorman Seminars, Ethics Seminars**, 2013, 2014, 2015, 2016, 2017, 2019, 2020
- **Minnesota Institute of Legal Education**: Securities/Commercial Litigation, 1986;
- **Antitrust/Unfair Competition**, 1987; Securities/Commercial Litigation, 1989
- **Montgomery County Trial Lawyers Association**: Legal Ethics/Fee Disputes, 1991

- **Pennsylvania Association for Justice** (Formerly Pennsylvania Trial Lawyers Association)
  - o Broker/Dealer Litigation, 1984;
  - o Commercial Litigation Update, 1986-1989;
  - o Antitrust/Health Care, 1989;
  - o Legal Ethics/Professional Responsibility, 1992/1993 (Multiple Seminars);
  - o Winning with Expert Testimony, April 2002;
  - o "What's It Worth" Seminar (Ethics Component), November 2002; March 2010
- **Pennsylvania Bar Association: Young Lawyers Section**, The Transition from Associate to Partner, 1986
- **Pennsylvania Bar Institute**
  - o Directors and Officers Insurance, 1987;
  - o Legal Ethics/Professional Responsibility, 1988;
  - o Legal Ethics/Professional Responsibility – Bucknell University, 1992;
  - o Legal Ethics/Professional Responsibility, 1993;
  - o Alternative Dispute Resolution, 1994;
  - o Legal Ethics/Professional Responsibility, 1997;
  - o Alternative Dispute Resolution, 1997;
  - o Recent Developments in Federal Practice/Federal Evidence, 1998;
  - o The Ethics of Law Firm Governance, 2000;
  - o Intellectual Property Issues for Business Lawyers, April 2002;
  - o Accounting Litigation After Enron, WorldCom. (Ethics Component), November 2002;
  - o Attorney Fees, June 2003;
  - o My First Federal Court Trial, October 2004;
  - o Tortious Interference in Business/Professional Relationships, August 2005;
  - o Ethical Considerations in Litigating Employment Discrimination Cases, December 2005;
  - o Best Practices in Pretrial Litigation in Federal Courts, 2012, 2013, 2014; 2015, 2016;
  - o Annual Labor Law Update (Ethics Component) 2014;
  - o Ethics And The Labor Lawyer, November 2016;
  - o Plenary CLE Ethics Program, Business Law Institute, October 2019
- **Philadelphia Bar Association**
  - o Bench Bar Conference, Commercial Litigation, 1979
  - o Commercial Litigation, 1982
  - o Professional Responsibility, 1983
  - o Federal Bench Bar Conference, 2015
  - o Client Confidentiality/Duty of Disclosure, 1985
  - o Professional Responsibility Committee, May 2004; September 2004 (New Rules of Professional Conduct)
  - o Federal Bench Bar Conference "The Rocket Docket", 2005
- **Philadelphia Bar Education Center**
  - o Legal Ethics/Solicitation, October 1992;
  - o Legal Ethics/Pro Bono Representation, November 1992; November 1993
  - o "Client Conflicts: Charting Safe Courses After Maritrans", April 1993;
  - o Legal Ethics: "Attorney/Accountant Ethical Clashes in the 90's: How to Bridge the Gap", January 1994;
  - o Ethics of Pro Bono, 1992, 1994, 1996
- **Philadelphia Business Journal**, Roundtable: The Future of Law Firms (May 22-28, 2009)
- **Pennsylvania Law Journal-Reporter**: Antitrust Law Seminar, 1981 – Course Planner
- **Philadelphia Trial Lawyers Association**
  - o Commercial Litigation, 1985
  - o Legal Ethics/Fee Disputes, 1991
  - o Legal Ethics/Trial Practice, 1997
  - o Legal Ethics and Attorney Malpractice, 2016

- **Philadelphia Intellectual Property Law Association**
  - Legal Ethics and Professional Responsibility for the Intellectual Property Lawyer, 1996;
  - ADR in IP Cases, 2005;
  - IP Lawyers and the Duty of Disclosure under the Sarbanes-Oxley Act, May 2006;
  - Ethics, May 2010
- **Smithsonian Institution/American Association of Museums:** Legal Ethics: Who is the Client? – The Museum Board, Officers, Employee, or the "Public" - 2007
- **Temple University School of Law**: Legal Ethics, 1995; Rome Program, Visiting Professor, International Civil Litigation, June 2004; Legal Ethics and Social Media 2013; 2014
- **Third Circuit Judicial Conference**: Litigating Federal Civil Cases in the 21st Century: Changes and Challenges (Course Planner) 1997; Ethics in a Digital Age (Panelist), 2011
- **Thomson Reuters**: *Conflicts and Ethical Duties to Clients and the Public: Are They Reconcilable?*, Speaker, June 25, 2013
- **University of Akron School of Law**, Eighth Annual Richard C. Sughrue Symposium: The New Conundrum for Patent Lawyers: Sarbanes-Oxley, March 2006
- **University of Pennsylvania School of Law:** Social Media and Ethics, 2012
- **Villanova University School of Law**: Professional Responsibility, 1983

**AWARDS**

- Named as one of the Leading Litigation Attorneys in Pennsylvania, Chambers USA (2008 through 2018)
- Philadelphia Magazine Super Lawyers, "The Top Ten", 2006; 2011-2016 "The Top 100", 2006-2017
- Most Admired CEO Award by *Philadelphia Business Journal*, 2014
- Brandeis Society Community Achievement Award (Ben Levy), 2014
- Pennsylvania Bar Association, Award for Service as Co-Chair of Task Force on Code of Judicial Conduct, 2014
- Learned Hand Award, American Jewish Committee, 2012
- Temple University, Founder's Day Award, 2009
- Wachovia Fidelity Award, 2007
- Fund for Religious Liberty Award, American Jewish Congress, 1997
- Outstanding Leadership Award by Pennsylvania Legal Services, 1996
- IOLTA Leadership Award, 1993
- Equal Justice Award by Community Legal Services, 1991

**PERSONAL**

Born:          April 17, 1949, Waterbury, Connecticut

Married:       Sherri Engelman Reich

Children:      Two sons, Spencer and Alexander
               Daughters-in-Law, Elena Steiger Reich (lawyer); Lea Michele Sarfati
               Three grandchildren, Gabriella, Levi and Ever

# EXHIBIT C

| Francis Mailman Soumilas, P.C. | |
| --- | --- |
| University of San Diego Tuition, COVID-19 Refund Litigation | |
| | TOTAL |
| Deposition Transcripts | $ 3,179.35 |
| Expert Witness Fees to OnPoint Analytics | $ 47,495.50 |
| Fed Ex | $ 175.82 |
| Outside Printing, Copying, and Mailing | $ 373.63 |
| Service Costs | $ 125.00 |
| Tech/Data Storage | $ 41.56 |
| Travel Costs | $ 6,385.85 |
| Total Expenses | $ 57,776.71 |