Michael Tompkins (admitted *pro hac vice*)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
mtompkins@leedsbrownlaw.com

Attorneys for Plaintiff Edgar Chavarria,
Individually, and behalf of all others similarly situated

[*Additional Counsel next page*]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation, <br><br> This document relates to: <br><br> All Actions. | Lead Case No.: 3:20-cv-01946-RBM-VET <br><br> **DECLARATION OF MICHAEL A. TOMPKINS IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL** <br><br> Consolidated Complaint Filed: April 28, 2021 <br> Trial Date: Not Set |

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

Yvette Golan (admitted *pro hac vice*)
**THE GOLAN FIRM PLLC**
529 14th Street N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150
Fax: (928) 441-8250
ygolan@tgfirm.com

James A. Francis (admitted *pro hac vice*)
Lauran K.W. Brennan (admitted *pro hac vice*)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelpha PA 19103
215.735.8600

Jason P. Sultzer (*pro hac vice pending*)
Jeremy Francis (*pro hac vice pending*)
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
T: (347) 657-5533
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

Carney R. Shegerian, State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, State Bar No. 259154
ANguyen@Shegerianlaw.com
Erik Dos Santos, State Bar No. 309998
EDossantos@shegerianlaw.com
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

*Attorneys for Plaintiffs*

-2-

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

## DECLARATION OF MICHAEL A. TOMPKINS, ESQ.

I, Michael A. Tompkins, declare:

1. I am a partner of the law firm Leeds Brown Law, P.C. ("LBL"), attorneys of record for Plaintiffs in this Action. I am admitted to practice before this court *Proc Hac Vice*. I am Plaintiffs' Counsel for the above-captioned class action and have personal knowledge of the facts thereto. I make this declaration upon my personal knowledge and, if called upon and sworn as a witness, I could and would competently testify hereto.

2. I submit this Declaration in support of Plaintiffs' Motion for Final Approval of the Class Settlement, along with an award of attorney's fees, costs, and service awards from the Named Plaintiffs served and filed herewith.

3. As detailed in prior submissions, this matter was extensively and contentiously litigated over the course of many years before ultimately resolving itself after pre-trial submissions but before the Parties re-briefed summary judgment and class certification – and before the Parties completed the final round of expert discovery.

## EXPERIENCE AND QUALIFICATIONS

4. Leeds Brown has considerable experience litigating class action lawsuits. *See* Ex. 1. In a similar context to this action, Leeds Brown has recently settled other college refund lawsuits, with nearly identical claims on behalf of students at other schools across the country. *See Qureshi v. American University*, No. 1:20-cv-01141 (D.D.C.) (granting final approval); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. May 23, 2024) (granting final approval); *Stewart v. The University of Maine System*, No. CV-20-537 (Sup Ct. Cumberland Cty. July 19, 2024) (granting final approval); *Engel v. Gannon Univ.*, No. 1:23-cv-244 (W.D. Pa.) (granting final approval); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023)(granting final approval of

the class action settlement); *Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D.Cal. April 14, 2023)(granting final approval of the class action settlement); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022)(granting final approval of the class action settlement); *Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist.) (granting final approval); *see also Boykin-Smith v. New York Institute of Technology*, Index No. 606339/2020 (Sup. Ct. Nassau Cty. Aug. 1, 2024)(Doc. No. 70)(granting preliminary approval); *Gur-ravantab v. Georgetown University*, No. 1:22-cv-01038 (D.D.C. July 16, 2024)(Dkt. No. 68) (same); *Lankau v. The New School*, Index No. 601034/2024 (Sup. Ct. Nassau Cty. July 16, 2024)(Doc. No. 21) (same); *Alunni v. Lebanon Valley College*, No. 1:23-cv-01424 (M.D. Pa May 31, 2024)(Dkt. No. 39) (same); *Leonard v. La Salle University*, No. 2:24-cv-00062 (E.D. Pa. Jan. 13, 25).

5.  In the college refund litigation context, our firm has been appointed as Class Counsel in several pending actions. *See Arredondo v. Univ. of La Verne*, 341 F.R.D. 47 (C.D. Cal. Feb. 8, 2022):

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins]. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support… Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case.

6.  In *Stewart v. Univ. of Maine System*, Civil Action Dkt. CV20-537 (the Court held "[LBL along with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Dec. 12, 2022)(granting class certification with Leeds

-4-

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

1  Brown Law appointed as class counsel); *Staubus v. Regents of the Univ. of Minnesota*,
2  Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Nov. 9, 2022)(same with co-counsel).

3  7.  In a past decision granting preliminary approval of a class and collective action settlement, the Honorable Alison J. Nathan noted:

> … Leeds Brown Law, P.C. [and co-counsel] are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class' interests, as well as their general ability to conduct this litigation…As noted above, [co-counsel and] Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class.

8.  *Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, at *7 (S.D.N.Y Oct. 13, 2015); s*ee also Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and co-counsel] are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action.").

**The Request Attorneys' Fees and Litigation Costs Are Justified**

9.  The Settlement provides that Class Counsel may seek an award of attorney's fees of $275,000.00 which represents one-fourth of the Gross Settlement Amount after the subtraction of out-of-pocket cost and expenses.

10. I believe an award of attorney's fees in the amount of $275,000.00 is fair,

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

reasonable and appropriate here because of the sizable amount of work performed by Class Counsel in this case over the past four years.

11. The Settlement is an outstanding result for the Class and equity dictates that those Class Members who benefit from this Settlement should contribute a pro-rata share toward the payment of attorney's fees that brought about the Settlement.

12. In my experience, plaintiffs in litigation cases are typically unable to pay their attorneys on an hourly basis and can only obtain representation if they can find counsel who are willing to accept their case on a contingent basis and advance costs. To that end, it is important that counsel is incentivized to bring complex and risky contingency cases such as this by awarding attorney's fees that are commensurate with the fees that the attorneys would have received had they negotiated a fee arrangement with members of the Class. Here, the requested one-fourth attorney's fee award (after expenses) constitutes a fair market charge to the Class for the benefits conferred by the Settlement, as Class Counsel's skill in handling the litigation and settlement resulted in the substantial benefit that all Class Members will now share without the need to submit a claim form – or do anything other than cash a check. Class Counsel and Plaintiffs agreed to up to one-third attorney's fee award as part of Plaintiffs' retainer, which, as stated above, is typical to attract competent counsel for contingency class action representation and the requested fee award constitutes a fair market charge to the Class for the benefits conferred by this outstanding Settlement.

13. In making a fee request in complex class actions such as this, I analyze the factors that the court must consider in awarding attorney's fees, and I believe the circumstances in this case justify the requested $275,000.00 fee award plus the reimbursement of the $300,000 in expenses.

14. I believe the amount of attorney's fees requested here is justified by: (a) the knowledge and skill that my firm provided for Plaintiffs and the Class; (b) the complexity

-6-
**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

of the issues involved in this litigation; (c) the sizeable amount of work involved in achieving this excellent result for the Settlement Class by bringing the Action to an efficient resolution prior to trial; and (d) the associated risks borne by my firm by litigating this matter on a purely contingency basis.

15. From the beginning, this case presented unique challenges for Plaintiffs, both factually and legally, and liability was contested. Defendant vigorously opposed Plaintiffs' claims, yet I believe that our team's knowledge and experience combined with Counsel's persistent efforts enabled us to work through these issues and combat Defendant's defense strategy.

16. As discussed in Plaintiffs' Motion for Preliminary Approval and that's otherwise available on the docket, Defendant raised legal defenses to Plaintiffs' claims and the excellent result achieved by this Settlement was due, in large part, to our knowledge, experience, and commitment to the Class. These COVID-related tuition and fee refund cases are particularly challenging and have decidedly mixed results across the entire country – with seemingly the same set of facts in different jurisdictions end with completely different results. These results from different jurisdictions had to be considered in the litigation, as the risks were real and substantial, including the recent decision from one of the California appellate courts on a similar set of facts.

17. My firm, along with my co-counsel, demonstrated substantial skill, diligence and high-quality work in achieving the proposed Settlement, despite the aggressive defenses mounted by Defendant and I believe an award of one-fourth of the common fund after expenses represents fair compensation for our high quality of work and excellent results achieved. Furthermore, as set forth above, only one Class Members objected to the Settlement or the requested fee award, further support for the reasonableness of the request.

18. The reasonableness of the requested $275,000.00 attorney's fee award to

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

Class Counsel is further supported by the lodestar cross-check. There has been an extraordinary amount of work performed by Plaintiffs' counsel in this Class Action during the past years.

19.  Plaintiffs' counsel and Plaintiffs have executed a Joint Prosecution Agreement in place for this matter. Each of the five law firms for Plaintiffs' counsel will receive **20%** of the attorney fee award. Plaintiffs have consented to this agreement in writing.

20.  LBL's lodestar to date exceeds **$241,000.00**.

21.  My firm keeps contemporaneous billing detail logs, which reflect time billed in one-tenth of an hour increments. After exercising billing discretion, my law firm's lodestar is **$241,000**, which represents a total of over 540 hours of work for the past four years. This lodestar includes time spent litigating this action from its inception through January 31, 2025 and does not include any time attending the Final Approval Hearing, overseeing the Settlement distribution procedure, ensuring distribution and compliance are completed, and then staying in communication with Class Members on the results. Typically, in these types of cases, I would expect our firm to spend another 20-50 hours after submitting the approval motions.

22.  The work performed by my office has been under my direct supervision as I was the primary attorney tasked with working on this case and overseeing the litigation. Our firm worked efficiently and diligently with co-counsel to achieve a great resolution for the benefit of the Class, including by utilizing paralegals for drafting and reviewing.

23.  As discussed, my firm is experienced in class action cases, and LBL is especially well-equipped to know the risks associated with this type of class action. I have been appointed class counsel in numerous class action lawsuits and have served as lead or co-lead in several other tuition/fee refund cases across the country.

24.  In setting the hourly rates for myself and associates, I consulted with

attorneys with national reputations, experience, and law practices similar to my firm and determined that the rates we charge are reasonable for attorneys of our experience, reputation and expertise and are consistent with the prevailing market rates for attorneys and paralegals of comparable levels of experience and reputation. These rates are similar to those that have been approved in similar cases. The billing rates for the lawyers and paralegals who primarily worked on this case are as follows:

    a. Michael A. Tompkins, Partner    $725

    b. Thao Williams, Paralegal    $200

    c. Jasmine Ende, Paralegal    $200

    d. Other paralegals    $125 to $200

    e. Associates    Up to $450

25. These rates reflect the usual and customary rates charged by my firm for handling complex class action litigation such as this. These hourly rates are fair and reasonable given the nature and complexity of the class action litigation and experience level of the timekeeper.

26. The following summarizes the hours spent by the respective timekeepers as part of this litigation:

| Time Keeper | Hours | Billable Rate | Lodestar |
|---|---|---|---|
| Michael A. Tompkins, Partner | 237.43 | $725 | $172,136.75 |
| Thao Williams, Paralegal | 197.75 | $200 | $39,550.00 |
| Jasmine Ende, Paralegal | 49.1 | $200 | $9,820.00 |
| Other, Partner to Paralegal (less than 30 hours each) | 108.4 | $125-850 | $19,970.00 |

-9-

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

| TOTAL | 484.28 | $231,800.00 |
|---|---|---|

27. All of the time referenced above was well spent on all aspects of litigating this case, including the initial factual and legal investigation, drafting pleadings, reviewing and analyzing documents produced by Defendant, engaging in discovery (including depositions, formal discovery responses, and motion practice), assisting in gathering documents for the expert's damages analysis, drafting class certification and summary judgment motions, engaging in settlement negotiations, negotiating the terms of the finalized Settlement Agreement, moving for preliminary approval, monitoring the Class Notice process, responding to Class Member inquiries, and preparing the motion for final approval currently before the Court.

28. My firm's representation of Plaintiffs and Class Members was entirely contingent on winning their claims and collecting an award of attorney's fees. Plaintiffs was not able to pay our attorney's fees out-of-pocket, and my firm would only collect attorney's fees if we were successful in prosecuting their claims on behalf of themselves and the Class. In addition, by taking on this case, my firm had to turn away other potential fee-generating work because of the time required to perform all of the tasks described above.

29. My firm's lodestar of **$241,000.00** with over 540 hours is very reasonable considering the complex issues presented by this litigation, discovery, the amount of time that Class Counsel had to dedicate to the analysis of the claims, Class Counsel's analysis of the records produced by Defendant, the challenges of litigating claims in an area of law that remains unsettled, and the result achieved for the Class.

30. Although case law supports an award of attorney's fees as high as 50% on common settlement funds, Plaintiffs requests an attorney's fee award of only $275,000.00

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**

to Class Counsel, representing one-third of the Gross Settlement Amount.

32. Now, having investigated, analyzed and overcome the obstacles mounted against Plaintiffs' claims and negotiated an excellent result on behalf of Class Members, Class Counsel should be compensated with a fee award that properly and reasonably compensates Class Counsel for these efforts.

### LBL's Litigation Costs Are Reasonable

32. My firm also seeks final approval of and reimbursement of $59,284.75 in actual and reasonably incurred litigation costs advanced as part of this litigation, a vast majority of which stems from the expert costs associated with On Point Analytics.

33. As of this date, my firm has advanced actual and reasonable litigation costs totaling more than $59,284.75. The litigation costs totaling $59,284.75 are reflected in the accounting books and records that my law firm maintains in the ordinary course of business and are prepared from expense records, credit card receipts and statements, and check records.

34. A true and correct copy of the costs to date in this matter for my firm are detailed as follows:

| Date | Description | Amount |
| --- | --- | --- |
| 4/12/2021 | PHV Filing Fee - MT (Dkt 28) | $213.00 |
| 1/11/2023 | Transcript Fee (23-26054) | $54.75 |
| 2/22/2023 | PHV Filing Fee AA (Dkt. 103) | $213.00 |
| 2/23/2023 | Deposition Costs for Minh-ha Hoang | $961.80 |
| 2/23/2023 | Deposition Costs for Minh-ha Hoang Part 2 | $73.50 |
| 3/2/2023 | Deposition Costs for Stephen Pultz | $2,131.20 |

| 3/20/2023 | Case Invoice (23099-P1) Simpluris – Belaire-West Notice | $1,500.00 |
|---|---|---|
| 4/27/2023 | Deposition Costs for Dr. Gareth Macartney | $1,510.00 |
| 3/25/2024 | On Point Analytics Check #1533 | $50,000.00 |
| 10/31/2024 | On Point Analytics invoice 15109 for $4037.50 split 5 ways - payment of $807.50 Services for 10-1-24 through 10-31-24 (paid 11-19-24 Check # 1921) | $807.50 |
| Total Expense Disbursements | | $57,464.75 |

35. These amounts represent all of my firm's out-of-pocket expenses and are the types of expenses normally charged to fee-paying clients, including filing fees; copying and scanning; postage; computerized factual and legal research charges; mediation fees and travel expenses.

36. Notably, the expert costs here are significant, as the most complicated aspect of this case is determining the value of services that students actually received for USD's alleged partial performance – and notably there is almost no case law directly on point as to how to value the cost of online instruction and the lack of access to campus in the context of an impossibility defense. Thus, damages were going to be the most uncertain piece of establishing class certification, surviving a Daubert motion, and ultimately succeeding at trial.

37. All costs incurred were necessary to the prosecution of this action, would normally have been billed to a client paying for my firm's services on a non-contingency basis, and are reasonable for a case such as this, in which substantial discovery and investigation took place over 4 plus years since the filing of the Complaint in November

2020.

38.   Plaintiffs' counsel undertook this litigation on a purely contingency basis and has not been compensated for any time or expenses to date.

39.   I reviewed the billing and expenses described above and certify to the Court that these records accurately reflect the work reasonably and necessarily performed, and the expenses reasonably incurred, in connection with the litigation of this matter.

40.   I believe that all of the requested fees and costs are reasonable and were necessarily incurred in pursuit of the Settlement. This Court preliminarily approved the amount of costs requested in this case and authorized the parties to send the Class Notice to the Class. The Class Notice that was mailed to all Class Members explicitly disclosed that up to $275,000.00 in attorney's fees was proposed to be paid to Class Counsel and that up to $300,000 in litigation costs and expenses was proposed to be paid to Class Counsel. As of the date of this declaration, only one Class Member has objected to these amounts. His objection is not grounded in any substantive support or recognition of the actual legal or factual hurdles at risk in this litigation.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed this 14th day of February 2025 at Carle Place, New York.

/s/ *Michael A. Tompkins*
Michael A. Tompkins, Esq.

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF
EXPENSES TO CLASS COUNSEL**