Carney R. Shegerian, State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, State Bar No. 259154
ANguyen@Shegerianlaw.com
Erik Dos Santos, State Bar No. 309998
EDossantos@shegerianlaw.com
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff CATHERINE HOLDEN,
Individually, and behalf of all others similarly situated

[*Additional Counsel next page*]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation, | Lead Case No.:  3:20-cv-01946-RBM-VET |
| This document relates to:<br><br>All Actions. | **DECLARATION OF ERIK DOS SANTOS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL**<br><br>Consolidated Complaint Filed: April 28, 2021<br>Trial Date:  Not Set |

**DECLARATION OF ERIK DOS SANTOS**

Yvette Golan (admitted *pro hac vice*)
**THE GOLAN FIRM PLLC**
529 14th Street N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150
Fax: (928) 441-8250
ygolan@tgfirm.com

Michael Tompkins (admitted *pro hac vice*)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
mtompkins@leedsbrownlaw.com

James A. Francis (admitted *pro hac vice*)
Lauran K.W. Brennan (admitted *pro hac vice*)
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelpha PA 19103
215.735.8600

Jason P. Sultzer (*pro hac vice pending*)
Jeremy Francis (*pro hac vice pending*)
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
T: (347) 657-5533
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Attorneys for Plaintiffs*

**DECLARATION OF ERIK DOS SANTOS**

## <u>DECLARATION OF ERIK DOS SANTOS</u>

I, Erik Dos Santos, declare:

1.     I am an associate of the law firm Shegerian & Associates, Inc. ("S&A"), attorneys of record for Plaintiffs in this Action.  I am admitted to practice before all courts of the State of California.  I am Plaintiffs' Counsel for the above-captioned class action and have personal knowledge of the facts thereto.  I make this declaration upon my personal knowledge and, if called upon and sworn as a witness, I could and would competently testify hereto.

2.     I submit this Declaration in support of Plaintiffs' Motion for Final Approval served and filed herewith.

### QUALIFICATIONS AND EXPERIENCE

3.     S&A is one of California's largest plaintiff-only employment law firms. With seasoned trial, appellate, and class action attorneys S&A has the experience, resources, and expertise to successfully prosecute complex employment actions.

4.     Since its founding in 1999, S&A has consistently been recognized as a major force in employment litigation, making law on cutting-edge issues and obtaining hundreds of millions of dollars in recovery for employees.

5.     S&A employs seasoned class action attorneys who regularly litigate wage and hour and consumer claims through certification and on the merits, and have considerable experience settling wage and hour class actions.

6.     I am an associate attorney at S&A. I received a B.A. from the Arizona State University in 2012.  I received my J.D. from UCLA School of Law in 2015. I was admitted to practice and became an active member of the State Bar of California in June 2016 and have been an active member in good standing continuously since then.  Since June 2016, I have been practicing as a litigation attorney in San Diego with a focus on employment and consumer class action litigation.

7. S&A has extensive experience litigating class actions in California. S&A is one of the leading Plaintiff's law firms in the United States, with over $300 million recovered for its clients in verdicts and settlements. While at my prior law firms of Hogue and Belong, GrahamHollis, APC, and Wilshire Law Firm, I successfully resolved class actions under the supervision of reputable, seasoned class action attorneys. A representative list of those cases I litigated and played an integral role in at is as follows:

 a. I was appointed co-class counsel, through my prior firm GrahamHollis, APC, in *Muniz v. Sutter Valley Hosptials.*, Sacramento Superior Court Case No. 34-2017-00209151, in which we obtained a $14.25 million settlement on behalf of a class of approximately 26,000 class members, who were not provided meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful, unfair, and deceptive business practices;

 b. In *Contreras, et al. v. Ralphs Grocery Company*, L.A.S.C. Case No. 19STCV25576, I was appointed class counsel, through my firm GrahamHollis, APC, in a $13,985,000 settlement on behalf of approximately 50,000 class members, in which Plaintiff alleged Defendant failed to provide meal periods and rest breaks; failed to reimburse business expenses and pay overtime and minimum wages and all wages owed every pay period and upon separation; failed to furnish timely and accurate wage statements; and violated Business & Professions Code section 17200 *et seq.* of California's Unfair Competition Act.

 c. I was appointed co-class counsel, through my prior firm Hogue and Belong, in the action *Pearson v. P.F. Changs.*, United States District Court, Southern District of California, Case No. 3-CV-2009 JLS (MDD), in which we obtained a $6 million settlement on behalf of a class of approximately 6,000 nonexempt employees who were not paid minimum and overtime

**DECLARATION OF ERIK DOS SANTOS**

wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

d. I was appointed co-class counsel, through my prior firm Hogue and Belong, in the action *Gonzales v. Fresenius Medical Care, et al.*, San Diego County Superior Court Case No. BC601767, in which we obtained a $6 million settlement on behalf of a class of approximately 6,000 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

e. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Gonzalez Tunchez, et al. v. Thomas Cuisine Management, LLC*, San Joaquin County Superior Court Case No. STK-CV-UOE-2021-0009373, in which we obtained a $3,350,000 settlement on behalf of a class of 1,700 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

f. In *Felzcer v. Apple, Inc.*, San Diego County Superior Court Case No. 37-2011-00102593-CU-OE-CTL, I was appointed class counsel, through my firm Hogue & Belong, in a $2 million jury verdict on behalf of a meal break subclass Class of approximately 10,000 non-exempt retail employees;

g. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Lee v. Sutter Bay Medical Foundation*, Alameda County Superior Court Case No. STK-CV-UOE-2021-0009373, in which we obtained a $995,000 settlement on behalf of a class of 6,451 nonexempt employees who were not paid minimum wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

h. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Sanchez, et al. v. Evans Tire and Service Centers, Inc*, San Diego County Superior Court Case No. 37-2018-00063516-CU-OE-CTL, in which we obtained a $750,000 settlement on behalf of a class of over 500 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

i. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Steppe v. Responsible Medical Solutions, et al.*, Riverside County Superior  Court Case No. RIC1900983, in which we obtained a $625,000 settlement on behalf of a class of approximately 300 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

**DECLARATION OF ERIK DOS SANTOS**

j.  I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Becerra v. Moncler USA Retail, LLC, et al.*, Riverside County Superior Court Case No. RIC2002866, in which we obtained a $433,495 settlement on behalf of a class of approximately 160 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

k.  I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Santana, et al. v. Harbor Foods, Inc., et al.*, San Diego County Superior  Court Case No. 37-2020-00026743-CU-OE-CTL, in which we obtained a $500,000 settlement on behalf of a class of over 1,500 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

l.  I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Gonzalez, et al. v. Coronado Yacht Club*, San Diego County Superior Court Case No. 37-2019-00059883-CU-OE-CTL, in which we obtained a $330,000 settlement on behalf of a class of approximately 300 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

**DECLARATION OF ERIK DOS SANTOS**

m. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Spriggs  v. Ortiz Corporation*, San Diego County Superior Court Case No. 37-2019-00051292-CU-OE-CTL, in which we obtained a $300,000 settlement on behalf of a class of approximately 250  nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

n. I was appointed class counsel, through my prior firm Hogue & Belong, in the action *Unwin, et al. v. Alphatec Spine, Inc.*, San Diego County Superior Court Case No. 37- 2014-00034692-CU-OE-NC, in which we obtained a $200,000 settlement on behalf of a class of over 290 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

o. I was appointed class counsel, through my prior firm GrahamHollis, APC, in the action *Zamorano v. Piperin Corporation*, San Diego County Superior Court Case No. 37- 2019-00007406-CU-OE-CTL, in which we obtained a $127,887.00 csettlement on behalf of a class of over 50 nonexempt employees who were not paid minimum wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods, rest breaks or recovery breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

**DECLARATION OF ERIK DOS SANTOS**

p.  I was appointed class counsel, through my prior firm Hogue & Belong, in the action *Webb v. Leica Biosystems Imaging Inc.*, San Diego County Superior Court Case No. 37- 2016-00014606-CU-OE-CTL, in which we obtained a $200,000 settlement on behalf of a class of approximately 65 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

q.  I was appointed co-class counsel, through my prior firm GrahamHollis, APC, in the action *Osegueda v. Northern California InAlliance.*, United States District Court, Eastern District of California, Case No. 18-cv-00835 WBS EFB in which we obtained a $225,000 settlement on behalf of a class of approximately 271 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

r.  I was appointed class counsel, through my prior firm GrahamHollis, APC in the action *Andrew v. Coronado Brewing Company.*, San Diego County Superior Court Case No. 37- 2019-00053937-CU-OE-CTL, in which we obtained a $650,000 settlement on behalf of a class of approximately 400 nonexempt employees who were not paid minimum and overtime wages nor all wages owed every pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices, and;

**DECLARATION OF ERIK DOS SANTOS**

s.  In *Mercado v. OWB Packers, LLC*, San Diego County Superior Court Case No. 37-2022-00050243-CU-OE-CTL in which we obtained a $3,000,000 settlement on behalf of a class of approximately 1,500 nonexempt employees who were not paid minimum wages nor all wages owed ever pay period and upon separation, were not provided compliant meal periods or rest breaks, did not receive timely and accurate wage statements, and were subjected to defendant's unlawful and unfair business practices;

8.  I was selected as Super Lawyers' Rising Stars for 2023, 2024, and 2025.

9.  S&A employs several seasoned trial attorneys and has extensive experience litigating a variety of employment actions in California.  A representative list of actions that have resolved at trial is as follows:

**Verdicts**

a.  S&A obtained a $31,089,793 verdict in *Codie Rael v. Axis SybronEndo; et al.,* L.A.S.C. Case No. BC584994, an age discrimination and constructive discharge case;

b.  S&A obtained a $26.1 million verdict in *Bobby Dean Nickel v. Staples, Inc; et al.,* L.A.S.C. Case No. BC481391, an age discrimination case;

c.  S&A obtained a $21.7 million verdict in *April Rodriguez v. Valley Vista Services, Inc; et al.,* L.A.S.C. Case No. BC473793, a disability discrimination case;

d.  S&A obtained a $16,673,514 verdict in *Rickey Moland v. McWane Inc; et al.,* L.A.S.C. Case No. BC559796, a racial discrimination and wrongful termination case;

e.  S&A obtained a $15.4 million verdict in *TJ Simers v. Los Angeles Times; et al.,* L.A.S.C. Case No. BC524471, a disability discrimination and age discrimination case;

**DECLARATION OF ERIK DOS SANTOS**

f.  S&A obtained a $13,011,671 verdict in *Dr. Lauren Pinter-Brown v. University of California Los Angeles; et al.,* L.A.S.C. Case No. BC624838, a gender discrimination, retaliation, and constructive discharge case;

g.  S&A obtained a $9.1 million verdict in *Sonia Lozano v. Alcoa Fastenings Systems Inc; et al.,* L.A.S.C. Case No. BC329868, a violation of CFRA, disability discrimination, retaliation, and unfair business practice case;

h.  S&A obtained a $8.8 million verdict in *Robert Leggins v. Rite Aid Corp.; et al.,* L.A.S.C. Case No. BC511139, a racial discrimination, age discrimination, harassment, and wrongful termination case;

i.  S&A obtained a $8,461,391 verdict in *Talbert Mitchell v. SEIU Local 721; et al.,* L.A.S.C. Case No. BC575572, a disability discrimination, retaliation, and whistleblower case;

j.  S&A obtained a $7,020,000 verdict in *Lili Hadsell v. City of Baldwin Park; et al.,* L.A.S.C. Case No. BC548602, a gender discrimination, retaliation, and wrongful termination case;

k.  S&A obtained a $6,012,258 verdict in *Maria C. Martinez v Rite Aid Corp.; et al.,* L.A.S.C. Case No. BC292672, an intentional infliction of emotional distress and wrongful termination case;

l.  S&A obtained a $4,573,835 verdict in *Della Hill v. Asian American Drug Abuse Program, Inc; et al.,* L.A.S.C. Case No. BC582516, a failure to accommodate and wrongful termination case; and

m.  S&A obtained a $1,829,160 verdict in *Cynthia Begazo v. Passages Malibu PHP LLC; et al.,* L.A.S.C. Case No. BC595150, a disability discrimination, whistleblower and wrongful termination case.

## The Request Attorneys' Fees and Litigation Costs Are Justified

10.  The Settlement provides that Class Counsel may seek an award of attorney's

**DECLARATION OF ERIK DOS SANTOS**

fees of $275,000.00 which represents one-third of the Gross Settlement Amount.

11. I believe an award of attorney's fees in the amount of $275,000.00 is fair, reasonable and appropriate here because of the sizable amount of work performed by Class Counsel in this case over the past four years.

12. The Settlement is an outstanding result for the Class and equity dictates that those Class Members who benefit from this Settlement should contribute a pro-rata share toward the payment of attorney's fees that brought about the Settlement.

13. In my experience, plaintiffs in litigation cases are typically unable to pay their attorneys on an hourly basis and can only obtain representation if they can find counsel who are willing to accept their case on a contingent basis and advance either all or a significant portion of the costs. To that end, it is important that competent counsel is incentivized to bring complex and risky contingency cases such as this by awarding attorney's fees that are commensurate with the fees that the attorneys would have received had they negotiated a fee arrangement with the Class *ex ante*. Here, the requested one-third attorney's fee award constitutes a fair market charge to the Class for the benefits conferred by the Settlement, as Class Counsel's skill in handling the Settlement resulted in the substantial benefit that all Class Members will now share without the need to submit a claim form. Class Counsel and Plaintiffs agreed to a one-third attorney's fee award as part of Plaintiffs' retainer, which, as stated above, is typical to attract competent counsel for contingency class action representation and the requested fee award constitutes a fair market charge to the Class for the benefits conferred by this outstanding Settlement.

14. In making a fee request in complex class actions such as this, I always analyze the factors that the court must consider in awarding attorney's fees, and I believe the circumstances in this case justify the requested $275,000.00 fee award.

15. I believe the amount of attorney's fees requested here is justified by: (a) the knowledge and skill that my firm provided for Plaintiffs and the Class; (b) the complexity

**DECLARATION OF ERIK DOS SANTOS**

of the issues involved in this litigation; (c) the sizeable amount of work involved in achieving this excellent result for the Settlement Class by bringing the Action to an efficient resolution prior to trial; and (d) the associated risks borne by my firm by litigating this matter on a purely contingency basis.

16.     From the beginning, this case presented unique challenges for Plaintiffs, both factually and legally, and liability was highly contested. Defendant vigorously opposed Plaintiffs' claims, yet I believe that my knowledge and experience, as well as the knowledge and experience of the associates at my firm, combined with our persistent efforts enabled us to work through these issues and combat Defendant's rigorous defense strategy. As discussed in Plaintiffs' Motion for Preliminary Approval, Defendant raised legal defenses to each one of Plaintiffs' claims and the excellent result achieved by this Settlement was due, in large part, to our knowledge, experience, and commitment to the Class. My firm demonstrated substantial skill, diligence, efficiency, and high-quality work in achieving the proposed Settlement, despite the aggressive defense mounted by Defendant and I believe an award of one-third of the common fund represents fair compensation for our high quality of work and excellent results achieved. Furthermore, as set forth above, no Class Members objected to the Settlement or the requested fee award, further support for the reasonableness of the request.

17.     The reasonableness of the requested $275,000.00 attorney's fee award to Class Counsel is further supported by the lodestar cross-check. There has been an extraordinary amount of work performed by Plaintiffs' counsel in this Class Action during the past four years.

18.     Plaintiffs' counsel and Plaintiffs have executed a Joint Prosecution Agreement in place for this matter. Each of the five law firms for Plaintiffs' counsel will receive **20%** of the attorney fee award. Plaintiffs have consented to this agreement in writing.

19.     Shegerian and Associates' lodestar to date exceeds **$129,490**.

**DECLARATION OF ERIK DOS SANTOS**

20.     My firm keeps contemporaneous billing detail logs, which reflect time billed in one-tenth of an hour increments. After exercising billing discretion, my law firm's lodestar is **$129,490**, which represents a total of 150 hours of work for the past four years. This lodestar includes time spent litigating this action from its inception through January 30, 2025 and does include any time preparing and attending the Final Approval Hearing, overseeing the Settlement distribution procedure, responding to Class Members' inquiries over the next few months, and preparing a report regarding compliance and distribution.

21.     Cheryl Kenner, while she worked at our firm, Anthony Nguyen, and myself headed a team of lawyers and paralegals at my firm in pursuit of this Settlement along with the other Plaintiffs' counsel. All of the work performed by my office has been under Ms. Kenner's, Mr. Nguyen, and my direct supervision. We worked efficiently and diligently to achieve a great resolution for the benefit of the Class.

22.     As discussed in my previous declaration, my firm is highly experienced in class action cases, and I have been appointed class counsel in numerous class action lawsuits.

23.     In setting the hourly rates for myself and associates, I consulted with attorneys with national reputations, experience, and law practices similar to my firm and determined that the rates we charge are reasonable for attorneys of our experience, reputation and expertise and are consistent with the prevailing market rates for attorneys and paralegals of comparable levels of experience and reputation. Class Counsel's rates also compare very favorably with rates approved by other trial courts in similar class action litigation. The billing rates for the lawyers and paralegals who primarily worked on this case are as follows:

    a.  Carney Shegerian/Shareholder/Admitted 1985           $1,400
    b.  Anthony Nguyen/Shareholder/Admitted 2008             $1,150
    c.  Cheryl Kenner/Associate/Admitted 2015                $850

**DECLARATION OF ERIK DOS SANTOS**

d. Erik Dos Santos/Associate/Admitted 2016                    $800

24.    These rates reflect the usual and customary rates charged by my firm for handling complex class action litigation such as this. Class action litigation forms the vast majority of my firm's current work and we have developed a high level of skill and competence in this field of litigation. These hourly rates are fair and reasonable given the nature and complexity of the class action litigation and experience level of the timekeeper.

25.    As an attorney who practices class action cases throughout California, I regularly attend seminars and have frequent contact with other members of the legal community who work in the class action field. Based on information I received from these sources, I believe the hourly billing rates charged by the attorneys at my firm are well within the customary rates charged by other experienced class action law firms in the community.

26.    After exercising partner discretion in reducing some billed hours, the following summarizes the hours spent by the respective timekeepers as part of this litigation:

| Time Keeper | Years | Hours | Billable Rate | Lodestar |
|---|---|---|---|---|
| Carney Shegerian/Shareholder (Admitted 1990) | 35 | 4 | $1,400 | $5,600 |
| Anthony Nguyen/Shareholder (Admitted 2008) | 17 | 0.5 | $1,150 | $575 |
| Cheryl Kenner/Associate (Admitted 2015) | 10 | 138.3 | $850 | $117,555 |
| Erik Dos Santos/Associate (Admitted 2016) | 9 | 7.2 | $800 | $5,760 |
| TOTAL | | 150 | | $129,490 |

**DECLARATION OF ERIK DOS SANTOS**

27.    All of the time referenced above was well spent on all aspects of litigating this case, including the initial factual and legal investigation, drafting pleadings, reviewing and analyzing documents produced by Defendant, preparing the damages analysis, drafting the detailed mediation brief, negotiating the terms of the finalized Settlement Agreement, moving for preliminary approval, monitoring the Class Notice process, responding to Class Member inquiries, and preparing the motion for final approval currently before the Court.

28.    My firm's representation of Plaintiffs and Class Members was entirely contingent on winning their claims and collecting an award of attorney's fees. Plaintiffs was not able to pay our attorney's fees out-of-pocket, and my firm would only collect attorney's fees if we were successful in prosecuting their claims on behalf of themselves and the Class. In addition, by taking on this case, my firm had to turn away other potential fee-generating work because of the time required to perform all of the tasks described above.

29.    My firm's lodestar of **$129,490.00** with 150 hours is very reasonable considering the complex issues presented by this litigation, discovery, the amount of time that Class Counsel had to dedicate to the analysis of the claims, Class Counsel's analysis of the records produced by Defendant, the challenges of litigating claims in an area of law that remains unsettled, and the result achieved for the Class.

30.    Although case law supports an award of attorney's fees as high as 50% on common settlement funds, Plaintiffs requests an attorney's fee award of only $275,000.00 to Class Counsel, representing one-third of the Gross Settlement Amount.

31.    Now, having investigated, analyzed and overcome the obstacles mounted against Plaintiffs' claims and negotiated an excellent result on behalf of Class Members, Class Counsel should be compensated with a fee award that properly and reasonably compensates Class Counsel for these efforts.

**DECLARATION OF ERIK DOS SANTOS**

**Shegerian & Associates' Litigation Costs Are Reasonable**

32.     My firm also seeks final approval of $72,133.56 in actual and reasonably incurred litigation costs advanced as part of this litigation.

33.     As of this date, my firm has advanced actual and reasonable litigation costs totaling $72,133.56. The litigation costs totaling $72,133.56 are reflected in the accounting books and records that my law firm maintains in the ordinary course of business and are prepared from expense records, credit card receipts and statements, and check records.

34.     A true and correct copy of the costs to date in this matter for my firm are attached as **Exhibit A.**

35.     These amounts represent all of my firm's out-of-pocket expenses and are the types of expenses normally charged to fee-paying clients, including filing fees; copying and scanning; postage; computerized factual and legal research charges; mediation fees and travel expenses.

36.     All costs incurred were necessary to the prosecution of this action, would normally have been billed to a client paying for my firm's services on a non-contingency basis, and are reasonable for a case such as this, in which substantial discovery and investigation took place over the 4.2 years since the filing of the Complaint in November 2020.

37.     Plaintiffs' counsel undertook this litigation on a purely contingency basis and has not been compensated for any time or expenses to date.

38.     I reviewed the billing and expenses described above and certify to the Court that these records accurately reflect the work reasonably and necessarily performed, and the expenses reasonably incurred, in connection with the litigation of this matter.

39.     I believe that all of the requested fees and costs are reasonable and were necessarily incurred in pursuit of the Settlement. This Court preliminarily approved the amount of costs requested in this case and authorized the parties to send the Class Notice to the Class. The Class Notice that was mailed to all Class Members explicitly disclosed

**DECLARATION OF ERIK DOS SANTOS**

that up to $275,000.00 in attorney's fees was proposed to be paid to Class Counsel and that up to $300,000 in litigation costs and expenses was proposed to be paid to Class Counsel. As of the date of this declaration, not a single Class Member has objected to these amounts.

     I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

     Executed this 14th day of February 2025 at San Diego, California.


_____
Erik Dos Santos

**DECLARATION OF ERIK DOS SANTOS**

# EXHIBIT A

# Costs: Holden V USD

## 1. Filing Fees

| | |
|---|---|
| OnPoint Analytics, Inc. - Work on case January 2023 | $660.00 |
| OnPoint Analytics, Inc. - Work on case February 2023 | $14,229.00 |
| OnPoint Analytics, Inc. - Work on case March 2023 | $15,432.50 |
| OnPoint Analytics, Inc. - Work on case April 2023 | $29,677.25 |
| OnPoint Analytics, Inc. - Work on case May 2023 | $450.00 |
| OnPoint Analytics, Inc. - Work on case June 2023 | $180.00 |
| OnPoint Analytics, Inc. - Work on case October 2024 | $807.50 |

## 2. Legal Research

| | |
|---|---|
| www.pacer.gov – Pacer search | $1.00 |

## 3. Records

| | |
|---|---|
| www.pacer.gov – Pacer search | $0.20 |
| www.pacer.gov – Pacer search | $0.20 |
| www.pacer.gov – Pacer search | $2.20 |
| www.pacer.gov – Pacer search | $2.20 |

## 4. Subpoena

| | |
|---|---|
| Bosco Legal Services, Inc - Service to USD | $108.95 |

## 5. TPA Costs

| | |
|---|---|
| Simpluris, Inc. - NTC service to USD | $1,500.00 |

## 6. Transcripts & Summaries

| | |
|---|---|
| U.S. Legal Support - Certified transcript Holden | $2,720.80 |
| Barkley Court Reporters, Inc.* - Original transcript Snyder | $771.35 |
| Barkley Court Reporters, Inc.* - Late cancellation fee | $195.00 |
| Barkley Court Reporters, Inc.* - Delivery to Pultz | $695.20 |
| Barkley Court Reporters, Inc.* - Late cancellation fee | $195.00 |
| Barkley Court Reporters, Inc.* - Original transcript Martinez | $1,263.80 |
| Barkley Court Reporters, Inc.* - Original transcript Roig | $2,385.40 |
| Barkley Court Reporters, Inc.* - Original transcript Hoang | $538.50 |

## 7. Travel, Parking, and Mileage                                    $208.00

145 S Spring Street, Suite 400
Los Angeles, California 90012

11520 San Vicente Boulevard
Los Angeles, California 90049

6205 Lusk Boulevard, Suite 200
San Diego, California 92121

650 California Street, Suite 4-137
San Francisco, California 94108

90 Broad Street, Suite 804
New York, New York 10004

3764 Elizabeth Street
Riverside, California 92506

# Shegerian & Associates

Phone: (310) 860-0770  |  Fax: (310) 860-0771  |  shegerianlaw.com

Cheryl Kenner* - Travel for hearings                                      $109.51
Cheryl Kenner* - Travel food

**TOTAL**                                                                **$72,133.56**

145 S Spring Street, Suite 400          11520 San Vicente Boulevard          6205 Lusk Boulevard, Suite 200
Los Angeles, California 90012          Los Angeles, California 90049          San Diego, California 92121

650 California Street, Suite 4-137          90 Broad Street, Suite 804          3764 Elizabeth Street
San Francisco, California 94108          New York, New York 10004          Riverside, California 92506

Shegerian & Associates

Phone: (310) 860-0770  |  Fax: (310) 860-0771  |  shegerianlaw.com

145 S Spring Street, Suite 400
Los Angeles, California 90012

11520 San Vicente Boulevard
Los Angeles, California 90049

6205 Lusk Boulevard, Suite 200
San Diego, California 92121

650 California Street, Suite 4-137
San Francisco, California 94108

90 Broad Street, Suite 804
New York, New York 10004

3764 Elizabeth Street
Riverside, California 92506