1  Yvette Golan, Esq. (admitted *pro hac vice*)
   THE GOLAN FIRM PLLC
2  529 14th St., N.W., Suite 914
3  Washington, DC 20045
   Telelphone: (866) 298-4150 ext. 101
4
5  Attorney for Plaintiff MATTHEW
   SHERIDAN, and on behalf of all others
6  similarly situated
7
   [*Additional counsel next page*]
8
9
10
11      **UNITED STATES DISTRICT COURT
12      SOUTHERN DISTRICT OF CALIFORNIA**

| 13  In re University of San Diego Tuition and Fees COVID-19 Refund Litigation,<br><br>This Document Relates to:<br><br>All Actions | Master File No. 20-cv-01946-LAB-WVG<br><br>**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Case Filed: June 25, 2020<br><br>Trial Date:   Not Set |
|---|---|

1

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

Carney R. Shegerian, Esq., State Bar No. 150461
Anthony Nguyen, Esq., State Bar No. 259154
Erik Dos Santos, Esq., State Bar No. 309998
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone: (310) 860 0770

Jason P. Sultzer, Esq. (*pro hac vice* pending)
Jeremy Francis, Esq. (*pro hac vice* pending)
THE SULTZER LAW GROUP P.C.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: (845) 483-7100

James A. Francis, Esq. (admitted *pro hac vice*)
Lauren KW Brennan, Esq. (admitted *pro hac vice*)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600

Michael A. Tompkins, Esq. (admitted *pro hac vice*)
Anthony Alesandro, Esq. (admitted *pro hac vice*)
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550

*Attorneys for Plaintiffs*

2

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

I, YVETTE GOLAN, declare pursuant under penalty of perjury that the foregoing is true and correct:

1. I am an attorney duly licensed to practice before all of the courts of the District of Columbia, Texas, Illinois, New York, as well as several federal district courts and federal appellate courts. I have been admitted in the Southern District of California *pro hac vice* for this action. I have been practicing law for over twenty years. The following statements are based on my personal knowledge. If called to testify as a witness, I could and would competently testify thereto.

2. I am one of the counsel of record for Plaintiffs in this matter and have personal knowledge of the facts and circumstances of this case. My experience and background was previously summarized to this Court in my declaration in support of Plaintiffs' Motion for Preliminary Approval (Dkt. 228-11), which remains true and correct.

## THE PRESENT LITIGATION

3. In 2020, my firm began investigating USD's policy of retaining full tuition and fees from students despite its move to remote education. In addition to examining USD's publicly available records, I spoke to USD students about their post-pandemic experience with remote education at USD, and their expectations when they first enrolled at USD. On average, each conversation lasted about an hour. I also spoke to over 100 students from other universities who similarly canceled in-person education and moved to remote-only education, discussing both their post-pandemic experience with remote education and their expectations when they enrolled at the schools. Here too, on average, each conversation lasted about an hour.

4. On behalf of other students who paid (directly or indirectly)

3

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

tuition and fees to USD for in-person services and education not provided, we filed the present suit in the Southern District of California on October 1, 2020.

5. Our suit was the first suit filed against USD regarding its decision to keep full payment for tuition and fees though USD canceled in-person instruction and provided only remote education after the COVID-19 pandemic.

6. In this action, I, my staff, the attorneys and staff at Francis & Mailman, Leeds Brown Law, Shegerian & Associates, Inc., and the Sultzer Law Group have worked together, efficiently and diligently, to obtain and review discovery from USD pursuant to pending discovery requests. Together, we have prepared for and taken a total of five depositions of USD's representatives and employees, and have prepared for and defended four depositions of class representatives. We have worked closely with Dr. Gareth Maccartney and his staff in assessing how damages can be calculated on a class-wide basis. Together, we have examined over 8000 documents (over 36,000 pages of discovery, not including large spreadsheets spanning thousands additional pages) from USD, examined thousands of pages of studies and articles cited by USD's proposed experts, and reviewed documents and materials from the Plaintiffs, producing the materials that were responsive to USD's discovery requests.

7. I personally handled or was directly involved in virtually all stages of the present litigation, from pleadings, discovery, class certification, summary judgment, and settlement stages. I was also greatly assisted by my staff.

8. Among other things, I personally performed key tasks that enabled this action to proceed beyond the pleading stage, including leading the pre-suit investigation of the claims and likely defenses, and taking a lead role in

drafting the original Complaint (Dkt. 1), the Amended Complaint (Dkt. 11) following the Court's Order to Show Cause of the Court's jurisdiction (Dkt. 6); the Second Amended Complaint (Dkt. 16) following USD's Motion to Dismiss; the Consolidated Complaint (Dkt. 30) following consolidation of this case with two related actions; and Plaintiffs' Opposition to USD's Motion to Dismiss the Consolidated Complaint (Dkt. 37), as well as the Notice of Supplemental Authority in support (Dkt. 40). Ultimately, the Court denied USD's Motion to Dismiss as to the key breach of contract claim (Dkt. 45).

9. In discovery, I also personally performed a number of key tasks, including briefing and arguing several disputes regarding the Protective Order, gaining a favorable ruling from Magistrate Judge Gallo (Dkt. 59). I also successfully negotiated the ESI Protocol with opposing counsel, drafted discovery requests, and successfully resolved several discovery disputes through both favorable rulings from Magistrate Judge Gallo (*see, e.g.,* Dkts. 70, 80, 89, 104) and through multiple and frequent conferences with USD's counsel (*see, e.g.,* Dkts. 87, 89, 93, 94). Along with the assistance of my staff, I and my firm also reviewed the voluminous discovery produced by USD and provided responses to USD's discovery requests.

10. I also took a lead role in drafting both Plaintiffs' Motion to Certify the Class and Reply in Support (Dkts. 108, 143, 168), along with its sixty-seven exhibits. I took a lead role as well in opposing USD's motion to exclude evidence of the value of remote education (Dkt. 185). I also assisted in drafting both Plaintiffs' Motion for Summary Judgment and Reply in Support (Dkts. 172, 193) and Plaintiffs' Opposition to USD's Motion for Summary Judgment (Dkt. 183).

11. I also took an active role in the settlement discussions,

5

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

including drafting the Early Neutral Evaluation Statement and attending the Early Neutral Evaluation conference, participating in settlement discussions, and revising the settlement agreement and class notices.

12. I have a long working relationship with Francis & Mailman, and I have co-counseled with them since 2012. Through our long-term working relationship, we have developed procedures to ensure excellent legal representation while avoiding duplication of efforts. Our work together in other COVID-19 college tuition and fee litigation further assisted in our efforts in doing the same in this suit. Francis & Mailman and I are co-counseling in *Jones v. Tulane Univ.,* No 2:20-cv-02505 (E.D. La., filed Dec. 21, 2020); *Carstairs v. Rochester Univ.*, No. 6:20-cv-06690-CJS (W.D. N.Y., filed Sept. 10, 2020); *Grant v. Chapman Univ.*, No. 30-2020-01146699-Cu-BC-CXC (Cal. Super. Ct., filed July 7, 2020); *Polley v. Northwestern Univ.*, No. 1:20-cv-04798 (HDL) (D. Ill., filed Oct. 15, 2021); *Rodrigues v. Boston College*, No. 1:20-cv-11662-RWZ (D. Mass., filed Dec. 15, 2020); *Schmidhauser v. Tufts Univ.,* No. 1:20-cv-11940-RWZ (D. Mass., filed May 03, 2021); and *Michel v. Yale University,* No. 3:20-cv-01080 (D. Conn., filed July 29, 2020).

13. I also have a working relationship with Erik Dos Santos, Cheryl Kenner, and Michael Tompkins in other litigation regarding COVID-19 college tuition and fee litigation, which further assists our joint efforts to ensure excellent legal representation while avoiding duplication of efforts. *Grant v. Chapman Univ.*, No. 30-2020-01146699-Cu-BC-CXC (Cal. Super. Ct., filed July 7, 2020) (with Mr. Dos Santos and Ms. Kenner); *Jones v. Tulane Univ,* No 2:20-cv-02505 (E.D. La., filed Dec. 21, 2020) (with Mr. Tompkins); *Polley v. Northwestern Univ.*, No. 1:20-cv-04798 (HDL) (D. Ill., filed Oct. 15, 2021) (with Mr. Tompkins).

14. My co-counsel and I have committed all necessary resources required to zealously prosecute this action and adequately represent the class – including substantial time and significant financial investment, giving each stage of litigation the care and attention it requires.

## TIME INVESTED IN THIS LITIGATION

15. Since this case's inception, the named Plaintiffs, my co-counsel, and I have proceeded with the knowledge that any compensation for the attorneys' work would be in the form of an award of attorneys' fees. For example, Plaintiff Matthew Sheridan paid $6,525 in tuition for the Spring 2020 semester. (*See* Dkt. 30 at ¶ 17.) Even if he recovered 100% of his payment, his recovery is far too low to justify hiring an attorney to pursue litigation of this complexity, whether on an hourly rate or in a contingency fee arrangement.

16. I also took on substantial risk in pursuing this case. At the time of filing the Original Complaint, there was no precedent regarding recovery of tuition and fees for in-person college education during a pandemic. There is even less certainty today, as courts have differed widely as to the legal and factual merit of similar cases.

17. Examining the question of attorneys' fees from the perspective of what "rational class members would have set them at the outset of the case if they had had the opportunity to do so," Brian T. Fitzpatrick, *A Fiduciary Judge's Guide to Awarding Fees in Class Actions*, 89 Fordham L. Rev. 1151, 1152 (2021), an award of $275,000 is very reasonable, especially considering the novelty and complexity of issues presented by this litigation, such as the application (or not) of the educational malpractice bar, the determination of the market value of a hypothetical online program, and the applicability and effect of contractual defenses such as impossibility or illegality.

7

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

18. My co-counsel and I jointly seek an award of $275,000 in attorneys' fees. "The typical benchmark for the percentage-of-recovery approach is 25% . . . ." *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 990 (9th Cir. 2023). The requested $275,000 in attorneys' fees is below what is typical; it represents less than 20% of the Gross Settlement Amount.

19. The reasonableness of our request is further supported by the time we expended in this action, which was heavily litigated for over four years.

20. I and my staff create contemporaneous records of time worked and activities performed in all our litigation matters, including this one.[1] Each time record is kept by the minute. I also personally delegate the more time-consuming discovery review, legal and factual research, and paralegal services to my staff, allowing me to focus my time on the tasks and issues requiring experienced class counsel. A summary of the hours devoted to this litigation is summarized below:

| Name | Position | Hours |
|---|---|---|
| Yvette Golan | Shareholder | 394.1 |
| Katelyn Monostori | Senior Research Clerk, Litigation Assistant | 249.4 |
| Tess Goddard | Research Clerk | 115.5 |
| | **TOTAL** | 759 |

21. I have executed a Joint Prosecution Agreement with my co-counsel in this matter, whereupon we agreed to equally divide both the work

---

[1] Because these records contain work product and disclose the contents of confidential attorney-client communications, they are not submitted here. Should the Court nonetheless wish to review these records, they can be exported and made available for an *in camera* review.

8

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

1. and the recovery, *i.e.,* 20% each.

22. As each of my co-counsel have similarly expended hundreds of hours in this litigation — more than one thousand hours in total attorneys' time alone — an award of $275,000 in attorneys' fees is far less per hour than the market rate.

23. In the District of Columbia, where my office is located, the market rate of attorneys' fees for complex civil litigation is determined by the Laffey Matrix, which is based on the number of years in practice, adjusted for inflation. *See DL v. D.C.*, 924 F.3d 585, 587 (D.C. Cir. 2019) ("For decades, courts in this circuit have relied on some version of what is known as the Laffey matrix."); *Covington v. D.C.*, 57 F.3d 1101, 1109 (D.C. Cir. 1995). Under this matrix, the market rate for an attorney with my level of experience is (over 20 years) is $1,141, and the market rate for a law clerk is $258. This rate is in line with the rates approved by other trial courts in similar class action litigation, especially in a metropolitan area like Washington D.C. Thus, my lodestar greatly exceeds the $275,000 sought in attorneys' fees.

## LITIGATION EXPENSES

24. My firm also seeks the final approval of $58,608.95 in actual and reasonable litigation costs advanced in this litigation.

25. The bulk of this amount ($50,807.50) was for expert witness fees, and the remaining amounts are deposition costs, *Belaire-West* notice costs, and travel costs. A true and correct itemized summary is attached as **Exhibit A**, which was prepared from accounting records my firm maintains in the ordinary courts of business and further verified through receipts and invoices.

26. These costs would normally be reimbursed by fee-paying clients as they are both reasonable and necessary for the effective litigation in

9

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 13, 2025        /s/ Yvette Golan

                                        Yvette Golan, Esq. (admitted *pro hac vice*)
                                        THE GOLAN FIRM PLLC
                                        529 14th St., N.W., Suite 914
                                        Washington, DC 20045
                                        Tel: (866) 298-4150
                                        Fax: (928) 441-8250
                                        ygolan@tgfirm.com

**DECLARATION OF YVETTE GOLAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**

# Exhibit A

# The Golan Firm
#### A Better Kind of Law Firm

*The Golan Firm PLLC Paid Litigation Costs*
*In re University of San Diego Tuition and Fees COVID-19 Refund Litigation*

**Expert Costs**

| | |
|---|---|
| OnPoint Analytics, Inc. - Work on case 2023 | $50,000.00 |
| OnPoint Analytics, Inc. - Work on case 2024 | $807.50 |
| Sawtooth Software - Copies of expert material | $54.00 |

**Depositions and Transcripts**

| | |
|---|---|
| U.S. Legal Support - Deposition of H. Martinez | $4,274.90 |
| U.S. Legal Support - Deposition of E. Chavarria | $1,479.80 |
| District Court, S.D. California - Discovery Conference Transcript | $62.40 |

**Noticing**

| | |
|---|---|
| Simpluris - Belaire West Notice | $1,500.00 |

**Travel**

| | |
|---|---|
| Travel - Deposition of H. Martinez | $343.39 |
| Travel Meals - Deposition of H. Martinez | $86.96 |

**TOTAL**    **$58,608.95**