# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY MARTINEZ, et al.,<br>          Plaintiffs,<br>v.<br>UNIVERSITY OF SAN DIEGO,<br>          Defendant. | Case No.: 3:20-cv-01946-RBM-VET<br><br>**ORDER FOR PLAINTIFFS TO SUBMIT FURTHER EVIDENCE REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |

  Pending before the Court is Plaintiffs Edgar Chavarria, Catherine Holden, and Matthew Sheridan's (collectively, the "Plaintiffs"[1]) Motion for an Award of Attorney's Fees and Reimbursement of Expenses to Class Counsel and Service Awards to the Class Representatives ("Fees Motion"). (Doc. 241.) Plaintiffs seek an award of $275,000 in attorney's fees, $300,000[2] for litigation expenses, and $15,000 in service awards for the

---

[1] Haley Martinez was dismissed as a named plaintiff on April 13, 2023. (Doc. 113.)

[2] Plaintiffs originally requested $276,236.74 in litigation expenses. (Doc. 241 at 2.) However, the total amount was adjusted to $300,000.00 based on co-counsel's additional request for reimbursement of expert fees that he inadvertently failed to include in his first declaration. (Supplemental Declaration of Jason P. Sultzer ("Sultzer Suppl. Decl."), Doc. 242 at ¶¶ 3–4, 7–9.)

Named Plaintiffs. (*Id*. at 2.) Plaintiffs support their Fees Motion with five declarations from Plaintiffs' class counsel—Leeds Brown Law, P.C.; the Sultzer Law Group, P.C.; the Golan Firm PLLC; Shegerian & Associates, Inc.; and Francis Mailman Soumilas, P.C. ("Class Counsel"). Having reviewed the relevant filings, the Court **ORDERS** Plaintiffs to submit additional information regarding the reimbursement of litigation expenses.

## I. DISCUSSION

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Because the relationship between class counsel and class members turns adversarial at the fee-setting stage, district courts assume a fiduciary role that requires close scrutiny of class counsel's requests for fees and expenses from the common fund." *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020).

Attorneys are entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). This amount "should be reasonable and necessary." *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (citation omitted). "In assessing the reasonableness of the reimbursement request, the Court is 'reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question,' and 'the attorney is expected to absorb some of the cost of doing business as an attorney.'" *Id*. at 1177 (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)).

Here, Class Counsel requests an award of $300,000 for reimbursement of expenses, which is the maximum amount allowed under the Settlement Agreement. (*See* Doc. 232 at 13.) Class Counsel maintains that its litigation expenses were reasonably incurred. (Doc. 241 at 19.) Each co-counsel filed a declaration, some accompanied by exhibits, with a general summary of expenses by category. However, as Class Counsel does not provide any additional documentary support for their claim of expenses, the Court is unable to determine whether the expenses requested are reasonable and reimbursable, particularly

the expert fees and travel costs. The Court is concerned with Plaintiffs' request for reimbursement of its expert fees ($261,354.27) and travel costs ($7,024.20).[3]

A.   **Expert Fees**

As Plaintiffs acknowledge, "a large portion of these expenses are attributable to expert witness fees," which constitutes approximately 87% of the total litigation expenses requested. (Doc. 241 at 19.) In their Fees Motion, Plaintiffs summarize that such fees "were essential to presenting a theory of damages for purposes of class certification and summary judgment, as well as identifying and analyzing the size of the class for purposes of negotiating and effectuating the settlement." (*Id.*; *see also* Tompkins Decl. [Doc. 241-2] ¶ 12 (explaining that expert costs were significant because valuation of services was the most complicated aspect of this action).) Plaintiffs' Fees Motion and the declarations of Class Counsel, however, provide only minimal insight into these expenses.

While the record shows that these costs are directly associated with one company, OnPoint Analytics, Inc., Plaintiffs have not provided the Court with sufficient information or documentation to allow for meaningful review of their expert expenses. *See In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005) (denying expert fees where the plaintiffs failed to "disclos[e] the identity, qualifications, contributions or rates of any expert."). For example, Class Counsel does not provide any supporting facts such as the expert's tasks, the amount of time spent per activity, the reasonableness of the time expended, and any applicable rates. *See, e.g.*, *Rodriguez v. Farmers Ins. Co. of Arizona*, No. CV 09-06786 JGB (AJWx), 2014 WL 12544829, at *7 (C.D. Cal. Mar. 13, 2014) (holding expert fees were not recoverable after

---

[3] As Class Counsel broke down its incurred expenses by law firm, these total amounts are based on the Court's calculation. (*See* Francis Decl. [Doc. 241-1] ¶¶ 32–33, Ex. C at 64; Tompkins Decl. [Doc. 241-2] ¶¶ 32, 34; Dos Santos Decl. [Doc. 241-3], Ex. A at 20; Golan Decl. [Doc. 241-4] ¶ 25, Ex. A at 12; Sultzer Suppl. Decl. [Doc. 242] ¶ 5.)

1 counsel was given opportunity to supplement their records and failed to provide evidence that the "experts were crucial or rates were reasonable.").

Based on the materials submitted, the Court is unable to determine the reasonableness of the requested expert fees. *Cf. Mauss v. NuVasive, Inc.*, No. 13-CV-02005-JM-JLB, 2018 WL 6421623, at *7–9 (S.D. Cal. Dec. 6, 2018) (analyzing reimbursement of requested expert costs based on declarations and invoices submitted after requiring supplemental documentation). Accordingly, the Court **ORDERS** Plaintiffs to submit evidence to support the requested reimbursement of these expert fees, such as invoices, timesheets, or bills.

**B.     Travel Costs**

While travel fees are typically reimbursed, Class Counsel does not offer details, or even a general description, as to the nature of their requested travel expenses. *Cf. In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("Here, lead counsel [has] provided the Court with a description of the reasons for the travel expenses). "Reimbursement for travel expenses is within the broad discretion of the [C]ourt." *Mauss*, 2018 WL 6421623, at *9 (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. at 1369). "Travel expenses may be reimbursed if they are 'reasonable and necessary.'" *Id.* (quoting the same).

Here, Class Counsel has not indicated whether such costs were incurred from local or out-of-town travel, whether any airfare was required, or whether airfare was capped at economy rates. *Cf. Mauss*, 2018 WL 6421623, at *9 (approving reimbursement of the plaintiffs' travel costs but denying "miscellaneous" costs, where "the record [did] not indicate what these expenses represent[ed]."). Accordingly, the Court **ORDERS** Plaintiffs to submit evidence to support any requested travel costs.

## II.     CONCLUSION

For the reasons stated above, the Court **ORDERS** Plaintiffs to file supplemental documentation consistent with this Order no later than **March 11, 2025**. This should include the invoices or bills from the expert witness, any necessary documentation and

supporting declarations to address the reasonableness of their expert and travel expenses, and any additional information that would aid the Court's review.

**IT IS SO ORDERED.**

DATE:  March 7, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE