Michael A. Tompkins, Esq.*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
mtompkins@leedsbrownlaw.com

Jason Sultzer, Esq.**
Jeremy Francis, Esq.**
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

Yvette Golan, Esq.*
**THE GOLAN FIRM PLLC**
529 14th St., N.W., Suite 914
Washington, DC 20045
Tel: (866) 298-4150

Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
**SHEGERIAN & ASSOCIATES, INC.**
11520 San Vincente Blvd.
Los Angeles, CA 90049
Tel: (310) 860-0770

James A. Francis*
Lauren KW Brennan, Esq. *
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600

*Admitted Pro Hac Vice
**Pro Hac Vice Pending

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re University of San Diego Tuition and Fees COVID-19 Refund Litigation, <br><br> This document relates to: <br><br> All Actions. | Master File No. 20-CV-1946-RBM-VET <br><br> **SUPPLEMENTAL DECLARATION OF JAMES A. FRANCIS, ESQUIRE IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL** |

**SUPPLEMENTAL DECLARATION OF JAMES A. FRANCIS**

I, James A. Francis, declare as follows:

## INTRODUCTION

1. I am a shareholder and attorney at Francis Mailman Soumilas, P.C. ("FMS") and one of the attorneys representing the Plaintiffs in the above-captioned matter. I submit this declaration pursuant to the Court's March 7, 2025 Order for Plaintiffs to Submit Further Evidence Regarding Plaintiffs' Motion for Attorneys' Fees.

2. Pursuant to ECF 244 and the prior submissions for attorneys' fees, costs, and expenses (ECF 241 *et seq*), this declaration provides additional detail regarding the expert fees incurred by Class Counsel, and further detail concerning the reasonable and necessary travel expenses incurred by my firm in connection with travel in this case.

## EXPERT FEES

3. Class Counsel incurred a total of $264,987.75 in expert fees in connection with this matter, paid to OnPoint Analytics, Inc., the company headed by Plaintiffs' expert Dr. Gareth Macartney. *See* Exhibit 1 hereto (March 7, 2025 summary statement from OnPoint Analytics, Inc. in this matter detailing the previously invoiced amounts, the invoice numbers, the payments received, and credits applied).

4. Class Counsel worked extensively with Dr. Macartney and his staff in connection with his preparation of expert reports bearing on a model for calculation of damages on a class-wide basis, evidence that was essential to class certification, the merits, and to effectuating the settlement here.

5. Dr. Macartney's qualifications and those of OnPoint Analytics, Inc. are detailed in Dr. Macartney's CV which was included in his expert reports in this matter and is attached hereto as Exhibit 2 for ease of the Court's review.

6. As detailed in Exhibit 1 hereto, OnPoint Analytics issued seven invoices to Class Counsel in this matter during the course of this case, billing a total of $307,181.25. Ex. 1.

7. Each invoice provided substantial details concerning the expert services rendered during the time period covered by the invoice, including the hours expended, the timekeeper (including Dr. Macartney and his associates and research analysts), the hourly rate charged, and a detailed description of the work conducted.

8. The detailed descriptions of work conducted shown on the invoices reveal material protected by attorney work product protection and/or Fed. R. Civ. P. 26(b)(4), in the form of the mental impressions of Dr. Macartney and strategy discussions between OnPoint Analytics and Class Counsel. In order to maintain the protection of this material, my office will submit the detailed invoices for *in camera* review.[1] Defendant has confirmed through counsel Zachary Foster, Esq. that Defendant does not object to this *in camera* submission of the detailed invoices.

9. The following Exhibits will therefore be submitted *in camera* only:

Exhibit 3 – February 13, 2023 Invoice # 14696

Exhibit 4 – March 14, 2023 Invoice # 14706

Exhibit 5 – April 10, 2023 Invoice # 14733

Exhibit 6 – June 15, 2023 Invoice # 14746

Exhibit 7 – June 15, 2023 Invoice # 14784

Exhibit 8 – July 18, 2024 Invoice # 14788

Exhibit 9 – November 12, 2024 Invoice # 15109

10. The total amount of these invoices for the entire case reached $307,181.25. However, Class Counsel negotiated a discount of $42,193.50 toward these invoices. *Id*. Therefore, the total amount of expert fees paid to OnPoint Analytics by Class Counsel was $264,987.75.

11. Each firm representing Plaintiffs and the Settlement Class made payments toward this total amount billed, as reflected in Exhibit 1, including columns 5 through 10.

---

[1] Exhibits 3-9 listed below are being sent to chambers in hard copy via overnight FedEx delivery.

12. My firm paid a total of $47,495.50 to OnPoint Analytics.

13. Class Counsel conferred and each firm seeking reimbursement of travel expenses will submit a supplemental declaration only to the extent it is needed to provide further detail concerning travel expenses or if the Court requests additional information.

**TRAVEL**

14. Because FMS is based in Philadelphia, my firm incurred travel expenses in connection with in-person court appearances in this matter, which would typically be billed to paying clients. These travel expenses included airfare (limited to economy fares), hotel, ground transportation (taxi or rideshare), and meal expenses for one attorney to appear at the June 12, 2023 hearing on Plaintiff's Motion for Class Certification, and at the March 3, 2025 final approval hearing.

15. When preparing this more detailed submission, it came to my attention that $2,443.37 of the expenses reflected as travel costs in the books and records of my firm for this case are associated with travel for the hearing on the Parties' Cross-Motions for Summary Judgment (ECF 151, 172) originally set for August 7, 2023, and canceled via minute order on August 2, 2023. ECF 195. Although booking this travel in advance was reasonable and necessary and in fact incurred and paid by counsel, FMS will withdraw this expense for purposes of this motion.

16. Therefore, the total expenses for which FMS is seeking reimbursement in this matter has reduced from $6,385.85 to $3,942.48.

17. A revised version of Exhibit C to my February 14, 2025 Declaration is attached hereto provided further detail concerning these travel expenses.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2025        /s/ James A. Francis
                                  James A. Francis, Esq.